**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| IN RE<br>VITAMIN C ANTITRUST LITIGATION | **MEMORANDUM**<br>**AND ORDER** |
| This document refers to: ALL ACTIONS | MDL 06-1738 (DGT) (JO) |

-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

The defendants in these consolidated actions seek a stay of all discovery pending the resolution of their anticipated motions to dismiss; in the alternative, they disagree with the plaintiffs' approach to pursuing phased discovery. For the reasons set forth below, I deny the defendants' application for a stay and also reject their approach to phased discovery. Specifically, I order the parties to proceed with discovery, notwithstanding the pendency of any dismissal motion, and to do so in phases pursuant to the provisions of a pretrial order that I will issue separately.

I.  Background

This multidistrict litigation consists of six separate class action lawsuits brought against Chinese companies that manufacturer Vitamin C on behalf of individuals and entities in this country who directly and indirectly purchased Vitamin C from the defendant manufacturers. The plaintiffs in these actions all allege that the defendants conspired to eliminate competition, maintain market control, and fix prices in violation of federal and state antitrust laws. By order of the Judicial Panel on Multidistrict Litigation dated February 14, 2006, these actions were consolidated in this district for pretrial purposes. *See* docket entry ("DE") 1-2.[1]

---

[1] All citations to docket entry numbers refer to the master MDL docket.

II.     Discussion

    A.     There Is No Need To Stay All Discovery

The defendants rely primarily on two arguments in support of their application for a stay. First, they contend that discovery would be a waste of the parties' resources in light of the meritorious "state compulsion" theory (together with related theories) that the defendants intend to raise in their anticipated motions to dismiss. Second, they make a series of related arguments predicated on the fact that the defendants in this litigation are from the People's Republic of China ("PRC") – a fact that they argue raises unique challenges to the litigation process. Both arguments are flawed.

The defendants first seek a stay because they believe they will secure a dismissal on the basis of a legal theory, akin to the "act of State" doctrine, that they cannot be held liable for conduct in violation of our antitrust laws because the government of the PRC compelled them to engage in that conduct. I offer no opinion either on the overall merits of that theory or on the more specific assertion that a statement by the Chinese government as to whether it did in fact compel the conduct at issue should be viewed as conclusive. I do note, however, that it already appears that there are likely to be multiple statements that different parties will seek to attribute to agencies of the government of the PRC, and that those statements may not all be consistent – a possibility that would undermine any argument that any one such statement should be dispositive. *Compare* Transcript of Conference dated May 3, 2006 ("Tr.") at 38 (statement by counsel for the Ministry of Commerce of the PRC ("Ministry") that "for essential government reasons of national economic policy, the government of China promulgated lawful regulations that required – that compelled the defendants to engage in the acts complained of in the

2

complaint") *with* DE 17 at 3 & Ex. C (statement on Chinese government agency's web site suggesting that the conduct at issue in this case reflected voluntary compliance with a program of self-regulation). Accordingly, I do not view the merits of the anticipated dismissal motion as a factor that weighs particularly heavily in favor of a stay.

The defendants' contention that I should order a stay because of the unique challenges associated with litigation involving Chinese defendants consists of appeals to both international comity and practicality. Neither is persuasive. Indeed, the comity-based argument has no merit at all: regardless of how interests of comity may affect the disposition of the dismissal motion, it plainly has no bearing on the instant application for a stay of discovery. At the initial conference, I explicitly inquired whether the Ministry – the only agency of the PRC government that has expressed an interest in this litigation – had "a position on this issue of whether discovery should move forward." The Ministry's counsel answered with a flat "No, Your Honor." Tr. at 45.[2] Thus, to the extent that the defendants argue that the pursuit of discovery in this case may foment a dispute with a foreign sovereign, *see* DE 16 at 4-5, it is clear that that sovereign's representative had no such concern, or at least none sufficient to warrant risk of an affront to the sovereignty of the United States inherent in taking the position that discovery should not go forward in this case simply because Chinese companies are among the parties.

