```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE VITAMIN C                                              MEMORANDUM &
ANTITRUST LITIGATION                                         ORDER
                                                             MD 06-1738 (DGT) (JO)
This document refers to:  CV 05-453 (DGT) (JO)
-----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

By letter dated June 7, 2007, the defendants in this consolidated multidistrict litigation moved to compel plaintiff Animal Science Products, Inc. ("Animal Science") to comply with certain discovery demands related to the currently pending motion for class certification. Docket Entry ("DE") 147. Specifically, the defendants seek to oblige Animal Science to produce information relating to its structure and affairs, its financial situation, and its purchase or sales of Vitamin C. *Id.* & Ex. A. Animal Science opposes these discovery demands as irrelevant to the extent that the defendants seek information about its sales of Vitamin C, because it believes it is not required to prove actual injury to prevail on its claims for injunctive relief against the defendants. DE 151. For the reasons set forth below, I grant the defendants' motion and order Animal Science to produce responsive material no later than July 6, 2007.

The question whether Animal Science must show actual injury or only the threat of such injury to prevail on its antitrust claims is irrelevant to the discovery issue now before me. So long as the discovery requests at issue seek "relevant" information and are "reasonably calculated to lead to the discovery of admissible evidence," the party receiving such requests is generally required to comply in the absence of any claim of privilege or undue burden. Fed. R. Civ. P. 26(b)(1). Animal Science does not purport to resist the discovery requests now before me on either of the latter grounds.

The relevance of the information at issue in the instant dispute cannot be confined to the scope of damages that Animal Science might claim. In the context of the class certification motion, the information is plainly relevant to the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Such information may also be relevant to a variety of other issues likely to arise in this litigation, including the existence or likelihood of irreparable harm that Animal Science will have to establish to secure injunctive relief and possibly the definition of the relevant market that will bear on questions of liability. Moreover, even assuming that Animal Science is correct that it need not prove actual damages to prevail on its claim for injunctive relief under the Clayton Act, that does not mean that the existence (or not) of such actual damages is irrelevant or that evidence on the matter would necessarily be precluded if offered by the defendants. To the contrary, if the defendants obtain the information they seek, and if that information supports their position, they could argue that the absence of any sales-related harm is evidence that a fact-finder can consider in determining whether the conduct at issue created any threat of competitive harm.

For the reasons stated above, I grant the defendants' motion and direct plaintiff Animal Science to conduct a comprehensive search for documents and information responsive to the defendants' discovery requests, and to produce all such documents and other information no later than July 6, 2007, in unredacted and electronic form where appropriate.

**SO ORDERED.**

Dated: Brooklyn, New York
      June 13, 2007

                                              /s/ James Orenstein
                                              JAMES ORENSTEIN
                                              U.S. Magistrate Judge