# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • 7TH FLOOR • NEW YORK, NY 10022 • PH. 212.446.2300 • FAX 212.446.2350

August 20, 2007

**_VIA ECF_**

The Honorable David G. Trager
Unites States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    No. 06-MDL-1738; _In re Vitamin C Antitrust Litigation_; In the United States
District Court for the Eastern District of New York

Dear Judge Trager:

Plaintiffs respectfully submit this letter motion for leave to file a Second Amended Complaint, attached hereto as Exhibit A, pursuant to Federal Rules of Civil Procedure 15(a) and (c).

Plaintiffs make this motion because Magno-Humphries Laboratories, Inc. ("MHL"), a direct purchaser of vitamin C and vitamin C products, has retained Plaintiffs' Counsel and wishes to serve as an additional class representative in this case. _See_ Declaration of Magno-Humphries Laboratories, Inc. in Support of Plaintiffs' Motion for Class Certification, attached hereto as Exhibit B. Since at least 2001, MHL directly purchased vitamin C and vitamin C products from JSPC America, Inc. and Legend Ingredients Group, Inc. _See_ Exh. A at ¶ 9. JSPC America, Inc. and Legend Ingredients Group, Inc. were California corporations and subsidiaries or affiliates of current Defendant Jiangsu Jiangshan Pharmaceutical Co., Ltd. ("Jiangsu Jiangshan") during the class period. _See id._ at ¶¶ 11-13. Thus, in addition to adding MHL to the complaint, based on newly-discovered information, the amended complaint also adds JSPC America, Inc. and Legend Ingredients Group, Inc. as defendants. _See id._ at ¶¶ 12-13.

MHL documents are being prepared for production and MHL will be made available to Defendants for deposition. Accordingly, Plaintiffs believe that the date to file their reply in support of their motion for class certification (October 4th) does not need to be adjusted at this time. After discovery is taken of MHL, Plaintiffs will meet and confer with Defendants concerning whether they wish to file a sur-reply to address any issues specific to MHL.

Prior to the filing of Defendants' opposition to Plaintiffs' Motion for Class Certification, Plaintiffs' Counsel informed Defendants of their intention to amend their complaint to add MHL as a plaintiff and JSPC America, Inc. and Legend Ingredients Group, Inc. as defendants.

Plaintiffs met and conferred with Defendants concerning this motion and Defendants take no position on the motion until they have had the opportunity to consider information concerning MHL.

The Federal Rules direct that leave to amend pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Rule 15(a) is to be heeded. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Second Circuit has held that Rule 15 "reflects two of the most important principles behind the Federal Rules: pleadings are to serve the limited role of providing the opposing party with notice of the claim or defense to be litigated, and 'mere technicalities' should not prevent cases from being decided on the merits." *Monahan v. New York City Dep't of Corrections*, 214 F.3d 275, 283 (2d Cir. 2000) (citations omitted). Thus, "[l]eave to amend should be denied only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." *Rates Tech., Inc. v. Mediatrix Telecom, Inc.*, 2007 U.S. Dist. LEXIS 52781, at *20-21 (E.D.N.Y. Mar. 16, 2007) (citing *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005)).

The proposed amendments to the Second Amended Complaint seek, based on MHL's desire to serve as an additional class representative and plaintiff in this case and newly-discovered information learned in formal and informal discovery, to add two new defendants. Amendments to the complaint to add or drop parties, are a classic function of Rule 15(a). *See Saxholm v. Dynal, Inc.*, 938 F. Supp. 120 (E.D.N.Y. 1996) (granting plaintiff's motion for leave to amend complaint and add a defendant after finding no appreciable delay or prejudice towards defendants); *Bujtas v. Henningsen Foods, Inc.*, 63 F.R.D. 660, 662 (S.D.N.Y. 1974) (adding individual plaintiffs is not prejudicial to defendants since theory of action and proofs remain same, even after firm trial date had been set).

The addition of new parties to an action is also governed by Rule 21, which provides that a party may be added to an action "at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21; *see Randolph-Rand Corporation of New York v. Tidy Handbags, Inc.*, 2001 U.S. Dist. LEXIS 17625, at *7 (S.D.N.Y. Oct. 24, 2001) (permitting addition of new defendants under Rule 21, finding that in such a case where the proposed amendment seeks to add new parties, plaintiffs' motion was properly considered under Rule 21). In determining whether a party may be added under this rule, the Court is guided by "the same standard of liberality afforded to motions to amend pleadings under Rule 15," *Gilliam v. Addicts Rehab. Ctr. Fund*, 2006 U.S. Dist. LEXIS 21377, at *6 (S.D.N.Y. April 20, 2006) (quoting *Soler v. G&Y, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980)), and the Court has discretion to add parties in the pending action under Rule 21. *Id.* Additionally, in class actions, plaintiffs may add or modify class representatives during pre-class certification discovery so long as the claims asserted by the new party "involve the same or related factual and legal questions." *See id.* at *6 (granting Plaintiffs' motion to amend complaint to add new named plaintiffs and class representatives). Thus, the liberality of both Rules 15 and 21 clearly support the addition of MHL as a plaintiff and JSPC America, Inc. and Legend Ingredients Group, Inc. as defendants in this action.

BOIES, SCHILLER & FLEXNER LLP

Here, Plaintiffs have acted with due diligence. After MHL retained Plaintiffs' Counsel, Counsel diligently reviewed MHL documents, engaged in extensive research, and then advised Defendants that they would be filing this motion. MHL plans to produce documents to Defendants promptly based on their discovery requests to other plaintiffs in this action prior to Defendants' service of any formal discovery requests.[1]

Granting Plaintiffs' motion to amend the complaint would not unduly prejudice the Defendants. *See Rates Tech.*, 2007 U.S. Dist. LEXIS 52781, at *7 ("The party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial."). The addition of three parties to this action prior to the completion of class certification briefing and commencement of solely merits discovery will not prejudice the Defendants. No new claims are included in the proposed Second Amended Complaint, just a new claimant and two new defendants that are subsidiaries or affiliates of Defendant Jiangsu Jiangshan. Since Defendants have already stipulated to commonality under Rule 23(a)(2) and agreed that individual issues with respect to the common issues of law and fact will not defeat predominance under Rule 23(b)(3), the impact of these amendments can be easily dealt with through discovery of MHL, Plaintiffs' reply brief, and, if necessary, a sur-reply brief by Defendants.

Also, granting this motion will likely not delay this action. And even if it would, "delay alone [let alone a very brief delay] is seldom reason to deny a motion to amend." *Saxholm*, 938 F. Supp. at 123-24 (granting plaintiffs' motion to amend complaint to add defendant).

For the foregoing reasons, the Court should grant Plaintiffs leave to file the Second Amended Complaint, attached hereto as Exhibit A.

Very truly yours,

William A. Isaacson
*Co-Lead Counsel for Direct Purchaser Plaintiffs*

cc:     Judge Orenstein
        All counsel of record
        JSPC America, Inc. (via overnight delivery)
        Legend Ingredients Group, Inc. (via overnight delivery)

---

[1]     Also, there should be limited delays in the service of the amended complaint on JSPC America, Inc. and Legend Ingredients Group, Inc. because one is a dissolved California corporation which remains subject to service under California law and the other is a current California corporation.