UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE<br>VITAMIN C ANTITRUST LITIGATION<br>--------------------------------------------------------<br>**This Document Relates To:**<br>**ANIMAL SCIENCE PRODUCTS, INC., et al.**<br>                                         **Plaintiffs,**<br>-against-<br>**HEBEI WELCOME PHARMACEUTICAL CO., LTD., et al.**<br>                                         **Defendants.** | MASTER FILE 06-MD-1738<br>(DGT)(JO) |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF
### SUPPLEMENTAL MOTION TO DISMISS SECOND AMENDED COMPLAINT

HELLER EHRMAN LLP
   Stephen V. Bomse (*pro hac vice*)
   333 Bush Street
   San Francisco, California 94104
   Tel: (415) 772-6000
   Fax: (415) 772-6268

   Richard S. Goldstein
   August T. Horvath
   Times Square Tower
   7 Times Square
   New York, New York 10036
   Tel: (212) 832-8300
   Fax: (212) 763-7600

   Jonathan M. Palmer (*pro hac vice*)
   One Exchange Square, 35th Floor
   8 Connaught Place
   Central, Hong Kong
   Tel: +852-2292-2000
   Fax: +852-2292-2200

   *Attorneys for Defendant*
   *Jiangsu Jiangshan Pharmaceutical Co., Ltd.*

October 26, 2007

GREENBERG TRAURIG, LLP
   James I. Serota
   Kenneth Lapatine
   200 Park Avenue
   New York, New York 10036
   Tel: (212) 801-2277
   Fax: (212) 801-6400

   *Attorneys for Defendant*
   *Northeast Pharmaceutical Group Co., Ltd.*

BAKER & McKENZIE LLP
   Charles H. Critchlow
   Darrell Prescott
   Douglas M. Tween
   1114 Avenue of the Americas
   New York, New York 10036
   Tel: (212) 626-4476
   Fax: (212) 626-4120

   *Attorneys for Defendant*
   *Hebei Welcome Pharmaceutical Co., Ltd*

ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP
   Daniel S. Mason
   44 Montgomery Street, Suite 3400
   San Francisco, California 94101
   Tel: (415) 693-0700
   Fax: (415) 693-0770

   *Attorneys for Defendants*
   *Weisheng Pharmaceutical Co., Ltd.,*
   *Shijiazhuang Pharmaceutical (USA) Inc.,*
   *and China Pharmaceutical Group, Ltd.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. i

INTRODUCTION .................................................................................................................. 1

STATEMENT OF FACTS ..................................................................................................... 3

ARGUMENT .......................................................................................................................... 4

# TABLE OF AUTHORITIES

**Page**

## State Cases

*Associated General Contractors of CA, Inc. v. CA State Council of Carpenters,*
    459 U.S. 519 (1983) .................................................................................................. 6

*Bell Atl. Corp. v. Twombly,*
    127 S. Ct. 1955 (2007) ...................................................................................... 2, 4, 5

*George Haug Co. v. Rolls Royce Motor Cars, Inc.,*
    148 F.3d 136, (2d Cir. 1998) ..................................................................................... 6

*In re Elevator Antitrust Litigation,*
    No. 06 Civ. 3128, 2007 WL 2471805 (2d Cir. Sept. 4, 2007) .............................. 2, 5

*RSM Production Corp. v. Petroleos De Venezuela Societa Anonima,*
    338 F. Supp. 2d 1208 (D. Colo. 2004) ...................................................................... 6

Defendants Jiangsu Jiangshan Pharmaceutical Co., Ltd., Northeast Pharmaceutical Group Co., Ltd., Hebei Welcome Pharmaceutical Co., Ltd., China Pharmaceutical Group Ltd., and Weisheng Pharmaceutical Co., Ltd. (collectively, the "Defendants"), respectfully submit this memorandum of law in support of their supplemental motion to dismiss the Second Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

In the cases that have been consolidated for pretrial purposes in this matter, plaintiffs purporting to represent both direct and indirect purchasers of vitamin C (collectively, the "Plaintiffs") have sued several Chinese vitamin C manufacturers for allegedly conspiring in China to fix the prices and/or output of vitamin C to be exported to the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, and state antitrust laws, from December 2001 to the present. Motions to dismiss those cases presently are under submission.[1]

Plaintiffs have now been permitted to file a Second Amended Complaint ("SAC"), which adds a new purported direct purchaser damages class representative, Magno-Humphries Laboratories, Inc. ("Magno-Humphries"). However, Magno-Humphries never actually purchased vitamin C from any of the original Chinese manufacturer-defendants. Therefore, Plaintiffs' recent complaint adds two new companies, JSPC America, Inc. ("JSPCA") and Legend Ingredients, Group, Inc. ("Legend"), as defendants. The problem, however, is that Plaintiffs have not alleged *a single fact* that connects JSPCA or Legend, both of which are U.S.-based vitamin C resellers (not Chinese vitamin C manufacturers), to the horizontal conspiracy they have pled.

Other than adding the new plaintiff and defendants, the factual allegations in the SAC are unchanged from the First Amended Complaint. But, because JSPCA and Legend are U.S.-based

---

[1] In light of the pendency of those previously submitted motions, Defendants submit the present motion as a "supplemental" motion to dismiss as contemplated in Pretrial Order 4. The other motions remain pending. (D.E. 63, 66.)

1

resellers and not Chinese manufacturers of vitamin C, these same factual allegations are now said to support quite a different conspiracy. Plaintiffs now allege that, instead of a horizontal conspiracy among four vitamin C manufacturers located in China, there was a conspiracy that included two companies located in the U.S. that resell, but do not manufacture, vitamin C. As Dostoyevsky said, "that changes everything."

Specifically, Plaintiffs' attempt to alter the nature of the supposed conspiracy to include the two new defendants renders the SAC legally inadequate under the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), and the even more recent decision of the Court of Appeals for the Second Circuit, applying *Twombly*, *In re Elevator Antitrust Litigation*, 2007 WL 2471805 (2d Cir. Sept. 4, 2007). The reason is that Plaintiffs offer no *facts* which suggest that either JSPCA or Legend was involved in the conspiracy they have alleged in both the prior versions of the direct purchaser complaint as well as in the SAC. To the contrary, the only facts alleged in the SAC regarding the two new defendants are that they are subsidiaries or affiliates of a Chinese manufacturer of vitamin C and that they sold vitamin C or vitamin C products to the newly-named plaintiff. (SAC ¶¶ 9, 11-13.) Neither of those alleged facts suggests that JSPCA or Legend participated in a conspiracy with the Chinese manufacturers to raise the price of vitamin C exported from China to the United States. In fact, such a claim, in *Twombly's* words, is not "plausible." *See* 127 S. Ct. at 1974. While Plaintiffs' zeal to find a direct purchaser class representative other than the ill-starred Ranis Company ("Ranis") is understandable given the facts that have emerged about Ranis and its assignor during the class certification process,[2] that does not allow Plaintiffs to ignore settled law requiring them to allege

---

[2] While counsel's motives for adding a proposed new representative do not bear upon the adequacy of the SAC, it seems clear that the facts which have emerged about Ranis and its commonly owned assignor understandably have persuaded Plaintiffs that Ranis cannot reasonably be allowed as a class representative. For example, Fred Gordon, who is the president of Ranis's assignor, acknowledged that his company: (i) used highly questionable business tactics to obtain what it called "inside pricing information" from employees or former employees of Defendants; (ii) has not participated in the market for vitamin C in several years; and (iii) had economic interests that were aligned with those of Defendants, not other Vitamin C purchasers. *See Defendants' Memorandum Of Law In Opposition To*
*(Footnote Continued)*

2

*facts* sufficient to support an antitrust violation. Having failed to meet this requirement, the SAC should be dismissed.

### STATEMENT OF FACTS

The SAC (like its predecessors) alleges that four vitamin C manufacturers in China conspired to fix the price of vitamin C exported to the United States. In particular, Plaintiffs allege that, beginning in 2001, executives from several of the Chinese manufacturers held meetings in China under the auspices of the vitamin C sub-committee of the Western Medicine Department of the Association of Importers and Exporters of Medicines and Health Products of China (the "Association") to discuss limiting the supply of vitamin C for export and fixing prices. (SAC ¶ 54.) Thus, for example, Plaintiffs say that in December 2001, the four China-based manufacturer-Defendants, with the assistance of the Association, "agreed to restrict their exports of vitamin C in order to create a shortage of supply in the international market," which would, in turn, "'safeguard prices.'" (SAC ¶ 49.) The SAC goes on to describe other meetings of the Association in China, alleging additional discussions to raise the price and/or limit the production and export of vitamin C. (SAC ¶¶ 60, 61, 63.) According to the SAC, these allegations describe "the existence and duration of *horizontal agreements*. . . to fix, maintain, or stabilize prices of, and contract exports for vitamin C." (SAC ¶ 30(b) (emphasis added).)

Nowhere in any of these allegations do Plaintiffs claim (or offer any facts to suggest) that either of the two new U.S.-based defendants, JSPCA or Legend, participated in, ratified, or even knew of these meetings in China, let alone that they agreed to enter into the conspiracy that has been alleged – in essentially unchanged language – since the initial antitrust complaint in these cases was filed in early 2005. That is scarcely surprising, because neither of the new defendants is either located in China or a vitamin C manufacturer. They are (or were, in the case of JSPCA)

---

*The Motion Of The Ranis Company For Class Certification*, dated Aug. 2, 2007, at 7-18, attached as Exhibit 1 to Declaration of Richard S. Goldstein in Support of Defendants' Supplemental Motion to Dismiss.

3

small California companies that bought vitamin C from one of the Chinese manufacturers in order to resell it to others. In fact, the only specific allegation about the new defendants that appears in SAC (other than that they sold vitamin C to Magno-Humphries) is that they supposedly are subsidiaries or affiliates of one of the Chinese manufacturers, Jiangsu Jiangshan. (SAC ¶¶ 11-13.)

## ARGUMENT

The SAC fails as a matter of law to support a claim for a price-fixing conspiracy involving JSPCA and Legend. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1965. To state a Section 1 claim, the Supreme Court held, "requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made." *Id.*

The prior complaints alleged a conspiracy in China among four Chinese manufacturers of vitamin C. That, however, is no longer the conspiracy that the direct purchaser Plaintiffs allege. Plaintiffs *now* claim that the unlawful conspiracy included not only the original Chinese vitamin C manufacturers, but also the two new U.S.-based distributor-Defendants. As we have said, the problem with that revised claim – and the different conspiracy it alleges – is that the SAC is devoid of *any* factual allegations that support a conspiracy involving JSPCA and Legend.

In an attempt to circumvent the obvious lack of facts related to these two new defendants, plaintiffs make generic use of the nouns "defendants" and "co-conspirators" in describing the participants at the meetings where the agreements allegedly were reached.[3] (*See, e.g.*, SAC ¶

---

[3] To the extent that Plaintiffs will argue that JSPCA and Legend are implicitly included every time the phrase "defendant" is used, the SAC belies such an argument. For example, the SAC states that "Defendants are manufacturers of raw vitamins for bulk sales to customers." (SAC ¶ 34.) Similarly, the SAC states that "Defendants have a competitive advantage because they have manufacturing costs of $2.30/kg or less." (SAC ¶ 37.) Yet, JSPCA and Legend are not manufacturers of raw vitamins and, indeed, the SAC acknowledges this fact by later defining the term "defendant manufacturers," which excludes JSPCA and Legend. (SAC ¶ 46.)

4

52.) The Second Circuit, however, has held that allegations in such general terms are not sufficient to plead a conspiracy. *See In re Elevator Antitrust Litig.*, 2007 WL 2471805 at *2 (rejecting a complaint's conclusory allegations of agreement because the complaint listed the conspiratorial activities in general terms with no specifics of "any particular activities by any particular defendant"); *see also Twombly*, 127 S. Ct. at 1971 n. 10 (dismissing the complaint, the Court noted that "the pleading mentioned no specific time, place, or person involved in the alleged conspiracies"). In addition, while the omission of essential factual allegations is sufficient reason to require dismissal under *Twombly* and *Elevator*, the allegations that Plaintiffs *do* make point inexorably to the conclusion that the two new defendants were *not* involved in the supposedly unlawful agreement. Thus, the SAC *does* allege that chief executives of various Chinese manufacturer-Defendants attended the meetings referred to in the complaint. (*See* SAC ¶ 54.) Plaintiffs make no similar allegations as to JSPCA or Legend.

Moreover, based on the description of the agreements supposedly reached at the Association meetings in China, it is implausible that JSPCA and Legend participated in the alleged conspiracy. To allege a conspiracy, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. The SAC specifically states that it is describing a horizontal conspiracy. (*See* SAC ¶22.) Repeatedly, it explains that the conspiracy involved restrictions on the production of vitamin C in and exports of vitamin C from China to the United States. (SAC ¶¶ 49, 50, 53, 54, 60, 61, 63.) Because neither JSPCA nor Legend ever manufactured vitamin C or was located in China, it is not "plausible" for them to have participated in a conspiracy to limit production in or limit exports from China. With no facts to suggest a horizontal relationship between the Chinese manufacturers and JSPCA or Legend, and with no allegations of a vertical conspiracy, it simply is not plausible that either of the new U.S.-based defendants participated in the horizontal conspiracy alleged in the SAC.

Plaintiffs, thus, are left with the bare allegations that the two new defendants are subsidiaries or affiliates of defendant Jiangsu Jiangshan. Those allegations, even if true, do nothing to remedy the deficiencies in the SAC because the mere fact that there is a corporate

5

relationship between a parent and its subsidiary does not, without more, render that subsidiary liable for every act taken by its parent. *See RSM Production Corp. v. Petroleos De Venezuela Societa Anonima*, 338 F. Supp. 2d 1208 (D. Colo. 2004) (holding, in case alleging violations of Sherman Act § 2, that pleading "CITGO is a wholly owned subsidiary of PDVSA, without more, does not subject CITGO to liability on any basis"). Any other result would be illogical. By way of example, if one of the Chinese manufacturer-Defendants in this case had a subsidiary whose only business was to distribute automobile parts, it would defy common sense to say that solely by virtue of its corporate relationship to the alleged participant in the conspiracy to fix the price or limit the output of vitamin C, the subsidiary that distributes automobile parts is deemed a conspirator. The theory simply does not work.

Given Plaintiffs' total failure to plead any facts suggesting that either JSPCA or Legend conspired with the four Chinese manufacturers, the two new defendants must be dismissed. However, that is not all that is required. Rather, the SAC, as a whole, must be dismissed. While the allegations of conspiracy remain unchanged in the SAC, the nature of the conspiracy that Plaintiffs now allege is materially different. Plaintiffs no longer claim that those facts support the existence of a conspiracy among the originally-named Chinese vitamin C manufacturers, but contend, instead, that there is a conspiracy that also encompasses JSPCA and Legend, parties who are neither vitamin C manufacturers nor Chinese. That *new* conspiracy – the only one plead in the SAC – is not factually supported for the reasons explained above. That being so, the SAC must be dismissed in its entirety. *Associated General Contractors of CA, Inc. v. CA State Council of Carpenters*, 459 U.S. 519, 526 (1983) ("It is not proper, however, to assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated the antitrust laws in ways that have not been alleged."); *also see George Haug Co. v. Rolls Royce Motor Cars, Inc.*, 148 F.3d 136, 139 (2d Cir. 1998).

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Second Amended Complaint be DISMISSED under Fed. R. Civ. P. 12(b)(6).

DATED: October 26, 2007
         New York, New York

         Respectfully submitted,

         HELLER EHRMAN LLP

         By: *[signature]*

         Richard S. Goldstein (RG 9560)
         August T. Horvath (AH 8776)
         Times Square Tower
         7 Times Square
         New York, NY  10036
         Tel:  (212) 832-8300
         Fax:  (212) 763-7600

         Stephen V. Bomse (SB 6594) (*pro hac vice*)
         333 Bush Street
         San Francisco, California 94104
         Tel:  (415) 772-6000
         Fax:  (415) 772-6268

         Jonathan M. Palmer *(pro hac vice)*
         One Exchange Square, 35th Floor
         8 Connaught Place
         Central, Hong Kong
         Tel: +852-2292-2000
         Fax: +852-2292-2200

         *Attorneys for Defendant*
         *Jiangsu Jiangshan Pharmaceutical Co., Ltd.*

GREENBERG TRAURIG, LLP
   James I. Serota
   Kenneth Lapatine
   200 Park Avenue
   New York, New York  10036
   Tel: (212) 801-2277
   Fax: (212) 801-6400

   *Attorneys for Defendant*
   *Northeast Pharmaceutical Group Co., Ltd.*

BAKER & McKENZIE LLP
   Charles H. Critchlow
   Darrell Prescott
   Douglas M. Tween
   1114 Avenue of the Americas
   New York, New York  10036
   Tel:  (212) 626-4476
   Fax:  (212) 626-4120

   *Attorneys for Defendant*
   *Hebei Welcome Pharmaceutical Co., Ltd.*

ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP
   Daniel S. Mason
   44 Montgomery Street, Suite 3400
   San Francisco, California  94101
   Tel:  (415) 693-0700
   Fax: (415) 693-0770

   *Attorneys for Defendants*
   *Weisheng Pharmaceutical Co., Ltd.,*
   *Shijiazhuang Pharmaceutical (USA) Inc.,*
   *and China Pharmaceutical Group, Ltd.*