UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE
VITAMIN C ANTITRUST LITIGATION                             **PRETRIAL ORDER 6**

This document refers to: ALL ACTIONS                        MDL 06-1738 (DGT) (JO)
-----------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

I.  **DEADLINES AND COURT APPEARANCES**

| | |
|---|---|
| Status Conference: | April 1, 2008, at 2:00 p.m. |
| Merits fact discovery completed by: | September 15, 2008 |
| Expert discovery, including depositions, to be completed by: | March 28, 2009 |
| Pretrial Conference: | April 10, 2009, at 9:30 a.m. |
| Dispositive motion process started by: | May 1, 2009 |
| Joint pretrial order due by: | May 15, 2009 |

The timing provisions of the Stipulation and Order of December 20, 2006, DE 116, remain in effect.

II. **DISCOVERY IN GENERAL**

    A.  **No stays of discovery absent an explicit court order.**

        1.  In General.  Discovery is not automatically stayed by the pendency of a dispositive motion, settlement discussions between the parties, a referral to mediation, or an agreement among the parties to suspend discovery.  Any application for a stay of discovery must show good cause why such relief should be granted.

        2.  Merits Discovery.  Pursuant to an earlier order, merits discovery commenced on August 30, 2007.  Pursuant to an oral ruling made earlier today, such discovery is stayed until December 14, 2007, with the exception that the defendants must timely respond to merits discovery requests that were already pending as of today's date.

    B.  **Written discovery.**  Unless otherwise agreed to by the parties or so ordered by the court, responses to any request for written discovery pursuant to Rules 33, 34, and 36 of the

Federal Rules of Civil Procedure is due no later than 30 days after service of the request. All such requests and responses must conform to Local Civil Rules 26.3 (uniform definitions in discovery requests), 26.5 (cooperation among counsel in discovery), 26.6 (attorney review of form discovery requests), and 26.7 (discovery requests to be read reasonably).

      C.      **Depositions.**  Pursuant to Local Civil Rule 26.5, counsel are expected to cooperate with each other, consistent with the legitimate interests of their clients, in scheduling depositions.

          1.      If counsel cannot agree on a schedule for a given deposition, the deponent must appear at the date, time, and place set forth in a notice properly served pursuant to Fed. R. Civ. P. 30 unless excused by the party that served the notice or by the court.

          2.      Counsel are obligated to attempt in good faith to resolve any dispute that arises during a deposition before seeking judicial intervention.

      D.      **Expert discovery.**  Unless specific deadlines for expert discovery are set forth above, the deadline for completing all discovery includes the production of all expert reports, including any rebuttal reports.  The parties must ensure that they have completed underlying fact discovery, and that they have produced initial expert reports, in sufficient time for any rebuttal reports to have been served by the deadline.  Unless otherwise ordered, or unless the parties agree to proceed otherwise, expert depositions may take place at any time before trial.

      E.      **Discovery disputes.**  Parties are obligated to attempt in good faith to resolve discovery disputes before seeking judicial intervention. Any unresolved dispute must be brought to my attention in sufficient time for the dispute to be resolved and discovery to be completed according to the deadlines set forth above. Motions to resolve discovery disputes shall be litigated in accordance with my Individual Practice Rules and Local Civil rules 37.3 and 6.4. Failure to submit a timely opposition in compliance with applicable rules may result in the motion being granted as unopposed.

**III.**      **REQUIREMENT FOR COURT CONFERENCES**

      A.      **Status conference.** No later than two business days before the conference, the parties are directed to ***jointly* file a letter on ECF** reporting on the status of the case, the nature of pending disputes (if any), and whether discovery is proceeding on schedule. If there are no pending disputes requiring court intervention, I will entertain a joint application to adjourn or cancel the conference. If the parties agree to discuss settlement at the status conference, the parties should also submit *ex parte* statements of settlement position as described in the next paragraph.

B.  **Pretrial conference.**  No later than two business days before the conference, each party must submit **an *ex parte* statement of its settlement position by fax (NOT ECF)** specifying the terms on which the party is willing to settle the case, whether those terms are negotiable, and an explanation of that position. These statements will be treated as confidential, and will not be docketed. Meaningful settlement discussions will occur at this conference; clients or other persons with full settlement authority must be present or immediately available by telephone.

C.  **Additional requirements for all conferences.**

1.  All conferences will be in person unless otherwise ordered. Any request to conduct a conference by telephone must be made at least 48 hours before the scheduled start of the conference.

2.  All conferences will start on time. Any attorney who does not arrive on time may be directed to obtain a transcript of the proceeding and provide it to the represented party to avoid prejudice to that party arising from proceedings conducted in its absence.

3.  Counsel for each party must be fully familiar with the case and prepared to discuss the status of discovery, the party's current settlement position, and any unresolved issue in the case. A party's counsel of record may send substitute counsel only if the latter is fully prepared to discuss all of the matters described above.

4.  If a conference cannot proceed due to counsel's failure to appear on time or unpreparedness to discuss the case, I will reschedule the conference and consider an order requiring the attorney responsible for the delay to reimburse the other participants' costs, including reasonable attorneys' fees.

## IV. POST-DISCOVERY MATTERS

A. **Dispositive Motions Deadline.** The deadline for commencing dispositive motions is the date by which the **first** action must be taken to commence such a motion pursuant to the individual practices of the district judge to whom this case is assigned. As specified in the individual practice rules of the assigned district judge, that action will be either (a) submitting a letter requesting a pre-motion conference, (b) requesting an oral argument date from the district judge, (c) initiating the exchange of statements pursuant to Local Civil Rule 56.1, or (d) filing the notice of motion together with supporting papers. Each judge's individual rules can be found at www.nyed.uscourts.gov.

B. **Joint Pretrial Order Deadline.** The deadline for submitting a joint pretrial order is the date by which the parties must file a single document that reflects input from all parties and that fully complies with the individual practice requirements of the district judge to whom the case is assigned (not my individual practice requirements, unless the parties have unanimously agreed to refer the case to a magistrate judge for all purposes including the entry of judgment pursuant to 28 U.S.C. § 636(c)). If one party has completed its portion of the proposed pretrial order but cannot obtain input from an adversary, it must alert me to the problem before the deadline.

## V. EXTENSIONS OF DEADLINES

A. **The deadlines in this order will be enforced, and will be modified only upon a timely showing of good cause.** Failure to comply with a deadline may result in the imposition of appropriate sanctions pursuant to Rules 16 and 37 of the Federal Rules of Civil Procedure, including a recommendation of dispositive relief (dismissal for failure to prosecute or the striking of an answer and entry of default).

B. While the parties are encouraged to cooperate with each other in conducting discovery, they must not agree among themselves to any extensions or suspensions of discovery that will render them unable to meet any deadline set forth above; and such agreement requires court approval. Similarly, an agreement among the parties to discuss settlement will not excuse failure to comply with any deadline set forth above. Parties wishing to suspend discovery or adjourn a deadline to promote settlement discussions must seek permission from the court.

C. A request for an extension of any deadline submitted less than 30 days before that deadline will be considered untimely and will not be granted, absent extraordinary circumstances.

D. A request for modification of any deadline in this scheduling order must be in writing, and submitted in accordance with Rule II.A of my individual practice rules.

E. The fact that a party intends to seek summary judgment, standing alone, will not

be considered good cause to alter or suspend the deadline for filing a joint pretrial order (if one is required pursuant to the individual rules of the assigned district judge) or to postpone a discussion of settlement at the pretrial conference.

VI.  **ELECTRONIC FILING AND CONTACT INFORMATION:**

    A.  **Mandatory electronic filing.** Pursuant to Administrative Order 2004-08, **all documents must be submitted electronically.** Except as set forth in my Individual Practice Rules or in an order, any document submitted to chambers by mail or fax will be discarded.

    B.  **Attorney appearance and registration.** The attorney with primary responsibility for representation of each party must, as soon as possible and in no event later than the attorney's first appearance in court:

        1.  file a Notice of Appearance on behalf of <u>each</u> represented party; and

        2.  register to receive electronic notification of every filing in the case via the court's ECF docketing system.

    C.  **Current contact information.** The attorney representing each party is under a continuing obligation to keep the court apprised of any changes in contact information – including mailing addresses, email addresses, and daytime telephone numbers – by filing the appropriate Notice on ECF.

    D.  **Redaction or deletion of personal data identifiers.** All public filings on the electronic docket must omit or redact personal data identifiers, as set forth in Administrative Order 2004-09, a copy of which is available on the court's web site. Where an otherwise public document must include such information, the filing party must file a redacted version on the public docket and an unredacted version under seal.

    **SO ORDERED:**

Dated: Brooklyn, New York
       March 10, 2008

                                     /s/ James Orenstein
                                     JAMES ORENSTEIN
                                     United States Magistrate Judge