

ORRICK

August 17, 2009

Richard S. Goldstein
(212) 506-5325
rgoldstein@orrick.com

*VIA ECF & FACSIMILE*

The Honorable David G. Trager
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   In re Vitamin C Antitrust Litigation
      (06-MD-1738 (DGT) (JO))

Dear Judge Trager:

Pursuant to Section IV of the Court's Individual Motion Practices, defendants Jiangsu Jiangshan Pharmaceutical Co., Ltd.; Northeast Pharmaceutical Group Co., Ltd.; Hebei Welcome Pharmaceutical Co., Ltd.; and Shijiazhuang Pharma. Weisheng Pharmaceutical (Shijiazhuang) Co., Ltd. (collectively, "Defendants") respectfully request permission to submit a joint memorandum of law in support of their motion for summary judgment that is no greater than 60 pages in length.

Plaintiffs have consented to Defendants' request. In accordance with the schedule, Defendants will serve their motion papers by August 31, 2009.

Defendants request the additional pages because of the complex nature of the case and the need to provide significant information developed during merits and expert discovery responsive to the questions that the Court raised in ruling on Defendants' earlier motion to dismiss under Rule 12. Defendants intend to move for summary judgment on three separate but related grounds: (i) the defense of foreign sovereign compulsion; (ii) the act of state doctrine; and (iii) the doctrine of international comity. Each of these grounds for summary judgment requires Defendants to provide the Court with sufficient background concerning the evolution of China's economic system, and a thorough explanation of the laws and regulations that govern the vitamin C industry in China. In order to make these laws and regulations as clear as possible, Defendants intend to present a detailed narrative which, we hope, will function as a road map that will be of assistance to the Court.

In addition to the joint summary judgment motion, as we also informed Plaintiffs' counsel, defendant JSPC America, Inc. intends to make a separate motion because it is a dissolved U.S. distributor of vitamins products, and not a Chinese manufacturer of vitamin C. Defendant Northeast Pharmaceutical Group Co., Ltd. intends to make a separate motion based on



ORRICK

The Honorable David G. Trager
August 17, 2009
Page 2

its unique status as an injunctive-relief only defendant in this case. The moving briefs for those motions will be well within the standard page allotment set forth in the Court's Individual Motion Practices.

Respectfully submitted,

Richard S. Goldstein

cc: Plaintiffs' Liaison Counsel (via email)

OHS East:160590481