UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

IN RE
VITAMIN C ANTITRUST LITIGATION

MASTER FILE 1:06-MD-1738
(DGT)(JO)

This Document Relates To:

------------------------------------------------------------x
ANIMAL SCIENCE PRODUCTS, INC., *et al.,*

Case No. 1:05-CV-00453(DGT)(JO)

                Plaintiffs,

                vs.

HEBEI WELCOME PHARMACEUTICAL
CO., LTD., *et al.,*

                Defendants.
------------------------------------------------------------x

**NORTHEAST PHARMACEUTICAL GROUP CO., LTD.'S REPLY IN
SUPPORT OF OBJECTION TO JUDGE ORENSTEIN'S
JANUARY 20, 2011 MEMORANDUM AND ORDER**

GREENBERG TRAURIG, LLP
*Attorneys for Defendant Northeast
   Pharmaceutical Group Co., Ltd.*
The MetLife Building
200 Park Avenue
New York, NY 10166
Tel:  (212) 801-9200

I.   **NEPG CONTINUES TO ASSERT THE COMMON LAW PROTECTIONS OF THE WORK PRODUCT DOCTRINE, IN ADDITION TO FEDERAL WORK PRODUCT CLAIMS UNDER FED. R. CIV. P. 26(b)(3), TO THE DOCUMENTS AT ISSUE IN THIS OBJECTION.**

Plaintiffs' Opposition to Defendant Northeast Pharmaceutical Group Co., Ltd.'s ("NEPG") Objection to Judge Orenstein's January 20, 2011 Memorandum and Order ("Pl. Opp.") contends that comments by the Ministry of Commerce of the People's Republic of China ("PRC") on its draft amicus brief sent to its outside counsel in this litigation, Sidley Austin, as well as NEPG,[1] are not work product because they were not prepared "by or for a party or its representative." Pl. Opp. at 2. Contrary to Plaintiffs' assertions, Pl. Opp. at 3 n.2, both in its Objection and its briefing in the underlying Motion to Compel, NEPG has cited and relied upon *Hickman v. Taylor*, 329 U.S. 495 (1947) ("*Hickman*") and its progeny in support of NEPG's work product claims for the documents at issue in the Motion to Compel, in addition to its claims of work product under Fed. R. Civ. P. 26(b)(3). *See* Objection at 2, 6 (D.E. 427). *See also* NEPG's Letter Opposition to Motion to Compel, dated August 26, 2008 at p. 1 (D.E. 321).[2]

The *Hickman* view of work product protection has been interpreted more broadly than Rule 26(b)(3) to protect communications of nonparties in certain circumstances. In fact, this Court recently observed that "several courts have extended work-product protection to non-parties when that vindicated the purposes underlying the doctrine." *See Jean v. City of New York*, No. CV-09-801(RJD)(VVP), 2010 WL 148420, *2 (E.D.N.Y. Jan. 12, 2010) (Pohorelsky, M.J.) ("*Jean*"). In *Jean*, for instance, this Court further recognized the importance of protecting "core" work product, which includes the mental impressions, conclusions, opinions or legal

---

[1] *See* Document No. 3 and 4, submitted *ex parte* for *in camera* review as Exhibits 2 and 3 to the Appendix to NEPG's Objection (D.E. 426).

[2] A copy of the Letter Opposition, without exhibits, is attached as Exhibit A to the Reply Declaration of Philip H. Cohen.

theories of an attorney" and the proper extension of "core" work product protections to non-parties in appropriate circumstances.  *Id*. at *2 (citing *Abdell v. City of New York*, No. 05 Civ. 8453, 2006 WL 2664313, at *6 (S.D.N.Y. Sept. 14, 2006)); *see also In re Grand Jury Proceedings*, 219 F.3d 175, 190-91 (2d Cir. 2000) (quoting *United States v. Adlman*, 134 F.3d 1194, 1204 (2d Civ. 1998) (opinion work product "is to be protected unless a highly persuasive showing [of need] is made")).

Plaintiffs simply have no need -- and have not preferred any need -- for the documents, and there can be no real evidentiary value in communications reflecting Defendants' litigation strategies.  As detailed in NEPG's Objection, there is a public policy to permit parties to share confidential legal strategies with others whose interests are aligned with the parties in the litigation.  Objection at 8-9.

The Government of the PRC has participated in this case as an amicus because the U.S. State Department prefers that a foreign government wishing to state its views do so through an amicus brief, not because the PRC is a disinterested neutral party.  Contrary to Plaintiffs' contention, Pl. Opp. at 3-4, an amicus need not be wholly disinterested in the outcome of the litigation.  *See, e.g., Concerned Area Residents for the Env't v. Southview Farm*, 834 F. Supp. 1410, 1413 (W.D.N.Y. 1993).  The PRC plays a unique role in this proceeding -- an amicus with a direct and common interest in pending litigation in which it is actively engaged, subject to a Joint Defense Agreement with the Defendants.

**CONCLUSION**

For the reasons and based upon the authorities set forth herein, and in NEPG's Objection, the Court should modify and set aside the portion of the Order that found that eight documents were not protected from discovery and further find that they are properly subject to claims of work product protection that have not been waived.

Dated:  New York, New York  
        February 10, 2011

Respectfully Submitted,

GREENBERG TRAURIG, LLP

  /s/ Philip H. Cohen  
James I. Serota, Esq. (JS-6802)  
Philip H. Cohen (PC-5171)  
The MetLife Building  
200 Park Avenue  
New York, NY 10166  
Tel:  (212) 801-9200  
Fax:  (212) 801-6400  

*Attorneys for Defendant Northeast Pharmaceutical Group Co., Ltd.*