UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
:
IN RE VITAMIN C ANTITRUST LITIGATION : 06-MD-1738 (BMC) (JO)
:
------------------------------------------------------------- : **MEMORANDUM**
: **DECISION AND ORDER**
This document relates to: :
:
ALL CASES :
:
------------------------------------------------------------- X

**COGAN**, District Judge.

On September 6, 2011, I issued a Memorandum Decision and Order (the "September Order") denying an omnibus motion for summary judgment filed by defendants Hebei Welcome Pharmaceutical Co. Ltd.; Jiangsu Jiangshan Pharmaceutical Co. Ltd.; Northeast Pharmaceutical Co. Ltd.; and Weisheng Pharmaceutical Co. Ltd. (collectively "defendants"). Defendants now move pursuant to 28 U.S.C. § 1292(b) for permission to take an interlocutory appeal from certain portions of my Order. For the reasons stated below, the motion is denied.

## BACKGROUND

Familiarity with the September Order and the underlying facts of this consolidated antitrust litigation is assumed for the purpose of this Order.

Defendants seek to have the following issues certified for interlocutory review:

1. Whether I afforded the correct degree of deference to an interpretation of Chinese law offered by The Ministry of Commerce of the People's Republic of China (the "Ministry");

2. Whether I correctly interpreted Chinese law to permit, but not compel, defendants' price-fixing conspiracy; and

3. Whether I should have dismissed this case pursuant to principles of international comity.

## DISCUSSION

Section 1292(b) allows a litigant to take an interlocutory appeal from a district court's order when: 1.) the order "involves a controlling question of law"; 2.) "there is substantial ground for difference of opinion" on this question of law; and 3.) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

This statute provides an exception to the final judgment rule, which normally prevents a litigant from bringing piecemeal appeals. See, e.g., Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996). Because piecemeal appeals tend to prolong judicial proceedings; burden appellate courts; and place additional expenses on litigants, relief under section 1292(b) is strongly disfavored and should be granted only when a district courts finds that an interlocutory appeal is likely to reduce these concerns by shortening the litigation. See id. at 866; In re World Trade Ctr. Disaster Site Litig., 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007). Relief under section 1292(b) is so exceptional that a district judge has "unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of 28 U.S.C. § 1292(b) are met." Picard v. Katz, No. 11-CV-3605, 2012 WL 127397, at *2 (S.D.N.Y. Jan. 17, 2012).

A question of law is considered "controlling" if reversal of the order could result in dismissal of the action or could "significantly affect the conduct of the action." S.E.C. v. Credit Bancorp, Ltd., 103 F. Supp. 2d 223, 227 (S.D.N.Y. 2000). District courts within the Second Circuit frequently intone that a question of law may not be certified for interlocutory appeal unless it is a "pure question of law that the reviewing court could decide quickly and cleanly without having to study the record." Aspen Ford, Inc. v. Ford Motor Co., No. 01-CV-4677, 2008

2

WL 163695, at *2 (E.D.N.Y. Jan. 15, 2008). This factor is not satisfied merely upon a showing that the question to be certified is a question of law rather than a question of fact; even a legal question should be denied interlocutory appeal if resolution of the question requires a "heavily fact-based analysis." Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv., No. 11-MC-285, 2011 WL 6057927, at *5 (S.D.N.Y. Dec. 6, 2011).

### 1. Deference to the Ministry's Statement

The first question defendants seek to certify challenges the extent to which I deferred to the Ministry's interpretation of Chinese law. In determining whether the Foreign Sovereign Compulsion doctrine required dismissal of this action, I rejected the Ministry's assertion that the Chinese government had compelled defendants' price-fixing conspiracy. After acknowledging that "a foreign sovereign's views regarding its own laws merit – although they do not command – some degree of deference," I found that the Ministry's statement was contrary to the other sources of Chinese law in the record before me.

The Second Circuit's prior rulings in Karaha Bodas Co. v. Perushaan Pertambangan Minyak Dan Gas Bumi Negara, 313 F.3d 70 (2d Cir. 2002), and Villegas Duran v. Arribada Beaumont, 534 F.3d 142 (2d Cir. 2008), make it unlikely that the Circuit would hold, on interlocutory review, that I should have shut my eyes to all provisions of Chinese law in the record and blindly adhered to the Ministry's position. Although it is possible that the Second Circuit would decide that I should have afforded the Ministry's statement a higher degree of deference, such a holding would leave open the possibility that I would find, even after affording the Ministry's statement more deference, that Chinese law did not compel defendants' conduct. This issue is therefore not a "controlling question of law," as reversal on this question is unlikely

to result in a dismissal of this action or a change in the conduct of this action. See Credit Bancorp, 103 F. Supp. 2d at 226. Interlocutory review is therefore denied as to this question.

### 2. Foreign Sovereign Compulsion

The second question defendants seek to certify asks whether I correctly determined that Chinese law did not compel defendants' price-fixing conspiracy. This is technically a question of law, as Rule 44.1 of the Federal Rules of Civil Procedure instructs that a court's determination of foreign law "must be treated as a ruling on a question of law." Furthermore, this is a "controlling question of law," since reversal on this issue would likely result in dismissal of the action.

However, the accuracy of my interpretation of Chinese law is not an issue that the Second Circuit could determine "quickly and cleanly without having to study the record." Aspen Ford, 2008 WL 163695, at *2. As I explained in the September Order, my interpretation of Chinese law required an analysis of regulations; oral directives; reports; charter documents; and public statements made by the Chinese government to the World Trade Organization and the United States government. Review of this issue would require scrutiny of an extensive record; interlocutory appeal of this question is therefore denied. See Madoff Inv., 2011 WL 6057927, at *5.

### 3. International Comity

The third question defendants seek to certify – whether principals of international comity required me to dismiss this action – is inappropriate for interlocutory review because it cannot be answered without addressing the extent to which Chinese law conflicts with American antitrust law. See Hartford Fire Ins. Co. v. California, 509 U.S. 764, 798 (1993). In other words, the comity question is inseparable from the question of whether Chinese law compelled defendants'

conduct. This question is therefore inappropriate for interlocutory appeal for the same reason defendants' second question should not be certified.

Moreover, the ultimate termination of this litigation is unlikely to be advanced by interlocutory review of any of defendants' proposed questions. "An immediate appeal is considered to advance the ultimate termination of the litigation if that appeal promises to advance the time for trial or to shorten the time required for trial." Morris v. Flaig, 511 F. Supp. 2d 282, 318 (E.D.N.Y. 2007) (internal quotation marks omitted). In the instant case, discovery regarding liability is complete and the parties may proceed to trial as soon as expert discovery is complete and notice has been sent to the classes. It is therefore likely that this Court will try this case before the Second Circuit would have the chance to rule on an interlocutory appeal.

## CONCLUSION

Defendants' [445] motion for leave to appeal is denied.

**SO ORDERED.**

s/ BMC
U.S.D.J.

Dated: Brooklyn, New York
February 8, 2012