UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE** <br> **VITAMIN C ANTITRUST LITIGATION** <br><br> **This Document Relates To:** <br><br> • *Animal Science Products, Inc., et al. v.* <br> *Hebei Welcome Pharmaceutical Co., Ltd.,* <br> *et al.*, Case No. 1:05-CV- <br> 00453(DGT)(JO) (E.D.N.Y.) | **MASTER FILE 1:06-MD-1738** <br> **(DGT)(JO)** |

## DEFENDANT NORTH CHINA PHARMACEUTICAL GROUP CORP.'S ANSWER TO THIRD AMENDED COMPLAINT FOR ANTITRUST VIOLATIONS

Defendant North China Pharmaceutical Group Corp. ("NCPG") responds as follows to the Third Amended Complaint for Antitrust Violations:

1.      Admits that Paragraph 1 purports to describe the plaintiffs' claim but, except as so admitted, denies the allegations contained in Paragraph 1.

2.      Denies the allegations contained in Paragraph 2.

3.      Admits that Paragraph 3 purports to describe the relief sought by plaintiffs, but except as so admitted, denies the allegations contained in Paragraph 3.

4.      Denies the allegations contained in Paragraph 4.

5.      Denies the allegations contained in Paragraph 5.

6.      Denies the allegations contained in Paragraph 6.

7.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7.

8.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9.

10.     Admits that Hebei Welcome Pharmaceutical Co. Ltd. is a company based in the Hebei Province of China and that it is a producer of vitamin C, but except as so admitted, denies the allegations contained in Paragraph 10.

11.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11.

12.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12.

13.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13.

14.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14.

15.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16.

17.     Admits that it is a Chinese corporation based in the Hebei Province of China, and that it was founded in 1953, but except as so admitted, denies the allegations contained in Paragraph 17.

18.     Admits that North China Pharmaceutical Co., Ltd. ("NCPC Ltd.") is a Chinese company based in the Hebei Province of China, but except as so admitted denies the allegations in Paragraph 18 require any response as NCPC Ltd. has been dismissed from the case.

19.     Admits that North China Pharmaceutical Group Import & Export Trade Co., Ltd. ("NCPCIE") is a Chinese company based in the Hebei Province of China, but except as so admitted, denies the allegations in Paragraph 19 require any response as NCPCIE has been dismissed from this case, and denies all further allegations in the Complaint and will make no further response in respect thereof insofar as they purport to refer to NCPC Ltd. or NCPCIE as they have been dismissed from the case.

20.     Denies the allegations contained in Paragraph 20.

21.     Denies the allegations contained in Paragraph 21.

22.     Denies the allegations contained in Paragraph 22.

23.     Denies the conspiracy alleged in Paragraph 23, and except as so denied, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23.

24.     Admits that Plaintiffs purport to bring this action on behalf of themselves and as representative of a class under the identified statute, and that plaintiffs purport to define a class under the identified statute, but denies that class action treatment is appropriate in this case, and except as so admitted, denies the allegations in Paragraph 24.

25.     Denies the allegations contained in Paragraph 25.

26.     Denies the allegations contained in Paragraph 26.

27.     Denies the allegations contained in Paragraph 27.

28.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28.

29.     Denies the allegations contained in Paragraph 29.

30.     Denies the allegations contained in Paragraph 30.

31.     Denies the allegations contained in Paragraph 31.

32.     Admits the allegations contained in Paragraph 32.

33.     Admits the allegations contained in the first sentence of Paragraph 33 and, except as so admitted, denies the allegations contained in Paragraph 33.

34.     Admits that Hebei Welcome manufactures vitamin C for bulk sales and that the vitamin C Hebei Welcome manufactures is used for human consumption, but denies the allegations contained in Paragraph 34 insofar as they purport to refer to NCPG which is not a manufacturer of vitamin C, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35.     Denies the allegations contained in Paragraph 35 insofar as they purport to refer to NCPG which is not a manufacturer of vitamin C, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36.

37.     Denies the first sentence of Paragraph 37, denies the remainder of such allegations insofar as they purport to refer to NCPG, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the other allegations in Paragraph 37.

38. Denies the allegations contained in Paragraph 38.

39. Denies the allegations contained in Paragraph 39.

40. Admits the allegations set forth in Paragraph 40.

41. Admits that Chinese vitamin C is of high quality but otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41.

42. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42.

43. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43.

44. Denies the allegations contained in Paragraph 44.

45. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 45.

46. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 and specifically denies that NCPG is a manufacturer of vitamin C.

47. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47.

48. Denies the allegations of Paragraph 48 of the Complaint insofar as they purport to refer to NCPG, and otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 48.

49. Denies the allegations contained in Paragraph 49.

50. Denies the allegations contained in Paragraph 50.

51.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51.

52.     Denies there was a conspiracy and, except as so denied, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52.

53.     Denies the allegations contained in Paragraph 53.

54.     Denies the allegations in Paragraph 54.

55.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55.

56.     Denies there was a conspiracy and, except as so denied, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56.

57.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57.

58.     Denies the allegations in Paragraph 58.

59.     Denies the allegations in Paragraph 59.

60.     Denies the allegations of the first sentence of Paragraph 60 and, except as so denied, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60.

61.     Denies the allegations contained in Paragraph 61.

62.     Denies the allegations contained in Paragraph 62.

63.     Denies the allegations contained in Paragraph 63.

64.     Denies the allegations contained in Paragraph 64.

65.     Denies the first sentence of Paragraph 65 and the balance of Paragraph 65 insofar as it purports to refer to NCPG, and, except as so denied, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65.

66.     Denies the allegations contained in Paragraph 66.

67.     Admits that the outbreak of SARS contributed to the increasing world demand for vitamin C and price increases during 2003 and, except as so admitted, denies the allegations contained in Paragraph 67.

68.     Denies the allegations contained in Paragraph 68.

69.     Denies the allegations contained in Paragraph 69.

70.     Denies the allegations contained in Paragraph 70.

71.     Denies the allegations contained in the first sentence of Paragraph 71 and, except as so denied, denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 71.

72.     Denies the allegations contained in Paragraph 72.

73.     Denies the allegations contained in Paragraph 73.

74.     Denies the allegations contained in Paragraph 74.

75.     Denies the allegations contained in Paragraph 75.

76.     Denies the allegations contained in Paragraph 76.

77.     Denies the allegations contained in Paragraph 77.

78.     Denies the allegations contained in Paragraph 78.

79.     Denies the allegations contained in Paragraph 79.

80.     Denies the allegations of Paragraphs 80 through 88 and denies that plaintiffs are entitled to any relief whatsoever.

## AS AND FOR AFFIRMATIVE DEFENSES

NCPG asserts the following affirmative defenses in response to each of the federal claims in plaintiffs' Third Amended Complaint. By raising the following defenses, NCPG does not assume the burden of proof for any claims for which plaintiffs properly bear the burden.

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred because the conduct alleged was pursuant to the active compulsory regulation and supervision of the sovereign government of the People's Republic of China, acting through its duly-constituted and authorized agents, agencies, and instrumentalities in furtherance of its sovereign economic policy and regulation of its nationals; and as such plaintiffs' claims are barred under principles of foreign sovereign compulsion, act of state, international comity, regulatory exemption and related doctrines.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because NCPG is a foreign sovereign, or an organ, agency or instrumentality of a foreign sovereign.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the Foreign Sovereign Immunities Act.

### Fifth Affirmative Defense

Plaintiffs' jury demand is barred by the Foreign Sovereign Immunities Act.

### Sixth Affirmative Defense

Plaintiffs' claims are barred to the extent they relate to contracts subject to arbitration clauses.

### Seventh Affirmative Defense

Plaintiffs are not entitled to injunctive relief as there is an adequate remedy at law.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations and the doctrines of laches, waiver, estoppel or unclean hands.

### Ninth Affirmative Defense

Plaintiffs' damages, if any were incurred, are due solely to the acts or omissions of other parties or individuals for which NCPG has no responsibility.

### Tenth Affirmative Defense

Plaintiffs' complaint is barred, in whole or in part, because plaintiffs and members of the proposed class have not suffered loss or injury to their business or property as a result of alleged violations.

### Eleventh Affirmative Defense

Plaintiffs have not pled fraudulent concealment with the requisite degree of particularity.

### Twelfth Affirmative Defense

Plaintiffs' complaint is barred, in whole or in part, because any conduct in which NCPG is alleged to have engaged was based on independent, legitimate business and economic justification, and without any purpose or intent to injure competition.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because any conduct NCPG engaged in did not unreasonably restrain trade or commerce.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred to the extent that plaintiffs failed to comply with all applicable procedural and notice requirements under the relevant statutes.

### Fifteenth Affirmative Defense

Plaintiffs' claims for damages are barred, in whole or in part, because their alleged damages, if any, are speculative and because of the impossibility of ascertaining and allocating such damages.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred because NCPG is not subject to the personal jurisdiction of the Court.

### Seventeenth Affirmative Defense

Plaintiffs' claims are barred because Plaintiffs are not members of the alleged classes.

### Eighteenth Affirmative Defense

Plaintiffs and the members of the purported class lack standing to sue for the injuries alleged in the Complaint.

### Nineteenth Affirmative Defense

Plaintiffs and members of the purported class failed to take reasonable actions to mitigate their alleged damages, if any.

### Twentieth Affirmative Defense

Plaintiffs' claims are barred by lack of causation.

### Twenty First Affirmative Defense

NCPG is a holding company. Plaintiffs' damages, if any were incurred, are due solely to the acts or omissions of other parties or individuals for which NCPG has no legal responsibility, including under Chinese law and/or U.S. federal or state law, as applicable.

### Twenty Second Affirmative Defense

NCPG adopts and incorporates by this reference any and all other affirmative defenses asserted or to be asserted by any other defendant in this proceeding.

### Twenty Third Affirmative Defense

NCPG has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to assert and rely on such other applicable affirmative defenses as may become available by law, or pursuant to statute, or during discovery proceedings. NCPG reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

## PRAYER FOR RELIEF

WHEREFORE, NCPG respectfully requests that plaintiffs' Third Amended

Complaint be dismissed with prejudice, that judgment be entered in its favor on

plaintiffs' Third Amended Complaint, and that NCPG be awarded its attorneys' fees,

costs, expenses and such other relief that the Court deems just and proper.


Dated: August 22, 2012                    Respectfully Submitted,

                                          _____
                                          Darrell Prescott
                                          Charles H. Critchlow
                                          BAKER & MCKENZIE LLP
                                          1114 Avenue of the Americas
                                          New York, New York 10036
                                          Tel.: (212) 626-4100
                                          Fax: (212) 310-1600

                                          Attorneys for Defendant
                                          NORTH CHINA PHARMACEUTICAL
                                          GROUP CORP.

12