UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re VITAMIN C ANTITRUST LITIGATION | ) ) ) ) | 1:06-MD-01738 (BMC) (JO) |
| This document relates to: | ) ) ) ) | **JOINT PRETRIAL ORDER** |
| ANIMAL SCIENCE PRODUCTS, INC., et al. | ) ) ) | |
| Plaintiffs, | ) ) | CV-05-453 |
| v. | ) ) | |
| HEBEI WELCOME PHARMACEUTICAL CO. LTD., et al. | ) ) ) | |
| Defendants. | ) ) | |

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**Full Caption**

**ANIMAL SCIENCE PRODUCTS, INC.,**
2864 FM 1275
Nacogdoches, TX 75961, and

**THE RANIS COMPANY, INC.,**
PO Box 2749
Elizabeth, NJ 07208,

                Plaintiffs,
      – v. –

| | |
|---|---|
| **HEBEI WELCOME PHARMACEUTICAL CO., LTD.,** | : |
| 815 W. Naomi Ave., Arcadia, CA 91007, | : |
| | : |
| **NORTHEAST PHARMACEUTICAL GROUP CO. LTD.,** | : |
| No. 37 Zhonggong North Street, Tiexi District, Shenyang, China 110026, | : |
| | : |
| **WEISHENG PHARMACEUTICAL CO. LTD.,** | : |
| 236 Yellow River Road, Shijiazhuang, Hebei, China, | : |
| | : |
| **CHINA PHARMACEUTICAL GROUP, LTD.,** | : |
| Room 3805, 38th Floor, Central Plaza, 18 Harbour Road, Wanchai, Hong Kong, and | : |
| | : |
| **NORTH CHINA PHARMACEUTICAL GROUP CORP.,** | : |
| 388 Heping East Road, Shijiazhuang, Hebei, China, | : |
| | : |
| Defendants. | : |

**Trial Counsel**

**Counsel for Plaintiffs Animal Science Products, Inc. and The Ranis Company, Inc.:**
James T. Southwick
Shawn L. Raymond
Katherine H. Kunz
Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
jsouthwick@susmangodfrey.com
sraymond@susmangodfrey.com
kkunz@susmangodfrey.com
Telephone:  (713) 651-9366
Facsimile:  (713) 654-6666

Michael D. Hausfeld
Brian A. Ratner
Melinda R. Coolidge
Hausfeld LLP
1700 K Street N.W., Suite 650
Washington, DC 20006
mhausfeld@hausfeldllp.com
bratner@hausfeldllp.com

mcoolidge@hausfeldllp.com
Telephone: (202) 540-7200
Facsimile: (202) 540-7201

Brent W. Landau
Hausfeld LLP
1604 Locust Street, 2nd Floor
Philadelphia, PA 19103
blandau@hausfeldllp.com
Telephone: (215) 985-3273
Facsimile: (215) 985-3271

William A. Isaacson
Tanya Chutkan
Jennifer Milici
Boies, Schiller & Flexner LLP
5301 Wisconsin Avenue, N.W., Suite 800
Washington, DC 20015
wisaacson@bsfllp.com
tchutkan@bsfllp.com
jmilici@bsfllp.com
Telephone: (202) 237.2727
Facsimile: (202) 237.6131

Alanna Rutherford
Boies, Schiller & Flexner LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
arutherford@bsfllp.com
Telephone: (212) 446.2300
Facsimile: (212) 446.2350

**Counsel for Defendant Hebei Welcome Pharmaceutical Co., Ltd. and North China Pharmaceutical Group Corp.:**
Charles H. Critchlow
Darrell Prescott
Baker & McKenzie LLP
1114 Avenue of the Americas
New York, NY 10036
Charles.H.Critchlow@bakernet.com
Darrell.Prescott@bakernet.com
Telephone: (212) 626-4100
Facsimile: (212) 310-1600

**Counsel for Defendant Northeast Pharmaceutical Group Co., Ltd.:**
James I. Serota
Scott Martin
Greenberg Traurig, LLP
200 Park Avenue
New York, NY  10166
serotaj@gtlaw.com
lapatinek@gtlaw.com
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400

**Counsel for Defendants Weisheng Pharmaceutical Co., Ltd. and China Pharmaceutical Group, Ltd.**:
Daniel S. Mason
Athena Hou
Zelle Hofmann Voelbel & Mason LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
dmason@zelle.com
jbell@zelle.com
ahou@zelle.com
Telephone:  (415) 693-0700
Facsimile:  (415) 693-0770

**Jurisdiction**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1337 and 15 U.S.C. §§ 1, 15, 22, and 26, in that Plaintiffs bring this action under Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 4 and 16, against Defendants for injuries Plaintiffs sustained by reason of Defendants' alleged violations of Section 1 of the Sherman Act, 15 U.S.C. § 1.

Defendants China Pharmaceutical Group Co. Ltd. and North China Pharmaceutical Group Corporation contest jurisdiction.

**Claims and Defenses to Be Tried**

**Plaintiffs' Claims**:

Plaintiff Animal Science Products, Inc. ("Animal Science") brings this action on its own behalf and as representatives of a class ("Injunction Class") defined as all persons or entities, or

4

assignees of such persons or entities, who purchased Vitamin C manufactured by Defendants for delivery in the United States, other than pursuant to a contract with a Defendant containing an arbitration clause, requiring injunctive relief against Defendants to end Defendants' antitrust violations. (Class Certification Order, Doc. 453, at 46; Compl. ¶ 24.)

Plaintiff The Ranis Company, Inc. ("Ranis") brings this action on its own behalf and as representatives of a class ("Damages Class") defined as all persons or entities, or assignees of such persons or entities, who directly purchased Vitamin C for delivery in the United States, other than pursuant to a contract containing an arbitration clause, from any of Defendants or their co-conspirators, other than Northeast Pharmaceutical (Group) Co. Ltd., from December 1, 2001 to June 30, 2006. Excluded from the proposed class are all governmental entities, Defendants, their co-conspirators, and their respective subsidiaries or affiliates. (Class Certification Order, Doc. 453, at 45; Compl. ¶ 24.)

Plaintiffs claim that Defendants' alleged combination and conspiracy raised, fixed, maintained and stabilized the price of Vitamin C products purchased by Plaintiffs (and the plaintiff classes) at artificial and non-competitive levels. (Compl. ¶ 78.) Plaintiffs also claim that Defendants' alleged combination and conspiracy restrained competition in the sale of Vitamin C. (*Id.*) Plaintiffs claim that Defendants' ongoing combination and conspiracy is an illegal and unreasonable restraint of interstate trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. (*Id.* ¶ 50.) Specifically, Defendants' executives and representatives attended meetings at which agreements were reached to fix prices and limit the supply of Vitamin C for export. (*Id.* ¶ 63.) At these meetings, Defendants and others agreed to, and did, eliminate, suppress and limit competition by discussing production volumes and prices of Vitamin C for export to the United States and elsewhere; agreeing to control the supply of

5

Vitamin C for export to the United States and elsewhere; agreeing to increase and maintain prices of Vitamin C for sales in the United States and elsewhere; and agreeing to control the worldwide market for Vitamin C. (*Id.* ¶ 62.) As a consequence of Defendants' violations of the antitrust laws, Plaintiffs paid more for Vitamin C and substitute products than they would have paid in the absence of the illegal combination and conspiracy. (*Id.* ¶ 79.) Plaintiffs further claim that North China Pharmaceutical Group and China Pharmaceutical Group are liable based on their direct participation with the other defendants, as well as for their subsidiaries, Hebei Welcome and Weisheng, under alter ego and agency principles.

Plaintiffs settled their claims against Defendant Aland (Jiangsu) Nutraceutical Co., Ltd., although, at the date of this filing, Plaintiffs' motion for final approval of that settlement is pending before the Court.

**Defendants' Defenses:**

Defendants expect to try the following defenses:

Whether Defendants have violated the antitrust laws; whether the conduct of which Plaintiffs complain was compelled in fact or was the result of duress; applicability of the foreign sovereign compulsion, act of state and international comity doctrines; impact, causation and amount of damages, if any. Defendants rely upon the cases and statutes contained in their memorandum of law in support of their motion for summary judgment or, in the alternative, for determination of foreign law, as well as in their previously filed motion to dismiss. *See* The Court's Memorandum Decision and Order entered on October 1, 2012, p. 2; Transcript of July 10, 2012 Status Conference, p. 7. *See also Cordes & Co. Fin. Services, Inc. v. A.G. Edwards & Sons, Inc.,* 502 F.3d 91, 106 (2d Cir. 2007) ("[T]he second element of an antitrust cause of action—'antitrust injury'—poses two distinct questions. One is the familiar factual question

whether the plaintiff has indeed suffered harm, or 'injury-in-fact.' The other is the legal question whether any such injury is 'injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful.'") (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.,* 429 U.S. 477, 489 (1977)); *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 131 (2d Cir. 2001) ("In order to prevail under section 1, a plaintiff must show that: (1) there was an agreement among ... [the defendants] in restraint of trade; (2) [the plaintiff was] injured as a direct and proximate result; and (3) its damages are capable of ascertainment and not speculative."); *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.,* 256 F.R.D. 82, 87-88 (D. Conn. 2009) ("The factual question prong of the antitrust injury element requires the plaintiffs to show that harm actually resulted from the antitrust violation-the 'injury-in-fact,' or 'impact.' … It is important to note at the outset that 'impact' (or 'injury-in-fact') and 'damages' are two distinct elements of an antitrust claim--injury-in-fact is whether the plaintiffs were harmed and damages quantify by how much.") (internal citations omitted).

China Pharmaceutical Group Co. Ltd. ("CPG") has filed a pending motion for determination of foreign law and judgment on the pleadings or, in the alternative, summary judgment. If this motion is denied, CPG expects to assert at trial that it did not participate in the illegal conduct alleged by plaintiffs and that it does not participate or control defendant Weisheng's operational affairs. Plaintiffs' operative complaint makes no allegation of corporate veil piercing with respect to CPG, and CPG asserts that any such theory has been waived — CPG reserves the right to present that defense at trial if necessary to protect its rights.

North China Pharmaceutical Group Corporation plans to assert at trial that it did not participate in the illegal conduct alleged by Plaintiffs, that North China Pharmaceutical Group Corporation did not participate in the day-to-day affairs of Hebei Welcome but rather simply had

7

the role of an indirect parent respecting all corporate formalities, and that the operative complaint makes no allegation of corporate veil piercing with respect to North China Pharmaceutical Group Corporation, and that any such theory has been waived — North China Pharmaceutical Group Corporation reserves the right to present that defense at trial if necessary to protect its rights.

On the claim for injunctive relief, Defendant Northeast Pharmaceutical Group Co., Ltd. ("NEPG"), which is not a party to the damages claim, expects to try to the Court the same defenses as the other Defendants will try to the jury (set forth above), and also to demonstrate at trial that its business conduct as a state-owned enterprise, including the alleged conduct at issue, was and is systematically controlled by the Chinese government. In support of its case, NEPG anticipates that it will submit evidence demonstrating compulsion of the alleged conduct inherent in facts including its government ownership and the ongoing role of the government (including the Communist Party) in NEPG's management and the appointment and retention of NEPG's top managers and executives. *See* Memorandum Decision and Order at 56 n. 47 (Nov. 6, 2011) [Doc. 440].

All Defendants previously filed motions to dismiss, for determination of foreign law and alternative motions for summary judgment. Those motions were denied. CPG and North China Pharmaceutical Group Corporation previously filed motions to dismiss based upon lack of personal jurisdiction, which were denied.

**Jury/Non Jury**

The claims of the Damages Class will be tried to a jury. Subject to Defendants' below statement with regard to NEPG, the parties agree that the trial can be completed in approximately twelve trial days, six per side. The claims of the Injunction Class can be tried to the Court at the

conclusion of the jury trial and will require one day for additional witness testimony and oral argument from counsel to the Court.

Defendants' Jury/Non-Jury Discussion (to which Plaintiffs have no objections at this time)

The claim against Defendant NEPG will only be tried to the Court. NEPG intends to present witnesses in its defense such that trial of the claim asserted by the "Injunctive Class," which is the only claim asserted against NEPG, will require substantially more than the single day allotted by Plaintiffs in total for both sides' presentation of evidence and arguments. NEPG states that it will be presenting extensive evidence and witnesses specific to governmental compulsion and control of NEPG's business conduct as a state-owned enterprise, which itself likely will require no less than two trial days.

NEPG presumes that it will not appear on the verdict sheet and that the jury will not make any determinations binding upon or concerning any alleged liability of NEPG. However, NEPG recognizes that there may be witnesses who testify before the jury whom NEPG seeks to cross-examine for purposes of the injunctive claim and the Court's factual findings related thereto. For efficiency purposes, NEPG is prepared to do so during the jury trial in order to avoid having to recall witnesses who testify during the jury trial, provided that NEPG's counsel is not restricted in its ability to object to such witnesses' direct or cross-examination testimony or the introduction of exhibits in connection therewith. NEPG recognizes that the Court and/or the parties may seek to have the jurors excused during such examinations of witnesses by NEPG's counsel, and that a specific protocol will have to be reached in advance of trial.

Defendants Hebei/North China Pharmaceutical Group Corporation and Weisheng/CPG propose (and NEPG does not object to) the following protocol: Counsel for Hebei/North China Pharmaceutical Group Corporation and Weisheng/CPG will make opening and closing

arguments to the jury, and likewise only such defense counsel will examine and cross-examine witnesses before the jury. During examination of witnesses by any counsel before the jury, counsel for NEPG may make objections to witness testimony.

Counsel for NEPG will examine and cross examine witnesses only out of the presence of the jury. Such examination will take place immediately after counsel for Plaintiffs and counsel for Hebei and Weisheng have concluded their examination of any witness, at which time the jury will be excused, to be returned after examination and cross-examination of the witness by counsel for NEPG and plaintiffs.

Opening and closing arguments relating to Plaintiffs' equitable claims against NEPG may be made by counsel for Plaintiffs and counsel for NEPG only to the Court. Appropriate instructions will be given to the jury to explain the reasons for the foregoing protocols.

**Trial Before Magistrate Judge**

The parties do not consent to trial by a Magistrate Judge.

**Stipulations**

There are no stipulations or agreed statements of fact or law.

**Witnesses**

Plaintiffs reserve the right to call in their case-in-chief any witness identified through discovery after October 3, 2012. Plaintiffs reserve the right to call additional witnesses in their rebuttal case.

I. Plaintiffs' Witnesses

    A. Fact Witnesses

        1. Fred J. Gordon (live)

            i. Relationship to the case: President of The Ranis Company and former President of the Graymor Chemical Company.

- ii. Intended testimony: Direct purchases of Vitamin C by the The Ranis Company's assignor, Graymor Chemical Company, during the relevant period and assignment of claims to the Ranis Company.

2. Wang Qi (live)

    i. Relationship to the case: Import/Export Department Manager, Aland.

    ii. Intended testimony: Discussions and agreements among defendants related to the price and supply of vitamin C for export during the relevant time period.

    iii. (Designations are included in the event that Wang Qi is not available to testify live.)

3. Huang Pinqi (live)

    i. Relationship to the case: Former Board Chairman Hebei Welcome Pharmaceutical Co., Ltd., Former Deputy General Manager North China Pharmaceutical Group Corp.

    ii. Intended testimony: see included designations.

    iii. (Designations are included in the event that Huang Pinqi is not available to testify live.)

4. A current officer from each non-settling Defendant to be questioned as to that Defendant's alleged conduct and its defenses.

5. A current officer from each non-settling Defendant to be questioned as to the authenticity and business record status of each trial exhibit produced from that Defendant's files (to which Defendants have an authenticity and/or hearsay objection).

6. Du Chengxiang (by video)

    i. Relationship to the case: Vice President of the NEPG Factory.

    ii. Intended testimony: see designations.

7. Kong Tai (by video)

    i. Relationship to the case: Former General Manager, Aland.

    ii. Intended testimony: see designations.

8. Wang Qiang (by video)

    i. Relationship to the case: Designated corporate representative, Aland.

    ii. Intended testimony: see designations.

11

9. Wang Renzhi (by video)

    i. Relationship to the case:  Former General Manager and Consultant, Northeast Pharmaceutical Group, Co., Ltd.

    ii. Intended testimony: see designations.

10. Ning Hong (by video)

    i. Relationship to the case:  Assistant to the General Manager, Northeast Pharmaceutical Group, Co., Ltd.

    ii. Intended testimony: see designations.

11. Ge Yaping (by video)

    i. Relationship to the case:  Designated corporate representative, Northeast Pharmaceutical Group, Co., Ltd.

    ii. Intended testimony: see designations.

12. Feng Zhenying (by video)

    i. Relationship to the case:  Former General Manager, Weisheng Pharmaceutical Group, Co.

    ii. Intended testimony: see designations.

13. Yang Cang Jia (by video)

    i. Relationship to the case:  Former marketing Manager, Weisheng Pharmaceutical Group, Co.

    ii. Intended testimony: see designations.

14. Yue Jin

    i. Relationship to the case: former Executive Director, China Pharmaceutical Group.

    ii. Intended testimony: see designations.

15. Zhao Hai Ying (by video)

    i. Relationship to the case:  Designated corporate representative, Hebei Welcome Pharmaceutical Co., Ltd.

    ii. Intended testimony: see designations.

16. Tang Shuhua (by video)

    i. Relationship to the case:  Former Marketing Division Manager, Hebei Welcome Pharmaceutical Co., Ltd.

      ii. Intended testimony: see designations.

  17. Zhang Yingren (by video)

      i. Relationship to the case: Former Deputy General Manager, Hebei Welcome Pharmaceutical Co., Ltd.

      ii. Intended testimony: see designations.

B. <u>Expert Witnesses</u>

  1. Dr. B. Douglas Bernheim
      a. Intended testimony: Overcharges, injury and damages to class members.

  2. Philip J. Innes
      a. Intended testimony: Sales to members of the defined damages class.

C. <u>Non-Jury Proceedings</u>

  1. J. Bradley Reynolds (live)

      a. Relationship to the case: Vice President, Animal Science Products, Inc.

      b. Intended testimony: Indirect purchases of vitamin C by Animal Science Products, Inc.

Defendants object to Plaintiffs' request that each Defendant produce current officers to testify at trial for failure to comply with Fed. R. Civ. P. Rule 45.

II. <u>Defendants' Witnesses</u>

Defendants reserve the right to call sur-rebuttal witnesses.

**Qiao Haili** — **Qiao Haili** will testify as to the matters set forth in his Affidavit dated August 5, 2012, and with respect to the matters covered in his deposition..

**Lawrence Wu, Ph.D.** — **Dr. Lawrence Wu** will testify as to the matters set forth in his report, dated June 29, 2012.

**Huang Pinqi** — **Huang Pinqi** will testify concerning the ownership structure of NCPC Group Corp. Ltd. and Hebei Welcome Pharmaceutical Co. Ltd, the role of the Chinese government and Communist Party in the designation and retention of their corporate officers, the nature of NCPC Group Corp and its complete non-involvement in the

13

|   |   |
|---|---|
|   | production and sale of Vitamin C and in meetings and agreements compelled by the Chamber, China's regulation of Vitamin C exports, compulsion to attend meetings organized by the Chamber, and compulsion by the Chamber to reach 'agreements" regarding price, volume and other matters, competitive dynamics and pricing of Vitamin C and authentication of various business records and related documents. |
| **Yang Jianfu** | **Yang Jianfu** will testify concerning the ownership structure of NCPC Group Corporation and Hebei Welcome Pharmaceutical Co Ltd, the role of the Chinese government and Communist Party in the designation and retention of their corporate officers, the nature of NCPC Group Corp and its complete non-involvement in the production and sale of Vitamin C and in meetings and agreements compelled by the China Chamber of Commerce. |
| **Wang Yanwei** | **Wang Yanwei** will testify concerning SASAC's involvement in, oversight and monitoring of, and control of Northeast Group Co., Ltd.'s activities, including but not limited to Northeast Group Co., Ltd.'s compliance with governmental rules, regulations and laws, and the appointment of Northeast Group Co., Ltd.'s corporate officers and board members. |
| **Ji Yong** | **Ji Yong** will testify concerning Northeast Group Co., Ltd.'s corporate structure; Northeast Group Co., Ltd.'s compliance with government regulations; and the reporting and control relationship between Northeast Group Co., Ltd.'s and Chinese governmental agencies, including as it relates to Vitamin C. |
| **Wang Xiaobin** | **Wang Xiaobin**, sales director of Weisheng Pharmaceutical Co. Ltd.("Weisheng"), will testify about the preparation and maintenance of sales records at Weisheng. |
| **Kin Man Chak, a/k/a Eddie Chak** | **Eddie Chak**, China Pharmaceutical Group Ltd.'s ("CPG") financial controller and executive director, will testify about the scope of CPG's business operations, its relationship with Weisheng, its lack of involvement relating to manufacturing, marketing and sales of vitamin C to the United States and the nature of records at CPG. |

Defendants have also designated the video testimony of Kong Tai, Wang Qi, Wang Qiang, Tang Shuhua, Zhang Yingren, Huang Pinqi, Ning Hong, Wang Renzhi, Du Chengxiang, and Feng Zhen Ying. Defendants have also designated the deposition testimony of Yue Jin.

Plaintiffs object to the testimony of Wang Yanwei and Ji Yong as not properly disclosed pursuant to Rule 26.

Where both parties have designated testimony from the same deposition, with the exception of limited excerpts to admit exhibits, the parties have agreed to generally play video deposition testimony straight through, rather than first in Plaintiffs' case and then again in Defendants' case.

**Deposition Designations**

See the following (to be sent by mail):

1. Copies of complete marked deposition transcripts.

    a. Yellow highlighting denotes Plaintiffs' designations.

    b. Blue highlighting denotes Defendants' designations.

    c. Green highlighting denotes testimony that both Plaintiffs and Defendants designated.

    d. Red bracketed testimony denotes a counterdesignation by Plaintiffs, except where it notes that the testimony was designated for cross-examination only.

    e. Blue bracketed testimony denotes a counterdesignation by Defendants, except where it notes that the testimony was designated for cross-examination only.

    f. Objections appear in text boxes next to the text objected to. Red boxes and text are Plaintiffs' objections. Blue boxes and text are Defendants' objections.

2. The parties have reserved the right to designate testimony from depositions taken after September 13, 2012.

**Exhibits**

See separate attachments, which include Plaintiffs' exhibit list, objections, responses and Defendants' exhibit list and objections. The parties have reserved the right to designate exhibits

produced after September 13, 2012, or exhibits that become relevant as a result of further discovery.

The parties agreed to exchange objections to translations of exhibits on September 13, 2012. Plaintiffs' objections herein include objections to the translations of Defendants' Exhibits. Defendants did not object to the translations of Plaintiffs' Exhibits and instead stated that they reserved the right to assert such objections, and to assert objections to the translation of their own exhibits. Plaintiffs' position is that Defendants do not have the right to object to the translation of their own exhibits and waived the right to object to translations of Plaintiffs' Exhibits.

Without objecting to any translations, Defendants provided suggested revisions to the translations of certain exhibits on September 30, 2012, which Plaintiffs are evaluating with the assistance of third party interpreters. To the extent the parties can agree to any revisions to the translation of Plaintiffs' Exhibits, Plaintiffs will provide the Court with the agreed revised translations.

Plaintiffs have provided short responses to Defendants' objections to assist the Court. Plaintiffs reserve the right to assert the admissibility of Plaintiffs' Exhibits on any ground supported by the record.

**Relief Sought**

On behalf of the Damages Class, Plaintiffs seek to recover three-fold damages sustained by class members as a result of Vitamin C purchases from Defendants and their co-conspirators other than NEPG. Plaintiffs request that joint and several judgments in favor of Plaintiff Ranis and the Damages Class be entered against Defendants other than NEPG.

On behalf of the Injunction Class, Plaintiff Animal Science seeks to enjoin all Defendants from continuing the alleged ongoing unlawful combination and conspiracy against it and the Injunction Class.

Plaintiffs and the Plaintiff classes seek to recover costs of this suit from all Defendants, including reasonable attorneys' fees as provided by law.

Defendants seek dismissal of all claims and costs as provided by law.

**SO ORDERED,**

                                                              U.S.D.J.

Dated: _____
Brooklyn, New York