

**ZELLE HOFMANN**
ZELLE HOFMANN VOELBEL & MASON LLP

44 MONTGOMERY STREET - SUITE 3400
SAN FRANCISCO, CALIFORNIA 94104
415-693-0700 MAIN    415-693-0770 FAX

JIANGXIAO ATHENA HOU
ahou@zelle.com
(415) 633-1920

October 29, 2012

***VIA ECF***

Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    ***RE:*** ***In re Vitamin C Antitrust Litigation (06-MDL-1738) (DGT) (JO)***
       ***-- Related to Case No. 1:05-cv-00453***

Dear Judge Orenstein:

We represent Defendants China Pharmaceutical Group Co., Ltd. ("CPG") and respectfully submit these objections to Plaintiffs' proposed Order compelling CPG's discovery efforts, filed October 29, 2009 [D.E.567]. Attached hereto are Exhibit A, CPG's red-lined comments on the proposed Order, and Exhibit B, a clean version of the proposed Order incorporating CPG's comments.

CPG respectfully set forth below its main comments:

1)    Because Plaintiffs propose to send to CPG its proposed search terms by Friday November 2, CPG proposes that the parties meet and confer on the search terms by Wednesday November 7. (Plaintiffs' proposed Order, item 1)

2)    Plaintiffs' motion sought to have CPG contact its "former employees and executive directors" regarding CPG related emails and documents kept by them. The Court only addressed Plaintiffs' requests with respect to the former employees and executive directors' CPG related files. But the proposed Order seeks to have CPG broadly search "the personal emails or electronic files" of such former employees and executive directors. (Plaintiffs' proposed Order, Item 1) CPG will make its best efforts to obtain access to such non-CPG computers and personal emails from the former employees and former executive directors but cannot guarantee they will comply with

Honorable James Orenstein
October 29, 2012
Page 2

CPG's request. Therefore, CPG respectfully request the proposed Order direct CPG to use its best efforts to obtain access to such non-CPG sources.

3) The Court made no requirement that CPG's U.S. counsel or the ESI specialist must "interview" former employees and directors, in addition to CPG's inquiries. (See Plaintiffs' proposed Order, item 2). As with respect to paragraph 2 above, CPG has amended Plaintiffs' proposed Order so that the questions put to former directors and employees seek to confirm whether they have any CPG-related documents and whether they will agree to make such documents available to CPG.

4) Plaintiffs' motion complained that CPG did not ask whether Deloitte's files contain relevant and responsive documents. However, Plaintiffs' proposed Order would direct CPG to produce all of Deloitte's audit files. But there is no factual or legal basis for such an Order because, as CPG has repeatedly stated, those Deloitte files are not in CPG's possession, custody or control. Moreover, there is nothing in the record that suggests otherwise. However, CPG will utilize its best efforts to request Deloitte make its relevant files available. CPG has proposed changes to Plaintiffs' proposed Order, item 3, accordingly.

5) Plaintiffs neither requested nor did the Court order any privilege log. Plaintiffs' proposal that CPG's privilege log be produced no later than Saturday November 24 (Plfs. fifth item) provides insufficient time because the proposed Order directs CPG to discharge its search obligations within 30 days after the entering of the Order. If the Court is inclined to direct the provision of a privilege log, CPG should be given three days after the completion of production to produce it.

6) As with paragraph 2 above, Plaintiffs' proposed Order, item 6, seeks to have CPG search all files and ESI in the possession of CPG's former employees and Executive Directors. In the October 25 status conference, the Court addressed only the "CPG-related files" that might have been held by CPG's former directors and employees. CPG will use its best effort to request access to email addresses and ESI of these former employees and directors but cannot guarantee such access will be provided. CPG has proposed changes to the proposed Order accordingly.

In addition, the last bullet point contained in Plaintiffs' Order, item 6, was not part of their motion, and CPG did not have an opportunity to address this issue. Plaintiffs should not be permitted to raise this issue at this time. Moreover, it is not necessary as there are sufficient questions to identify CPG's efforts with respect to its inquiry to the former employees and former Executive Directors.

Plaintiffs' motion suggests that CPG has been less than cooperative. This is not true. In fact, no prior motion has been filed by Plaintiffs with respect to CPG, let alone granted. Rather, the only discovery motion concerning CPG was filed when Plaintiffs sought to depose CPG's Chairman. Judge Cogan granted CPG's Motion for Protective Order (D.E. 537) on October 3, 2012.

Honorable James Orenstein
October 29, 2012
Page 3

CPG respectfully submit that Court enter the attached revised Order (Exhibit A).

Respectfully submitted,

*Jiangxiao Hou* (signature)

Jiangxiao Athena Hou

3240024v1