SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 950 | SUITE 3800 | 15TH FLOOR |
| 901 MAIN STREET | 1901 AVENUE OF THE STARS | 1201 THIRD AVENUE | 560 LEXINGTON AVENUE |
| DALLAS, TEXAS 75202-3775 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 | NEW YORK, NEW YORK 10022-6828 |
| (214) 754-1900 | (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

JAMES T. SOUTHWICK                                   E-Mail jsouthwick@susmangodfrey.com
DIRECT DIAL (713) 653-7811

November 12, 2012

VIA ECF

The Honorable Brian M. Cogan
United Stated District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *In re: Vitamin C Antitrust Litigation* (06-MDL-1738)(BMC)(JO)—Letter Brief Regarding Plaintiffs' Motion to Compel

Dear Judge Cogan:

Pursuant to Local Rule 37.3 and Your Honor's ruling at the October 15, 2012 Pretrial Conference, Plaintiffs submit this letter motion to compel North China Pharmaceutical Group Corp. ("NCPC") to employ outside counsel to perform a thorough, independent search of NCPC's files for all responsive documents, including documents relating to DSM, Roche or BASF. To date, NCPC has produced only its articles of incorporation and document retention policy.

**Background**

The original complaint was filed in January 2005 against Hebei Welcome and others. NCPC is the ultimate parent of Hebei Welcome, and NCPC itself was added as a defendant in January 2007. NCPC is a defendant in its own right because, among other things, NCPC's deputy general manager, Mr. Huang Pinqi, was named president of the Chamber of Commerce's vitamin C subcommittee for 2005. (Ex. A, PX 124.)

Plaintiffs served jurisdictional discovery requests on NCPC in May 2008. (Ex. B.) NCPC objected to any discovery in June 2008, claiming "Plaintiffs have not made the specific factual showing requisite to support even the taking of limited jurisdictional discovery, let alone the Requests it propounds here." (Ex. C, at 2.) NCPC eventually produced 63 pages of jurisdictional discovery, consisting of articles of incorporation.

November 12, 2012
Page 2

Plaintiffs served merits discovery requests on NCPC on August 13, 2008. (Ex. D.) Given NCPC's then-pending motions to dismiss, the parties agreed that merits discovery from NCPC would be adjourned until after the Court ruled on the motions to dismiss. After the Court denied NCPC's last motion to dismiss this summer [Dkt. 496], Plaintiffs requested a response to their merits discovery request. (Ex. E, August 8, 2012 email from J. Southwick to C. Critchlow and D. Prescott.) NCPC provided responses and objections to Plaintiffs' discovery requests on September 7, 2012 (Ex. F), but subsequently told Plaintiffs that "after careful search . . . no responsive documents have been found." (Ex. G, September 14, 2012 email from C. Critchlow to S. Raymond.)

On September 11, 2012, Plaintiffs served NCPC with interrogatories requesting identification of specific documents relevant to Plaintiffs' claims. (Ex. H at 5-7.) NCPC's September 27, 2012, response stated that no documents were found. (Ex. I at 8-11.)

Plaintiffs deposed Mr. Yang Jianfu as NCPC's corporate representative on November 7, 2012 on a variety of topics, including NCPC's responses to Plaintiffs' written discovery requests. Mr. Yang's testimony shows that NCPC's methods for retaining, searching, and producing documents were flatly inadequate. On November 9, 2012, counsel for Plaintiffs (James Southwick) conferred by phone with counsel for NCPC (Charles Critchlow) concerning the issues discussed in this letter and requested that NCPC expand its search accordingly. NCPC refused.

**NCPC Failed to Place a Timely Litigation Hold**

NCPC's litigation hold was not put in place until two years after its obligation to hold was triggered. NCPC was served in this litigation in early 2007 and placed a litigation hold within the company in February 2007. (Ex. J, Yang Dep. at 42:7-43:7.) But two years earlier, in January 2005, an NCPC internal memo: (1) describes a communication from the Chamber of Commerce about the filing of this suit, (2) discusses the "enormous significance" NCPC places on the lawsuit, (3) creates an NCPC team to handle the case for itself and its subsidiary, and (4) states that NCPC needs to immediately contact the other defendants and coordinate with those defendants and the Chamber. (Ex. K, marked as PX 433 at Mr. Yang's deposition.)

"The obligation to preserve evidence arises when the party has *notice* that the evidence is relevant to litigation;" this obligation may arise prior to suit being filed against a party if the party "reasonably anticipated" that the evidence may be relevant to future litigation. *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216-17 (S.D.N.Y. 2003) (emphasis added). PX 433 reveals that NCPC knew it had relevant information about a likely future claim against it as early as February 5, 2005, but did not put a litigation hold in place until two years later, when it was served in this litigation in February 2007. Mr. Yang testified that there is no set retention policy for NCPC email. (Ex. J at 74:16-75:7.) Without a timely litigation hold, relevant documents almost certainly were not preserved during the two-year period between February 2005 and February 2007. (Ex. J at 42:7-43:7.)

November 12, 2012
Page 3

### NCPC Failed to Adequately Search and Produce Responsive Documents

In addition to failing to put a timely litigation hold in place, NCPC did not adequately search the documents it retained beginning in 2007. Mr. Yang testified that searches of NCPC documents were restricted to the period 2001 through June 2006, which is the damages period. (Ex. J at 58:22-60:17.) This is too short a period of time. Plaintiffs have an injunction claim in addition to a damages claim, and the activities of all Defendants *through the close of discovery* in September 2008 are relevant and discoverable to both these claims.

NCPC's method of determining which documents to produce is also inadequate. Mr. Yang testified that PX 433 turned up in NCPC's search, but NCPC decided it was not responsive to any of Plaintiffs' requests; accordingly, NCPC did not produce this document. (Ex. J at 47:8-48:8; 58:17-21.) But PX 433 is responsive at least to Plaintiffs' Document Requests 5, 35 and 36. (Ex. D at 9, 17.) The only reason Plaintiffs possess PX 433 is because Hebei Welcome determined it was responsive and provided it with its documents.

NCPC clearly had documents responsive to Plaintiffs' requests at the time the obligation to hold was triggered. *See, e.g.*, PX 433 (Ex. K), PX 306 (Ex. L), PX 119 (Ex. M). Yet NCPC has not produced a single document in response to plaintiffs document requests nor identified a single document in response to Plaintiffs' interrogatories. (Ex. J at 41:24-42:6.) NCPC must employ outside counsel to perform a thorough, independent search of NCPC files for all responsive documents, including any materials dating from 2005 and 2006 (when it failed to put a hold in place), and from June 2006 through September 2008 (the close of discovery). That includes searching for documents that include any reference to DSM, Roche or BASF, even though documents referring to those companies were retained under the litigation hold. (Ex. J at 75:14-76:13.) NCPC should be ordered to include DSM, Roche, and BASF within its search terms, as there is ample evidence in the record that NCPC was doing some kind of business with these Vitamin C manufacturers that lessened competition. Such materials are relevant to Plaintiffs' Document Request 9 (Ex. D at 11) and discoverable.

A motion to compel should be granted where a party's efforts to respond to document requests lacked timeliness, diligence, breadth or thoroughness. *See M & T Mortg. Corp. v. Miller*, No. 02-CV-5410, 2007 WL 2403565 (E.D.N.Y. Aug. 17, 2007) (finding party's "haphazard document retention policy" and willful destruction of documents rose to level of spoliation after granting prior motion to compel these documents); *Reino de Espana v. Am. Bureau of Shipping*, No. 03 CIV. 3573 LTS/RLE, 2006 WL 3208579 (S.D.N.Y. Nov. 3, 2006) (granting motion to compel against party who failed to place timely and adequate litigation hold and failed to engage in good-faith discovery efforts, resulting in production of sixty-two emails from search involving fifteen custodians and ninety-eight search terms.) Once NCPC provides an adequate search and production of the documents it did retain, then Plaintiffs can determine whether a spoliation motion is warranted based on the failure to retain documents during 2005 and 2006.

November 12, 2012
Page 4


Respectfully submitted,

*/s/ James T. Southwick*

James T. Southwick
Susman Godfrey LLP
Counsel for Plaintiffs

cc: Counsel of record