UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                   :

IN RE VITAMIN C ANTITRUST LITIGATION  :
                                                   :     06-MD-1738 (BMC) (JO)
-------------------------------------------------------------- :
                                                   :
This document relates to:                       :
                                                 :
ANIMAL SCIENCE PRODUCTS, INC., et al.,  :     **ORDER**
                                                 :
                      Plaintiffs,       :     05-CV-0453
                                                 :
v.                                              :
                                                 :
HEBEI WELCOME PHARMACEUTICAL CO. :
LTD., et al.,                                   :
                                               :
                    Defendants.     :
-------------------------------------------------------------- X

**COGAN,** District Judge.

    The rulings on the parties' motions in limine are as follows:

## I. Plaintiffs' Omnibus Motions *in Limine*

- <u>Motion *in limine* 1</u>    To preclude live testimony during defendants' case-in-chief by fact witnesses not made available for live testimony during plaintiffs' case-in-chief.

    **Ruling:  Denied as moot, in light of defendants' agreement to make Huang Pinqi and Feng Zhenying available during plaintiffs' case-in-chief.**

- <u>Motion *in limine* 2</u>    To exclude reference to and evidence of plaintiffs' ability to pass on overcharges and the effect of overcharges on plaintiffs' businesses.

- <u>Motion *in limine* 3</u>    To exclude reference to and evidence regarding the Indirect Purchasers' case.

- <u>Motion *in limine* 4</u>    To exclude reference to and evidence regarding plaintiffs' failure to mitigate damages.

- Motion *in limine* 5     To exclude reference to and evidence regarding plaintiffs' ability to seek treble damages, attorneys' fees, and costs under the Clayton Act.

- Motion *in limine* 6     To exclude reference to and evidence regarding irrelevant facts about class representatives.

- Motion *in limine* 7     To exclude reference to and evidence regarding the Aland settlement.

- Motion *in limine* 8     To exclude reference to and evidence regarding class representatives' adequacy.

    **Ruling on 2-8:  Granted on consent, the Court having denied defendants' motion to exclude foreign purchasers.**

- Motion *in limine* 9     To exclude use of or reference to translations not yet provided to plaintiffs.

    **Ruling:  Denied.  Defendants did not violate any Court Order or discovery obligation. The translators can fight it out at trial.**

- Motion *in limine* 10    To exclude testimony of untimely disclosed witnesses.

    **Ruling:  Denied as moot, in light of the impending NEPG Injunction Class Settlement.**

II.    **Defendants' Motion *in Limine* to Exclude Reference to Other Vitamins Litigation**

**Ruling:  Denied.**  The record establishes that the prior litigations and investigations at issue encompassed vitamin C.  This evidence is relevant under Rule 402 as background to explain the context in which defendant manufacturers consolidated, explain Dr. Bernheim's damages calculation, and rebut any potential defense concerning anti-dumping charges.  See United States v. Kahale, 789 F. Supp. 2d 359, 381 (E.D.N.Y. 2009).  Moreover, defendants will not suffer undue prejudice from the introduction of this evidence because they were not involved in the earlier litigations and investigations.  The Court will give a limiting instruction if defendants request it.

**III.     Defendants' Motion *in Limine* to Exclude Plaintiffs' Trial Exhibit 18 [Deposition Exhibit 72]**

  **Ruling: Decision reserved for trial.**

**IV.     Defendants' Motion *in Limine* to Exclude Incorrect Translations of Plaintiffs' Trial Exhibits[1]**

  **Ruling: Denied for the most part.** Defendants have not explained how they obtained the original Chinese version of Trial Exhibit 157. It was entirely proper for plaintiffs to put Trial Exhibits 1 and 157 on their trial exhibit list and the Court sees no reason why it should exclude document translations that defendants (in this case settling defendant Aland) produced during discovery.

  With regard to four of the exhibits (Trial Exhibits 2, 8, 18, and 48), an English translation of a foreign language document is generally admissible if a translator certifies the accuracy of the translation. See Sun v. Governmental Auths. on Taiwan, No. C 94-2769, 2001 WL 114443, at *5-7 (N.D. Cal. Jan. 24, 2001). If a party disagrees with a translation, it may present an alternative translation to the jury. See United States v. Ben-Shimon, 249 F.3d 98, 101 (2d Cir. 2001).

  The Court reserves ruling on whether defendants' alternative translations should be excluded as possible sources of jury confusion, Fed. R. Evid. 403, until defendants proffer such translated exhibits at trial so that the Court may have the benefit of context in making its rulings.[2]

---

[1] The exhibits include Trial Exhibits 1, 2, 8, 18, 48, 77, and 157. Alternatively, the parties refer to these same documents as Deposition Exhibits 20, 34, 36, 47, 50, 72, 76, 134, and 255.

[2] Trial Exhibit 77 (Deposition Exhibit 20) is a unique case. According to defendants, plaintiffs do not disagree with the "corrected" translation but instead argue that the "incorrect" translation should be used at trial because it was used during a deposition. Plaintiffs do not dispute this characterization of their position; they only argue that the difference between the two translations is unimportant and that it would be simpler to use the translation used during deposition. At this time, the Court cannot appreciate why the difference between the two translations is meaningful but if, during trial, that distinction becomes meaningful, the Court is inclined to require plaintiffs to use defendants' translation.

3

V. **The Parties' Motions on the Admissibility of the Aland Documents**

**Ruling: Defendants' motion denied, subject to the procedure in <u>United States v. Geaney</u>, 417 F.2d 1116 (2d Cir.1969), for co-conspirators statements.** The Court has already found that other Aland documents are admissible as against NCPGC in its ruling on NCPGC's motion for summary judgment. Plaintiffs have proffered evidence suggesting that the agreement to fix prices was voluntary rather than the product of government compulsion. When the existence of the underlying illicit conspiracy is disputed, as it is here, courts in the Second Circuitfollow the <u>Geaney</u> protocol, and "admit co-conspirator statements subject to the later satisfaction of [Rule] 801(d)(2)(E)." <u>Park West Radiology v. CareCore Nat'l LLC</u>, 675 F. Supp. 2d 314, 333 (S.D.N.Y. 2009). Here, it is clear that Aland documents were created "during the course and in furtherance of the conspiracy."[3]

VI. **The Parties' Motions Concerning Chinese Laws and Regulations**

**Ruling: Decision reserved for trial, for the most part.** The exception is that the Court denies plaintiffs' request to "correct" two earlier discovery Orders in this case based on their claim that the Orders erroneously characterized the Chamber as a "subsidiary" or "subsidiary agency" of the Chinese the Ministry of Commerce. Plaintiffs appeal to Rule 60(a), which allows the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." The Court finds that Rule 60(a) does not apply. See <u>In re Transtexas Gas Corp.</u>, 303 F.3d 571, 581 (5th Cir. 2002). The proper

---

[3] Defendants rightly point out that hearsay within hearsay is inadmissible unless a hearsay rule exception is applicable at each step. Fed. R. Evid. 805. Although the Court's ruling suggests that most instances of embedded hearsay in the Aland documents can be considered co-conspirator statements, it is possible that there may be some imbedded hearsay that does not fall within the scope of Rule 801(d)(2)(E). Defendants are free to object on this basis at trial and the Court will be in a better position to determine the admissibility of possible embedded hearsay at that time.

characterization of the Chamber is one of the disputed issues in this litigation and, thus, despite plaintiffs' argument, it is not clear that Judge Orenstein's characterization of the Chamber was an error at all, let alone a mere "mechanical" one.

**VII. Defendants' Motion *in Limine* to Exclude Statements by the Chinese Government in Unrelated Proceedings[4]**

**Ruling: Decision reserved for trial.**

**SO ORDERED.**

                                                                                     _____
                                                                                                                         U.S.D.J.

Dated: Brooklyn, New York
        February 24, 2013

---

[4] Specifically, this motion encompasses Deposition Exhibits 241, 253, 254, 261, 263, and 179-282. The parties alternatively refer to these documents as Trial Exhibits 152, 155, 156, and 158-163.