**BAKER & McKENZIE**

**Baker & McKenzie LLP**

452 Fifth Avenue
New York, NY 10018
United States

Tel: +1 212 626 4100
Fax: +1 212 310 1600
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta*
Kuala Lumpur*
Manila*
Melbourne
Shanghai
Singapore
Sydney
Taipei
Tokyo

**Europe, Middle East
& Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Baku
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Moscow
Munich
Paris
Prague
Riyadh
Rome
St. Petersburg
Stockholm
Vienna
Warsaw
Zurich

**Latin America**
Bogota
Brasilia*
Buenos Aires
Caracas
Guadalajara
Juarez
Lima
Mexico City
Monterrey
Porto Alegre*
Rio de Janeiro*
Santiago
Sao Paulo*
Tijuana
Valencia

**North America**
Chicago
Dallas
Houston
Miami
New York
Palo Alto
San Francisco
Toronto
Washington, DC

* Associated Firm

March 10, 2013                                                            Via ECF

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

**In Re Vitamin C Antitrust Litigation, MDL 06-1738 (BMC)(JO)**

Dear Judge Cogan,

Defendants submit this letter in response to the letter motion made by plaintiffs, Friday evening, March 8, 2013, in which plaintiffs attempt to preclude Dr. Wu from referring to Slides 1, 4, 5 and 24 in his direct testimony.[1]

Plaintiffs misunderstand the purpose for which these slides are offered. Dr. Wu does not intend to back away from using ITC data in his analysis. He does, however, wish to illustrate the statements in his report that price coordination above the $3.35 government mandated minimum price was not successful and to rebut Dr. Bernheim's trial testimony. To cure this misunderstanding, defendants are willing to remove the titles on slides 4, 5 and 24.

There is nothing new in these slides. The slides are demonstratives that illustrate points made at pages 6 and 12 of Dr. Wu's expert report that transaction prices were not in fact coordinated.[2] The slides serve two purposes: (1) They support the view stated in Dr. Wu's expert report at page 12, in his Daubert affidavit and in the Complaint itself that there was a price war, break-downs of coordination in prices or perhaps a lack of any coordination at all;[3] and (2) the slides rebut Dr. Bernheim's testimony on cross-examination at trial on March 5, 2013 that he had looked at the dispersion of actual prices but not disclosed it in either of his reports or his testimony, and that, in his opinion, substantially contemporaneous sales at widely varying prices above $3.35 per kilogram were consistent with price coordination.[4]

Dr. Wu's report states that he considered Hebei Welcome's actual sales prices for 2002 through 2007 and Weisheng's actual export sales prices and contracts.[5] This actual

---

[1] Slides 1, 4, 5 and 24 to be used during the testimony of Lawrence Wu, attached hereto as Exhibit A.
[2] Expert Report of Lawrence Wu, dated June 29, 2012, pp. 6, 12, attached as Exhibit B hereto.
[3] Expert Report of Lawrence Wu, dated June 29, 2012, p. 12 (included in Exhibit B hereto); Declaration of Lawrence Wu, dated October 12, 2012 (D.E. 549), p. 6, ¶ 15 (attached hereto as Exhibit C).
[4] March 5, 2013 Trial Transcript, pp. 884-887 (attached as Exhibit D hereto).
[5] Expert Report of Lawrence Wu, dated June 29, 2012, Exhibit 2, pp. 1-2 (included in Exhibit B hereto).

Baker & McKenzie Consulting LLC provides tax advisory and economic services and does not provide legal advice or services. Baker & McKenzie Consulting LLC is a subsidiary of Baker & McKenzie LLP, a member firm of Baker & McKenzie International, a Swiss Verein of member law firms around the world.

**BAKER & McKENZIE**

transaction data was produced in discovery in 2007 and 2008. At page 12 of Dr. Wu's expert report, paragraphs 35 and 36, based on the review of Hebei Welcome's and Weisheng's transaction prices and other business records, Dr. Wu stated:

> "it also appears that there were numerous instances of breakdowns in coordination during the alleged cartel period - or perhaps the complete absence of any agreement or coordination - as well".[6]

In his trial testimony, Dr. Bernheim stated for the first time that (i) he had previously looked at the degree of price dispersion of actual per kilogram prices of Vitamin C and (ii) that, in his opinion, prices charged at substantially the same time by the two defendants of $9.00 per kilogram and $4.60 per kilogram or $3.45 and $8.50 per kilogram were consistent with his theory that prices were coordinated.[7] Thus, Dr. Bernheim considered the very issue presented by these slides at some point during the previous five years since the data was produced, but chose not to show it to the jury, nor to place it in either his initial report or his rebuttal report. The slides are well within the scope of what is appropriate to rebut Dr. Bernheim's trial testimony.

There is no prejudice to the Plaintiffs because, according to Dr. Bernheim's trial testimony, plaintiffs have had the transaction information for approximately five years and have already done the analysis themselves, though not disclosed it.[8]

The slides show a lack of coordination in actual pricing behavior and a general adherence to the $3.35 price during 2003 and 2004, the time period when Dr. Bernheim asserts the greatest amount of damages were incurred and thus are highly probative on whether there was any agreement above the $3.35 government mandated price, whether prices were coordinated above $3.35, and thus on impact and quantum of damages, if any. If they are excluded, defendants will suffer great prejudice.

For the reasons stated above, Defendants request they be permitted to use slides 1, 4, 5 and 24 during Dr. Wu's testimony.

Respectfully submitted,

/s/ Darrell Prescott

Darrell Prescott

---

[6] Expert Report of Lawrence Wu, dated June 29, 2012, p. 12, ¶ 35 (included in Exhibit B, attached hereto).
[7] March 5, 2013 Trial Transcript, pp. 883-885 (attached as Exhibit D hereto).
[8] Dr. Bernheim stated that among the materials he considered are Hebei's and Weisheng's pricing data (listed in Appendix C of his expert report). Expert Report of B. Douglas Bernheim, P.h.D., dated November 14, 2008, Appendix C, pp. 205-206 (attached as Exhibit E hereto).