UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VITAMIN C ANTITRUST LITIGATION<br><br>This Document Relates To All Indirect Purchaser Actions:<br><br>*Audette v. Hebei Welcome Pharmaceutical Co. Ltd., et al.*<br>Case No. 06-988<br><br>*Philion, et al. v. Hebei Welcome Pharmaceutical Co. Ltd., et al.*<br>Case No. 06-987<br><br>*Keane, et al. v. Hebei Welcome Pharmaceutical Co. Ltd., et al.*<br>Case No. 06-149 | MASTER FILE 06-MD-1738 (BMC) (JO) |

THIS CAUSE came before the Court on Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant, Northeast Pharmaceutical Group Co., Ltd. ("NEPG"), dated March 29, 2013. Defendant NEPG entered into a settlement agreement with the Indirect Purchaser Plaintiffs on February 28, 2013 ("Settlement Agreement"). The Court, having reviewed the Motion, its accompanying memorandum, the Settlement Agreement, and the file, hereby:

**ORDERS AND ADJUDGES:**

1.  Terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

<u>Preliminary Approval of the Settlement Agreement</u>

2.  The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement

Class, subject to the Fairness Hearing described below. The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness.

<u>Class Certification of the Settlement Class</u>

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Indirect Purchaser Settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class for settlement purposes (the "Settlement Class"):

> All persons or entities, (but excluding all governmental entities, Defendants, their co-conspirators, and their respective subsidiaries or affiliates, and any person or entity that timely and validly elects to be excluded from the Settlement Class) residing in a Settling Jurisdiction who indirectly purchased Vitamin C Products for use or consumption and not for resale from within one or more Settling Jurisdictions at any time from December 1, 2001 to June 30, 2006.

"Vitamin C Products" means capsules or tablets containing Vitamin C used for pharmacological purposes. "Settling Jurisdictions" means California, New York, Arizona, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin.

4. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement Agreement because (a) the Settlement Class is so numerous that joinder is impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Plaintiffs and Indirect Purchaser Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class.

The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

5. The Court hereby appoints Saveri & Saveri, Inc., Gustafson & Gluek PLLC, and Straus & Boies LLP as Indirect Purchaser Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. Indirect Purchaser Plaintiffs Dennis Audette, Linda Philion, Melanie Farley, Richard Keane, Karen Haines, Gerard Shannon, Mark Schamel, Viviane Melo, Sandra Jeffreys, Dana Erichsen, Laurel Rose, Christine Poon, Linda Kohlenberg, Melissa Harris, Kaitlyn Johnson, Tausha Moeller, Lorene Culler, Dr. Carl Martin, D.V.M., Timothy Purdy, Ronald Kaufman, Jennifer Clark, Mark Kuchta, Kathleen Davis, Heather Rosene, Cory Rosene, Curt Badger, Follansbee Pharmacy, Diana Kitch, Stephanie Karol and Christopher Murphy (collectively, "Indirect Purchaser Plaintiffs") will serve as Class Representatives on behalf of the Settlement Class.

## Notice to Potential Class Members

BMC

7. ~~At a later date,~~ By April 29, 2013, Indirect Purchaser Class Counsel shall submit to the Court for approval a notice plan for purposes of advising class members, among other things, of their right to object to the Settlement Agreements, their right to exclude themselves from the Settlement Class, the procedure for submitting a request for exclusion, the time, date, and location of the Fairness Hearing, and their right to appear at the Fairness Hearing.

## Settlement Administration

8. To effectuate the Settlement Agreement, the Court hereby approves Rust Consulting as the Administrator of the Settlements, to be responsible for: (a) establishing a P.O.

Box and website (to be included in the notice to class members) for the purpose of communicating with class members; (b) disseminating notice to the classes; and (c) accepting and maintaining documents sent from the class members, including exclusion requests.

9. The Court approves Class Counsel's designation of Citibank, N.A. as Escrow Agent pursuant to the Escrow Agreement.

### Other Provisions

10. In the event that either Settlement Agreement is terminated in accordance with its provisions, that Settlement Agreement and all proceedings had in connection therewith shall be void, except insofar as expressly provided to the contrary in that Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, NEPG, and the members of the class.

11. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any other class proposed in the indirect purchaser consolidated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify the indirect purchaser class in these actions and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

**IT IS SO ORDERED.**

DATED: 4/1/13

Brian M. Cogan, U.S.D.J.

Conformed copies furnished to:
Counsel of Record

4