**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE**<br>**VITAMIN C ANTITRUST LITIGATION**<br><br>This Document Relates To:<br><br>*Animal Science Products, Inc., et al. v.*<br>*Hebei Welcome Pharmaceutical Co., Ltd., et*<br>*al.*, Case No. 1:05-CV-00453(BMC)(JO)<br>(E.D.N.Y.) | **MASTER FILE 1:06-MDL-1738**<br>**(BMC)(JO)** |

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'  RENEWED**
**MOTION FOR JUDGMENT AS A MATTER OF LAW TO REDUCE**
**DAMAGES BY $7.5 MILLION (BEFORE TREBLING) DUE TO**
**SPECULATION, GUESS AND SURMISE AS TO CO-CONSPIRATOR SALES**

---

BAKER & McKENZIE LLP
Charles H. Critchlow
Darrell Prescott
Catherine Y. Stillman
452 Fifth Avenue
New York, NY 10018
Tel: (212) 626-4476
Fax: (212) 626-4120

*Attorneys for Defendants Hebei Welcome*
*Pharmaceutical Co., Ltd. and North China*
*Pharmaceutical Group Corporation*

## I.      INTRODUCTION

Defendants Hebei Welcome Pharmaceutical Co., Ltd. ("Hebei") and North China Pharmaceutical Group Corp. ("NCPGC") submit this Memorandum of Law in support of their renewed motion pursuant to Fed. R. Civ. P. 50(b) for judgment as a matter of law to reduce the damage award by $7.5 million before trebling ($22.5 million after trebling), attributable to direct purchases from Anhui Tiger Biotech Co., Ltd. ("Tiger") and Shandong Zibo Hualong Co., Ltd. ("Hualong") [1].  Such an order is required because on the record of this case no reasonable jury could have a legally sufficient basis for the inclusion of these damages, the record for which is barren of *any* evidence that they were properly included in the plaintiffs' damages calculation. Thus, this portion of the damages is wholly speculative and must be excluded from the damage award.

It is beyond dispute that, according to the class definition certified in this case, only direct purchasers who bought vitamin C pursuant to contracts without arbitration clauses had a right to recover damages. The burden of proof is on plaintiffs, not defendants, with respect to "all elements of [their] damages claim."  [Tr. 1544:3-4, attached hereto as Exhibit A]  It was the Plaintiffs who needed to make an affirmative showing that they were entitled to the damages they seek. Yet here, the Plaintiffs included $7.5 million in their damages calculation without obtaining or examining the Tiger and Hualong contracts at all, much less determining whether the correlating contracts did not contain arbitration clauses -- an exercise Plaintiffs carefully undertook with each of the originally named Defendants in order to justify their damages calculation.  Thus, including the $7.5 million representing purchases from Tiger and Hualong without any evidentiary support could only be the result of surmise and conjecture.

---

[1] Tr. at 1332:12-1335:1; 1373:10-25 (the difference between $54.1 and $46.6 is attributable to co-conspirator sales by Tiger and Hualong), attached hereto as Exhibit A.  All trial transcript excerpts referenced in this memorandum are attached hereto as Exhibit A

## II.       THE LEGAL STANDARD

A Rule 50 motion "tests the sufficiency of evidence in support of a jury verdict. " *Loral Fairchild Corp. v. Victor Co. of Japan, Ltd.*, 931 F. Supp. 1014, 1022 (E.D.N.Y. 1996). In evaluating a Rule 50 motion, "this court reviews the record to ascertain whether a reasonable jury could have reached the verdict in the case" and must uphold the jury's verdict only "[w]here substantial evidence supports its findings. " *Id*. However, such deference is not absolute and a verdict cannot stand when it is found that the evidentiary basis upon which it rests is not legally sufficient. Fed. R. Civ. P. 50(a).

This court may set aside a jury verdict pursuant to Fed. R. Civ. P. 50(b) "where (1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded [persons] could not arrive at a verdict against [it]." *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp*., 136 F.3d 276, 289 (2d Cir. 1998) (affirming judgment as a matter of law under Rule 50(b) in favor of defendant employer against plaintiff employee's Title VII gender discrimination and retaliation claim, on the ground that the secretarial tasks performed by plaintiff were typical of the position and thus "the evidence was insufficient as a matter of law" to support the claim that the plaintiff was subject to gender discrimination). A jury verdict may be set aside under Rule 50 where "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [jurors] could have reached. " *Schlaifer Nance & Co., Inc. v. The Estate of Andy Warhol,* 119 F.3d 91, 98 (2d Cir. 1997) (affirming judgment as a matter of law, reasoning that no reasonable

juror could conclude that plaintiff marketing company "reasonably relied" on defendant estate's

representations that it controlled all of Andy Warhol's works based on the evidentiary record).

## III.   ARGUMENT

Plaintiffs improperly swept the damages represented by purchases from Tiger and

Hualong into their damages calculation without any factual basis for including them.  This Court

then improperly put the burden of proof upon the Defendants to disprove the propriety of the

inclusion of the damages represented by purchases from Tiger and Hualong.[2]  As this Court has

recognized, and in accordance with case law, it is the Plaintiffs who bear the burden on all

elements of their damages claim, and they have presented no evidence for the inclusion of the

$7.5 million attributable to direct purchases from Tiger and Hualong in their damages award.

The Damages Class is defined as

> All persons or entities, or assignees of such persons or entities, who directly purchased vitamin C for delivery in the United States, ***other than pursuant to a contract containing an arbitration clause***, from any of Defendants or their co-conspirators, other than Northeast Pharmaceutical (Group) Co. Ltd., from December 1, 2001 to the present. Excluded from the proposed class are all governmental entities, Defendants, their co-conspirators, and their respective subsidiaries or affiliates.

Order Certifying Class [Docket No. 453], Jan. 26, 2012.  (emphasis added)  Thus, on its face,

only direct purchasers who bought pursuant to contracts without arbitration clauses had a right to

recover damages.

---

[2] In denying Defendants' Rule 50(a) motion regarding sales to Tiger and Hualong, the Court shifted the burden of proving damages to Defendants:  "I think when the Plaintiff, which clearly has the burden of proof on all elements of its damage claim, puts the contracts of sale into -- it quantifies them for purposes of claiming damages on them, it has met its burden of going forward on that issue.  It then becomes incumbent on the defendants, it seems to me, to come back and say wait a minute, that's wrong, those contracts should not be included.  They are contracts.  They are prima facie evidence of sales and unless there's some reason the defendants want to offer to show that they ought to be excluded, then I think they should not be.  So, I am rejecting that point. "  Tr. 1544:2-13.

Plaintiffs engaged an expert, Frank Innes, Senior Managing Director of FTI Consulting, Inc., to review the Weisheng and Jiangsu (Aland) contracts to ascertain which of them did not contain arbitration clauses.  This work by Mr. Innes is reflected in the stipulation read into the trial record at page 769:

> **11** All right. The parties hereby stipulate to the
> **12** following facts. With respect to JJPC/Aland, vitamin C
> **13** sales to the United States during the relevant period, the
> **14** sales that can be matched to an arbitration clause are
> **15** correctly set forth on Exhibit 3 and 4 to the report of
> **16** Philip J. Innes, dated November 8, 2008, which exhibits are
> **17** attached hereto, and no objection is made to these exhibits
> **18** being admitted into evidence. And those are Exhibits 463
> **19** through 465.
> **20** With respect to Weisheng vitamin C sales to the
> **21** United States during the relevant period, the sales that can
> **22** be matched to an arbitration clause are correctly set forth
> **23** in Exhibit 3 to the report of Philip J. Innes dated
> **24** August 30, 2012, which exhibit is attached hereto, and no
> **25** objection is made to the exhibit being admitted into
> **1** evidence.
> **2** Now, you may not yet know what that means, but the
> **3** lawyers will make it clear to you. These are stipulated
> **4** facts.

Tr. 769:11-770:4.

With respect to Hebei Welcome's sales, a spreadsheet of those sales was used reflecting whether or not the sales were pursuant to contracts containing arbitration clauses; and only those sales that did not contain arbitration clauses were included in the damage calculation.  Tr. 1332:12-1335:1.  With respect to NEPG, it was dropped from the damages claim entirely as all of its sales were pursuant to contracts containing arbitration clauses.  Tr. 1332:24-25.

In stark contrast, the record is devoid of any evidence whatsoever that Tiger and Hualong's sales were made pursuant to contracts that did not contain arbitration clauses.[3] Plaintiffs will not, and cannot, point to a single page of the record that reflects a determination by any witness at trial as to whether these co-conspirator sales contained arbitration clauses.

The verdict and the judgment entered March 14, 2013 contain $7.5 million of damages which, contrary to jury instruction II.D.i [Tr. 1762:20-22, Jury Charge at 25[4]] are based entirely on speculation, guess, or surmise.  As stated in jury instruction number II.D:

> ***Compensatory damages cannot be based on speculation or sympathy***. Rather, they must be based on the evidence presented at trial, and only on that evidence. . . . If plaintiffs establish with reasonable probability the existence of an injury directly and proximately caused by defendants' antitrust violation, you are permitted to make a just and reasonable estimate of the damages. So long as there is a reasonable basis in the evidence for a damages award, plaintiffs should not be denied a right to be fairly compensated just because damages cannot be determined with absolute mathematical certainty. . . . ***The amount of damages must, however, be based on reasonable, non-speculative assumptions and estimates. Plaintiffs must prove the reasonableness of each of the assumptions upon which the damages calculation is based.*** If you find that plaintiffs has failed to carry their burden of providing a reasonable basis for determining damages, then your verdict must be for defendants.

Tr. 1762:20-22, 1763:3-18; Jury Charge at 25-26 (emphasis added).

---

[3] Defendants' expert, Lawrence Wu, testified that whereas Plaintiffs' expert had identified the sales made by each of the manufacturer defendants that were subject to arbitration clauses, no effort was made to do the same for Hualong and Tiger:

> …[O]n the basis of a couple of observations when Dr. Bernheim did look at the sales by [NEPG], JJPC, Hebei and Weisheng, he did find that they had sales subject to arbitration clauses.  One, JPG where all of the sales were subject to arbitration clauses, and, even at the low end, it was Weisheng and JJPC where a quarter of their sales were subject to arbitration clauses, so there's a huge range there.  And all I was pointing out is that Dr. Bernheim includes in his damages calculations all of the sales from Tiger and Hualong, but we haven't actually done any analysis to know whether any of those sales are subject to arbitration clauses or not.

Tr. 1411:25-1412:11

[4] All excerpts from the Jury Charge referenced in this memorandum are attached hereto as Exhibit B.

The verdict and March 14, 2013 judgment therefore contain $7.5 million of damage before trebling ($22.5 million after trebling) (1) with respect to persons and/or purchases which are not demonstrated by any evidence whatsoever to fall within the class definition and (2) are based on no documentation or facts at all.

In ruling on this motion under Rule 50(a), the Court stated that defendants had the burden to subpoena each of Tiger and Hualong's customers in the United States (assuming without any foundation that these customers could even be identified) and to obtain the contracts.  [Tr. 1543:22-1544:13].  Likewise, in its Order dated November 19, 2012, the Court stated at page 18 that

> Defendants have not put forward any evidence that the contracts did, in fact, contain arbitration clauses.

Mem. Decision and Order dated Nov. 19, 2012, at 18 [D.E. 604].

With respect, these statements contradict the jury charge as to burden of proof on damages and place the burden on defendants rather than on plaintiffs to prove damages without speculating; this is exactly the opposite of where the burden lies.  *See Continental Orthopedic Appliances, Inc. v. Health Ins. Plan of Greater N.Y., Inc*., No. 95-4541, 2000 U.S. Dist. LEXIS 18119, at *7 (E.D.N.Y. Dec. 4. 2000); Tr. 1762:20-22, 1763:3-18; Jury Charge at 25-26. Plaintiffs have failed to satisfy their burden of proof to justify the inclusion of all purchases from Hualong and Tiger, as they have done nothing to obtain the contracts of Tiger and Hualong, much less ascertain whether those contracts contained an arbitration clause.  Therefore, Plaintiffs have done nothing to demonstrate that the sales by Tiger and Hualong even fall within the certified damages class, and have likewise done nothing to prove the quantum, if any, allocable to these two companies' sales.

## IV.     CONCLUSION

For these reasons, defendants move the Court to reduce the damage award by $7.5 million before trebling ($22.5 million after trebling) pursuant to Rule 50(b) and Rule 59(e) by remittitur.


BAKER & McKENZIE LLP


By:  _/s/ Darrell Prescott_____
Charles H. Critchlow
Darrell Prescott
Catherine Y. Stillman
452 Fifth Avenue
New York, New York 10018
Telephone:  (212) 626-4476
Fax:  (212) 626-4120

*Attorneys for Defendants Hebei Welcome Pharmaceutical Co., Ltd.* and *North China Pharmaceutical Group Corp.*