UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re VITAMIN C ANTITRUST LITIGATION | 1:06-MD-01738 (BMC) (JO) |
| THIS DOCUMENT RELATES TO: ANIMAL SCIENCE PRODUCTS, INC., et al.<br><br>Plaintiffs,<br>v.<br>HEBEI WELCOME PHARMACEUTICAL CO. LTD., et al.<br><br>Defendants. | CV-05-453 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AUTHORIZE DISTRIBUTION OF THE ALAND DIRECT PURCHASER SETTLEMENT FUND AND TO PAY COSTS OF CLAIMS ADMINISTRATION**

Plaintiffs respectfully submit this memorandum in support of their motion to authorize distribution of the Direct Purchaser Settlement Fund from their settlement with Aland (Jiangsu) Nutraceutical Co., Ltd. ("Aland").

## I.    FACTUAL BACKGROUND

The Court has granted final approval of the settlements with Aland (ECF No. 560). Rust Consulting, Inc. ("Rust"), serving as the Court-approved Claims Administrator, has engaged in a thorough claims administration process, and the Settlement Fund from the Aland settlement, minus the deductions set forth in more detail below, are ready to be distributed to class members. *See* Declaration of Charlene Young Re: Aland Settlement Claims Administration, dated August 20, 2013 ("Young Declaration").

## II.    CLAIMS ADMINISTRATION PROCESS

Rust (in conjunction with its partner, Kinsella Media) was charged with various administrative tasks, including: disseminating notices; publishing summary notices; receiving and processing claims and requests for exclusion; responding to class member inquiries; establishing and maintaining a settlement website; and performing such other duties as may be directed by the Court or the parties. Young Decl. at ¶¶ 3-5 and Exhibit A thereto. Rust also conducted the administrative tasks associated with collecting claim forms from claimants, evaluating and auditing those claim forms, and ultimately calculating the appropriate allocated amount for each qualified claimant. Young Decl. at ¶¶ 3-9. Rust received a total of 60 claim forms. *Id.* at ¶ 6. The claims review and audit process was thorough and time consuming.

### A.   Claim Form Deadline and Documentation

The deadline for filing timely claims against the Aland Direct Purchaser Settlement Fund was January 18, 2013. *Id.* at ¶ 6. Many claimants were provided with preprinted claim forms,

1

using sales data provided by Defendants. *Id*. Claimants were permitted to amend their preprinted claim forms if they provided sufficient documentation. *Id.* Each claimant also had to verify the accuracy of the information provided on the claim form under penalty of perjury. *Id*.

### B. Deficiency Review and Audit Process

Rust received a total of 60 claims, prior to reduction based on ineligibility. *Id*. Rust compiled the information provided in the claim forms in its proprietary database. *Id*. Rust then identified claims that were deficient because they failed to provide a purchase amount. *Id*. at ¶ 7. Rust mailed or otherwise communicated with these claimants and provided them an opportunity to cure such deficiencies. *Id.* at ¶ 8. Rust also requested supporting documentation from claimants who had amended their preprinted claim form. *Id.* at ¶¶ 7-8. Of the claimants requiring further contact, eight withdrew their claims and 16 remained ineligible. *Id.* at ¶ 8.

After reviewing the claimants' responses, Rust engaged in discussions with claimants, where necessary. *Id*. For claimants who did not respond to the request for supporting documentation, Rust followed up with reminder phone calls and e-mails providing them with multiple opportunities to provide supporting documentation. *Id*.

Purchases made by eligible claimants account for nearly 70% of the vitamin C purchased from Chinese vitamin C manufacturers within the class definition. Fourteen claimants will receive over $100,000 from the Aland settlement fund (with four payments greater than $500,000); another thirteen claimants will receive over $10,000. *Id.*, Exhibit G. This high claims rate by percentage of purchases, combined with the substantial payments to many class members, is an excellent result for the Direct Purchaser Damages Class.

### C. Late-Filed Claims

Five claimants filed claims after the deadline, but not so late as to interfere with the claims administration process. *Id.* at ¶ 10(b). Therefore, each of these claims were included and treated as timely claims for purposes of the settlement distribution, and Class Counsel recommend that they be accepted by the Court. It is appropriate for the Court to approve distribution to claimants who filed these late claims, particularly where, as here, it is equitable to do so. *See Zients v. LaMorte*, 459 F.2d 628, 629-30 (2d Cir. 1972) (accepting late claims where made before the distribution of funds); *see also In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 843 (E.D.N.Y. 1995) (citing *Zients*, 459 F.2d at 629-30).

One claimant, through a third-party filer, submitted a claim over six months after the claims deadline. *Id.* at ¶ 9. Because accepting and processing this claim would delay distribution of the Aland settlement funds to other class members, Class Counsel recommend that this claim be accepted and processed for the Weisheng settlement distribution, but be excluded from the Aland settlement distribution. Rust's calculations of distribution amounts to class members from the Aland settlement fund (Exhibit G to the Declaration of Charlene Young) thus do not include this claimant.

### D. The Settlement Fund

In total, Aland has paid $9,500,000 in settlement. On October 23, 2012, the Court awarded Class Counsel $3.7 million in attorneys' fees and expenses from this Settlement Fund. (ECF No. 560).

On December 21, 2012, the Court approved Plaintiffs' motion to pay invoices from Rust ($38,611.16) and Kinsella Media ($176,959) from the Direct Purchaser Settlement Fund, for unpaid notice and claims administration costs. Since that time, Rust has invoiced the Direct

3

Purchaser Settlement Fund an additional $45,530.17 for claims administration work, and expects that another $10,000 in fees and expenses will be incurred to complete the distribution process, file necessary tax returns, and respond to claimant inquiries. Young Decl. at ¶ 11. Direct Purchaser Plaintiffs hereby move for authorization to pay the additional $45,530.17 in claims administration costs from the Aland Direct Purchaser Settlement Fund at this time, and to withhold an additional $10,000 from distribution to cover anticipated additional costs related to distribution.

Following these adjustments and including interest earned, the total settlement funds available for distribution are $5,365,539.25 (the "Net Settlement Fund"). *Id.* at ¶ 12.

## III. PROPOSED DISTRIBUTION

The Net Settlement Fund will be allocated in accordance with the Plan of Allocation approved by the Court. (ECF No. 560). Under the Plan of Allocation, the Net Settlement Fund shall be distributed to Direct Purchaser Class members that submit valid claim forms, after deducting fees and expenses approved by the Court. Class members' direct purchases for each year are multiplied by the percentage overcharge for that year, as calculated by Plaintiffs' expert economist, Dr. Bernheim, to determine each class members' total claimed damages.[1]

Rust has completed the processing of claims in connection with the Aland settlement. The Net Settlement Fund is now available for distribution to class members who have submitted

---

[1] Dr. Bernheim calculated damages by year for sales without arbitration clauses using the SARS-adjusted but-for price, as evidenced in Figure 78 of his Expert Report, dated November 14, 2008. He revised his calculations in his Rebuttal Expert Report, dated August 31, 2012 (Figure 53), in response to amended sales numbers from Weisheng. After Mr. Innes identified additional contracts with arbitration clauses in his Export Report, dated August 30, 2012, Dr. Bernheim updated his calculations, as shown in the chart attached to the Young Declaration as Exhibit H. Rust weighted claimants' purchases by year, as shown in the third column ("Sales using the SARS-adjusted but-for price, Net of Arbitration Clauses"). Dr. Bernheim testified at trial regarding his approach to calculating damages, and the jury found that Plaintiffs had proven the damages estimated by Dr. Bernheim.

4

valid claims. The distribution will be made pursuant to the chart attached as Exhibit G to the Young Declaration.[2] Exhibit G identifies each eligible claimant (by number rather than by name, for confidentiality), provides the claimant's recognized loss amount (total purchases weighted by year as required under the Plan of Allocation), and the recommended award amount under the Plan of Allocation.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court authorize payment of $45,530.17 to Rust, and authorize distribution of the Aland Net Settlement Fund to Direct Purchaser Class members who have submitted valid claims as set forth above and in the Young Declaration.

---

[2] In 2008, when Plaintiffs voluntarily dismissed Legend Ingredients Group, Inc. ("Legend") from the case, Legend assigned its share of any recovery to its customers. In order to effect that assignment, Class Counsel submitted a claim on Legend's behalf, and intends to distribute the proceeds of Legend's claim to Legend's customers, pro rata, based on sales data provided by Legend in discovery. For ease of reference, Legend's claim (as submitted by Class Counsel), is shown as Claimant #24 on Exhibit G to the Young Declaration.

5

Dated: August 20, 2013                                          Respectfully submitted,

| | |
|---|---|
| */s/ Michael D. Hausfeld*_____ | */s/ William A. Isaacson*_____ |
| Michael D. Hausfeld | William A. Isaacson |
| Brian A. Ratner | Tanya Chutkan |
| Brent W. Landau | Jennifer Milici |
| Melinda R. Coolidge | BOIES, SCHILLER & FLEXNER LLP |
| HAUSFELD LLP | 5301 Wisconsin Avenue, NW, Suite 800 |
| 1700 K Street, NW Suite 650 | Washington, DC 20015 |
| Washington, DC 20006 | Tel.: (202) 237-2727 |
| Tel: (202) 540-7200 | Fax: (202) 237-6131 |
| Fax: (202) 540-7201 | |
| | |
| */s/ James T. Southwick*_____ | |
| James T. Southwick | Alanna Rutherford (AR-0497) |
| Shawn L. Raymond | BOIES, SCHILLER & FLEXNER LLP |
| Katherine Kunz | 575 Lexington Avenue, 7th Floor |
| SUSMAN GODFREY L.L.P. | New York, New York 10022 |
| 1000 Louisiana, Suite 5100 | Tel: (212) 446-2300 |
| Houston, TX 77002 | Fax: (212) 446-2350 |
| Tel.: (713) 651-9366 | |
| Fax: (713) 654-6666 | |

*Co-Lead Counsel for the Certified Direct Purchaser Damages Class and Injunction Class*

6