# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VITAMIN C ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ANIMAL SCIENCE PRODUCTS, INC. et al.,<br><br>                            Plaintiffs,<br>v.<br><br>HEBEI WELCOME PHARMACEUTICAL CO. LTD., et al.,<br><br>                            Defendants | MASTER FILE 06-MD-1738 (BMC) (JO) |

## [PROPOSED]
## FINAL JUDGMENT

In March 2013, the Direct Purchaser Damages Class and the Injunction Class (the "Certified Classes") and Defendants CSPC Pharmaceutical Group Limited (formerly known as China Pharmaceutical Group Limited) ("CPG") and Weisheng Pharmaceutical Co., Ltd. ("Weisheng") entered into a Settlement Agreement to fully and finally resolve the claims of the Certified Classes. On June 26, 2013 Class Counsel applied for an award of attorneys' fees an reimbursement of expenses. (Doc. No. 767).

On June 14, 2012, the Court approved the following revised definition of the Direct Purchaser Damages Class:

> All persons or entities, or assignees of such persons or entities, who directly purchased vitamin C for delivery in the United States, other than pursuant to a contract containing an arbitration clause, from any of Defendants or their co-conspirators, other than Northeast Pharmaceutical (Group) Co. Ltd., from December 1, 2001 to June 30, 2006. Excluded

> from the proposed class are all governmental entities, Defendants, their
> co-conspirators, and their respective subsidiaries or affiliates.

Memorandum Decision and Order, Doc. No. 488 (June 15, 2012). Also on June 14, 2012, the Court approved the following revised definition of the Injunction Class:

> All persons or entities, or assignees of such persons or entities, who purchased vitamin C manufactured by Defendants for delivery in the United States, other than pursuant to a contract with a Defendant containing an arbitration clause, from December 1, 2001 to the present, requiring injunctive relief against Defendants to end Defendants' antitrust violations.

*Id.*

On October 2, 2013, the Court conducted a fairness hearing on the proposed settlements with CPG and Weisheng (the "Settlement Agreement") and Class Counsel's application for fees and expenses. The Court made findings on the record and granted final approval of the settlements. The Court also granted Class Counsel's application for an award of attorneys' fees and reimbursement of expenses.

**IT IS THEREFORE HEREBY ADJUDGED AND DECREED:**

1. The terms of the Certified Classes settlement with Weisheng and CPG are fair, reasonable and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure or other applicable law. Final approval of the Certified Classes settlement with Weisheng and CPG is granted.

2. Class Counsel's requested award of attorneys' fees and reimbursement of expenses is fair and reasonable within the meaning of Rule 23 of the Federal Rules of Civil Procedure or other applicable law. Class Counsel are hereby awarded $7,875,000 in fees and $1,591,358.94 in expenses from the Weisheng and CPG settlement fund.

3. No persons or entities have requested exclusion from the Direct Purchaser

Damages Class. Thus, each member of the Certified Classes is bound by this Final Judgment and will remain forever bound.

4. *In re Vitamin C Antitrust Litigation*, 06-MD-1738 (BMC) (JO) (E.D.N.Y.), and all actions filed in or transferred to the United States District Court for the Eastern District of New York for consolidation and/or coordination with this multidistrict litigation, specifically including the action captioned *Animal Science Products Inc., et al. v. Hebei Welcome Pharmaceutical Co. Ltd., et al.* (collectively, the "Action") are dismissed, with prejudice and in their entirety, on the merits, and except as provided for in the Settlement Agreements, without costs, as to Weisheng and CPG and any other party released under the Settlement Agreement who is a Defendant in the Action. This dismissal shall not affect, in any way, Plaintiffs' right to pursue claims, if any, outside the scope of the release set out in the Settlement Agreement.

5. The Ranis Company, and each member of the Direct Purchaser Damages Class, their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, corporate parents, subsidiaries, affiliates, corporate partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators, and assigns of any of the foregoing (the "Damages Releasors") are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any claims released by the Damages Releasors in the Certified Classes Settlement Agreement against Weisheng and CPG and their respective past and present, direct and indirect, parents, subsidiaries and affiliates; each of their respective predecessors, successors and assigns; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of any of the

foregoing (the "Releasees").  "Releasees" does not include any Defendant, other than CPG and Weisheng, in the action.

6. Animal Science Products, Inc., the Injunction Class, their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, corporate parents, subsidiaries, affiliates, corporate partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators, and assigns of any of the foregoing (the "Injunction Releasors") are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any claims released by the Injunction Releasors in the Settlement Agreements against the Releasees.

7. Upon the occurrence of the first date by which one of the following dates occurs: (a) if an appeal is taken, (i) the date of final affirmance on appeal of the order and final judgment, the expiration of the time for a petition for or a denial of a writ of *certiorari* to review the order and final judgment and, if *certiorari* is granted, the date of final affirmance of the order and final judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the order and final judgment or the final dismissal of any proceedings on *certiorari* to review the order and final judgment; or (b) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the order and final judgment (without taking into account the provisions of Rule 60 of the Federal Rules of Civil Procedure or the All Writs Act, 28 U.S.C. §1651), the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any person or entity has objected to the settlement or makes a claim upon or participates in the Settlement Fund), whether directly,

representatively, derivatively or in any other capacity that the Damages Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, related to, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected and unsuspected injuries, damages, and the consequences thereof in any way arising out of or relating to any act or omission of the Releasees (or any of them) concerning the pricing, production, development, marketing, sale or distribution of Vitamin C Products during the period from the beginning of time to the present, including claims based on the conduct alleged and causes of action asserted, or that could have been asserted, in complaints filed in the Action by the Ranis Company and Animal Science Products, Inc., including, without limitation, any claims arising under any federal or state antitrust, unjust enrichment, unfair competition, or trade practice statutory or common law, or consumer protection law (to the extent that a consumer protection claim would be based on allegations of an antitrust or unfair competition violation) (the "Released Claims"). On the same date, Releasees shall be completely released, acquitted, and forever discharged from any and all claims related to injunctive relief by the Injunction Releasors.

8. This Final Judgment does not settle or compromise any claim by Plaintiffs or any class member against any former or current Defendant or alleged co-conspirator or any other person or entity other than the Releasees and all rights against any other Defendant or other person or entity are specifically reserved.

9. Without affecting the finality of this Final Judgment, the Court retains exclusive jurisdiction over the Action and the Settlement Agreements, including the administration, interpretation, consummation, and enforcement of the Settlement Agreements.

10. If the Court enters injunctive relief against any non-settling Defendant, enjoining

such Defendant and other persons acting or who claim to be acting in active concert or participation with such Defendant from violating Section I of the Sherman Act, CPG and Weisheng will comply with such injunction.

11. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of this final judgment of dismissal forthwith as to the Released Parties.

Dated: <u>Oct 16</u>, 2013

Digitally signed by Brian M. Cogan

_____
HON. BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE