UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VITAMIN C ANTITRUST LITIGATION (JO) | MASTER FILE 06-MD-1738 (BMC) |
| This Document Relates To: | |
| *Audette v. Hebei Welcome Pharmaceutical Co. Ltd.;* | |
| *Keane, et al. v. Hebei Welcome Pharmaceutical Co. Ltd., et al.;* | |
| *Philion v. Hebei Welcome Pharmaceutical Group. Ltd.* | |

## FINAL JUDGMENT

The Indirect Purchaser Damages Settlement Class ("IPDS Class") and Defendant Northeast Pharmaceutical Group Co., Ltd. ("NEPG") entered into a Settlement Agreement to fully and finally resolve the claims of the IPDS Class in February 2013. On April 3, 2013, the Court certified the IPDS Class for settlement purposes:

> [A]ll persons or entities, (but excluding all governmental entities, Defendants, their co-conspirators, and their respective subsidiaries or affiliates, and any person or entity that timely and validly elects to be excluded from the Settlement Class) residing in a Settling Jurisdiction who indirectly purchased Vitamin C Products for use or consumption and not for resale from within one or more Settling Jurisdictions at any time from December 1, 2001 to June 30, 2006.

Order, Doc. No. 686 (April 3, 2013).

1

On October 2, 2013, the Court conducted a fairness hearing on the proposed settlement with NEPG, and granted final approval of the settlement between the IPDS Class and NEPG.

**IT IS THEREFORE HEREBY ADJUDGED AND DECREED:**

1. The terms of the IPDS Class settlement with NEPG are fair, reasonable and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure or other applicable law. Final approval of the IPDS Class settlement with NEPG is granted.

2. No persons or entities have made timely requests for exclusion from the IPDS Class. Thus, each member of the IPDS Class is bound by this Final Judgment and will remain forever bound.

3. *In re Vitamin C Antitrust Litigation*, 06-MD-1738 (BMC) (JO) (E.D.N.Y.), and all actions filed in or transferred to the United States District Court for the Eastern District of New York for consolidation and/or coordination with this multidistrict litigation, specifically including the actions captioned *Audette v. Hebei Welcome Pharmaceutical Co. Ltd.; Keane, et al. v. Hebei Welcome Pharmaceutical Co. Ltd., et al.; Philion v. Hebei Welcome Pharamceutical Group. Ltd.* (collectively, the "Action") are dismissed, with prejudice and in their entirety, on the merits, and except as provided for in the Settlement Agreement, without costs, as to NEPG and any other party released under the Settlement Agreement who is a Defendant in the Action. This dismissal shall not affect, in any way, Plaintiffs' right to pursue claims, if any, outside the scope of the release set out in the Settlement Agreement.

4. Dennis Audette, Linda Philion, Melanie Farley, Richard Keane, Karen Haines, Gerard Shannon, Mark Schamel, Viviane Melo, Sandra Jeffreys, Dana Erichsen,

Laurel Rose, Christine Poon, Linda Kohlenberg, Melissa Harris, Kaitlyn Johnson, Tausha Moeller, Lorene Culler, Dr. Carl Martin, D.V.M., Timothy Purdy, Ronald Kaufman, Jennifer Clark, Mark Kuchta, Kathleen Davis, Heather Rosene, Cory Rosene, Curt Badger, Follansbee Pharmacy, Diana Kitch, Stephanie Karol, Christopher Murphy (collectively, "IP Plaintiffs"), and each member of the IPDS Class, their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, corporate parents, subsidiaries, affiliates, corporate partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators, and assigns of any of the foregoing, (the "Damages Releasors") are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any claims released by the Damages Releasors in the IPDS Class Settlement Agreement against NEPG and its respective past and present, direct and indirect, parents, subsidiaries and affiliates; the predecessors, successors and assigns of NEPG; and each and all of the present and former principals, partners, officers, directors, supervisors, employees, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of any of the foregoing (the "Releasees"). "Releasees" does not include any Defendant, other than NEPG, in the action.

    5.  Upon the occurrence of the first date by which one of the following dates occurs: (a) if an appeal is taken, (i) the date of final affirmance on appeal of the order and final judgment, the expiration of the time for a petition for or a denial of a writ of *certiorari* to review the order and final judgment and, if *certiorari* is granted, the date of final affirmance of the order and final judgment following review pursuant to that

grant; or (ii) the date of final dismissal of any appeal from the order and final judgment or the final dismissal of any proceedings on *certiorari* to review the order and final judgment; or (b) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the order and final judgment (without taking into account the provisions of Rule 60 of the Federal Rules of Civil Procedure or the All Writs Act, 28 U.S.C. §1651), the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any person or entity has objected to the settlement or makes a claim upon or participates in the Settlement Fund), whether directly, representatively, derivatively or in any other capacity that the Damages Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, related to, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected and unsuspected injuries, damages, and the consequences thereof in any way arising out of or relating to any act or omission of the Releasees (or any of them) concerning the pricing, production, development, marketing, sale or distribution of Vitamin C Products during the period from the beginning of time to the present, including claims based on the conduct alleged and causes of action asserted, or that could have been asserted, in complaints filed in the Action by the IP Plaintiffs, including, without limitation, any claims arising under any federal or state antitrust, unjust enrichment, unfair competition, or trade practice statutory or common law, or consumer protection law (to the extent that a consumer protection claim would be based on allegations of an antitrust or unfair competition violation) (the "Released Claims").

6. This Final Judgment does not settle or compromise any claim by Plaintiffs

or any class member against any former or current Defendant or alleged co-conspirator or any other person or entity other than the Releasees and all rights against any other Defendant or other person or entity are specifically reserved.

7. Without affecting the finality of this Final Judgment, the Court retains exclusive jurisdiction over the Action and the Settlement Agreement, including the administration, interpretation, consummation, and enforcement of the Settlement Agreement. Notwithstanding this final judgment, NEPG shall be treated as if it remains a defendant in the Action until such time as the Action is tried or settled as to all Defendants. This provision does not give the Court any authority or jurisdiction over NEPG beyond that which it would have if NEPG remained a Defendant in the Action, and applies solely to the instance in which the IPDS Class bring the Action to trial against another Defendant.

8. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of this final judgment of dismissal forthwith as to the Releasees.

Dated: Oct 16, 2013

Digitally signed by Brian M. Cogan
_____
HON. BRIAN M COGAN. UNITED STATES DISTRICT JUDGE