UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VITAMIN C ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ANIMAL SCIENCE PRODUCTS, INC. et al.,<br><br>        Plaintiffs,<br>v.<br><br>HEBEI WELCOME PHARMACEUTICAL CO. LTD., et al.,<br><br>        Defendants | MASTER FILE 06-MD-1738 (BMC) (JO) |

[PROPOSED]
FINAL JUDGMENT

  In February 2013, the Injunction Class and Defendant Northeast Pharmaceutical Group Co., Ltd. ("NEPG") entered into a Settlement Agreement to resolve the claims of the Injunction Class. On June 26, 2013 Class Counsel applied for an award of attorneys' fees. (Doc. No. 767).

  On June 14, 2012, the Court approved the following revised definition of the Injunction Class:

> All persons or entities, or assignees of such persons or entities, who purchased vitamin C manufactured by Defendants for delivery in the United States, other than pursuant to a contract with a Defendant containing an arbitration clause, from December 1, 2001 to the present, requiring injunctive relief against Defendants to end Defendants' antitrust violations.

*Id.*

  On October 2, 2013, the Court conducted a fairness hearing on the proposed settlement with NEPG (the "Settlement Agreement") and Class Counsel's application for fees. The Court

made findings on the record and granted final approval of the settlement. The Court also granted Class Counsel's application for an award of attorneys' fees.

**IT IS THEREFORE HEREBY ADJUDGED AND DECREED:**

1. The terms of the Injunction Class's settlement with NEPG are fair, reasonable and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure or other applicable law. Final approval of the Injunction Class's settlement with NEPG is granted.

2. Class Counsel's requested award of attorneys' fees is fair and reasonable within the meaning of Rule 23 of the Federal Rules of Civil Procedure or other applicable law. Class Counsel are hereby awarded $500,000 in fees from the NEPG settlement fund.

3. Each member of the Injunction Class is bound by this Final Judgment and will remain forever bound.

4. *In re Vitamin C Antitrust Litigation*, 06-MD-1738 (BMC) (JO) (E.D.N.Y.), and all actions filed in or transferred to the United States District Court for the Eastern District of New York for consolidation and/or coordination with this multidistrict litigation, specifically including the action captioned *Animal Science Products Inc., et al. v. Hebei Welcome Pharmaceutical Co. Ltd., et al.* (collectively, the "Action") are dismissed, with prejudice and in their entirety, on the merits, and except as provided for in the Settlement Agreement, without costs, as to NEPG and any other party released under the Settlement Agreement who is a Defendant in the Action. This dismissal shall not affect, in any way, Plaintiffs' right to pursue claims, if any, outside the scope of the release set out in the Settlement Agreement.

5. Animal Science Products, Inc., the Injunction Class, their past and present officers, directors, employees, agents, stockholders, attorneys, servants, representatives, corporate parents, subsidiaries, affiliates, corporate partners, insurers and all other persons,

partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executives, administrators, and assigns of any of the foregoing (the "Injunction Releasors") are permanently enjoined and barred from instituting, commencing, or prosecuting any action or other proceeding asserting any claims released by the Injunction Releasors in the Settlement Agreements against the Releasees.

6. Upon the occurrence of the first date by which one of the following dates occurs: (a) if an appeal is taken, (i) the date of final affirmance on appeal of the order and final judgment, the expiration of the time for a petition for or a denial of a writ of *certiorari* to review the order and final judgment and, if *certiorari* is granted, the date of final affirmance of the order and final judgment following review pursuant to that grant; or (ii) the date of final dismissal of any appeal from the order and final judgment or the final dismissal of any proceedings on *certiorari* to review the order and final judgment; or (b) if no appeal is filed, the expiration date of the time for the filing or noticing of any appeal from the order and final judgment (without taking into account the provisions of Rule 60 of the Federal Rules of Civil Procedure or the All Writs Act, 28 U.S.C. §1651), Injunction Releasors shall be completely released, acquitted, and forever discharged from any and all claims, demands, actions, suits, and causes of action, whether class, individual, or otherwise in nature, whether directly, representatively, derivatively or in any other capacity that Injunction Releasees, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, related to, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected and unsuspected injuries, damages, and the consequences thereof in any way arising out of or relating to any act or omission of Injunction Releasors (or any of them) concerning the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims (the "Releasee-Released Claims").

3

Releasees shall not, after the date of this Agreement, seek to establish liability against any Injunction Releasor based, in whole or in part, upon any of the Releasee-Released Claims, or conduct at issue in the Releasee-Released Claims. On the same date, Injunction Releasors shall release, acquit, and discharge their claims related to injunctive relief ("Released Claims") against NEPG.

7. This Final Judgment does not settle or compromise any claim by Plaintiffs or the Injunction Class against any former or current Defendant or alleged co-conspirator or any other person or entity other than NEPG and all rights against any other Defendant or other person or entity are specifically reserved.

8. Without affecting the finality of this Final Judgment, the Court retains exclusive jurisdiction over the Action and the Settlement Agreements, including the administration, interpretation, consummation, and enforcement of the Settlement Agreements.

9. If the Court enters injunctive relief against any non-settling Defendant, enjoining such Defendant and other persons acting or who claim to be acting in active concert or participation with such Defendant from violating Section I of the Sherman Act, NEPG will comply with such injunction.

10. Pursuant to Fed. R. Civ. P. 54(b), the Court finds that there is no just reason for delay and hereby directs the entry of this final judgment of dismissal forthwith as to NEPG.

Dated: Oct 16, 2013

*Digitally signed by Brian M. Cogan*

HON. BRIAN M. COGAN
UNITED STATES DISTRICT JUDGE

4