The defendants fare little better with their argument that I should order a stay because of the perceived difficulty of discovery in a case involving Chinese defendants. DE 16 at 4. First,

---

[2] I initially raised the question with the Ministry's counsel earlier in the conference. I note that the defendants included in their submission the portion of the colloquy in which I first asked the question, DE 16 Ex. A at 39, but decided not to include the answer by the Ministry's counsel that undermines the instant application for relief.

as a practical matter, if discovery will prove to be difficult because our legal rules and culture are foreign to the defendants, that strikes me as all the more reason to make an early start.

Second, and more important, the defendants' argument on this score seems somewhat overstated. As complex as this litigation may prove to be, it is hardly the first case in which entities from the PRC have found themselves in the position of having to participate in discovery in the United States. Indeed, a review of this court's records easily discloses several recent cases just in this district – which is only one of 94 in this country – in which Chinese corporations have affirmatively chosen to litigate in the federal court system. *See*, *e.g.*, *China Eastern Airlines Corporation v. Evergreen Aviation Ground Logistics Enterprise, Inc.*, CV 02-4649 (RR), Complaint ¶ 1 ("Plaintiff ... is a corporation organized under the laws of the ... PRC"); *China National Automotive Industry Import & Export Corporation, A Chinese Corporation v. Brake Headquarters U.S.A., Inc., et al.*, CV 99-3397 (RR). If counsel in those cases were able to help their Chinese clients navigate the shoals of discovery under the Federal Rules of Civil Procedure, I am confident that the talented attorneys representing the defendants in this case will likewise succeed in overcoming the language and cultural barriers they describe.

B. <u>The Defendants' Proposal For Phased Discovery Includes Unnecessary Delay</u>

The parties appear to agree that in the absence of a stay, the first phase of discovery should be limited to that related to class certification, as opposed to discovery that relates only to the merits of the plaintiffs' claims. While they agree on that basic principle, their proposed schedules diverge in significant ways. The plaintiffs propose that class discovery be followed without interruption by six months of fact discovery concerning the claims. The defendants propose a significantly longer period (12 months) for merits-based fact discovery, and a

significantly later start date – namely, 20 days after a decision on the motion to certify a class. Moreover, the defendants propose yet another form of delay: in the event that the plaintiffs seek discovery of factual issues implicated in the anticipated dismissal motion, the defendants would have me suspend the certification-related discovery until the dismissal-related discovery has been completed.

The defendants appear to predicate their proposal on arguments that are essentially the same as those raised in support of the stay, and I find those arguments equally wanting in this context. Moreover, I see no reason why the parties and their counsel should be unable to conduct two types of discovery at the same time or why, during the period that a class certification motion is under review, they should do nothing at all to prepare for trial on the merits. I will therefore issue a separate order that adopts the approach to discovery reflected in the proposal submitted on behalf of the plaintiffs who seek damages under federal law (the "federal plaintiffs").[3]

III. Conclusion

For the reasons set forth above, I deny in its entirety the defendants' application for a stay of all discovery pending resolution of any dismissal motions, or in the alternative for the entry of

---

[3] The plaintiffs who seek damages under state law (the "State Plaintiffs") have submitted a proposal that is substantially similar but for the date on which discovery commences. At the initial conference on May 3, 2006, their counsel explained that such plaintiffs might need additional time to compete discovery, but did not explain a need for them to wait for six months to start. *See* Tr. at 53. Accordingly, I will enter a single order governing discovery of all claims. If the parties believe that it would be more efficient to have discovery of the State Plaintiffs' claims commence at a later date, I will hear argument on the matter at the next conference. Similarly, I recognize that the defendants may have objections to specific aspects of the Federal Plaintiffs' proposal that they have not yet had occasion to raise in light of their advocacy of an entirely different approach. I will entertain any such objections at the next conference as well.

a scheduling order that differs from the approach proposed by the plaintiffs. I will issue a separate case management and scheduling order.

    **SO ORDERED.**

Dated:  Brooklyn, New York
       June 7, 2006

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge