UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

IN RE: VITAMIN C ANTITRUST LITIGATION

-----------------------------------------------------------

This document relates to:

ANIMAL SCIENCE PRODUCTS, INC., et al.,

                        Plaintiffs,

          v.

HEBEI WELCOME PHARMACEUTICAL CO.
LTD., et al.,
                        Defendants.

-----------------------------------------------------------X

**SECOND AMENDED JUDGMENT
AND FINAL DECREE**

MASTER FILE
06-MD-1738 (BMC) (JO)

05-CV-0453

The jury having rendered its verdict in this case in favor of plaintiff, The Ranis Company,

Inc., as representative of the Direct Purchaser Class,[1] in the amount of Fifty Four Million One

Hundred Thousand Dollars ($54,100,000.00), and in favor of plaintiff, Animal Science Products,

Inc., as representative of the Injunction Class,[2] and the Court, upon motion of plaintiff having

directed entry of judgment upon trebling the damage award pursuant to 15 U.S.C. § 15(a), less Nine

Million Dollars ($9,000,000) received from former defendants, and the Court having entered its

---

[1]   The Direct Purchaser Damages Class consists of all personas or entities, or assignees of such persons or entities, who directly purchased vitamin C for delivery in the United States, other than pursuant to a contract containing an arbitration clause, from any of Defendants or their co-conspirators, other than Northeast Pharmaceutical (Group) Co. Ltd., from December 1, 2001 to June 30, 2006.  Excluded from this class are governmental entities, defendants, their co-conspirators, and their respective subsidiaries or affiliates.

[2]   The Injunction Class consists of all persons or entities, or assignees of such persons or entities, who purchase vitamin C manufactured by Defendants for delivery in the United States, other than pursuant to a contract with a Defendant containing an arbitration clause, from December 1, 2001 to the present, requiring injunctive relief against Defendants to end Defendants antitrust violations.

1

## SECOND AMENDED JUDGMENT AND FINAL DECREE 06-MD-1738; 05-CV-0453

Memorandum Decision and Order of November 26, 2013, granting the motion of the Injunctive Class for a permanent injunction and the Court having entered its Decision and Order dated December 30, 2013 awarding plaintiffs attorneys' fees in the amount of $4,903,163.35 and directing the Clerk to enter a Second Amended Judgment and Final Decree adding said amount to plaintiffs' recovery, with interest nunc pro tunc to March 14, 2013, it is hereby:

**ORDERED, ADJUDGED AND DECREED**, that The Ranis Company, as class representative, will take of defendants Hebei Welcome Pharmaceutical Co., Ltd. and North China Pharmaceutical Group Corp., jointly and severally, damages in the amount of One Hundred Fifty Three Million Three Hundred Dollars ($153,300,000) plus attorneys' fees in the amount of $4,903,163.35, for a total judgment amount of One Hundred Fifty Eight Million Two Hundred Three Thousand One Hundred Sixty Three Dollars and 35/100 ($158,203,163.35) with post judgment interest thereon pursuant to 28 U.S.C. § 1961 nunc pro tunc to March 14, 2013; and it is further

**ORDERED, ADJUDGED AND DECREED**, as follows:

1. Defendants, their officers, directors, agents, servants, employees, successors, assigns and those persons acting in concert with them who receive actual notice of this injunction, are each ENJOINED and RESTRAINED from agreeing, directly or indirectly, to fix the price or limit the supply of vitamin C sold in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

2. Any party may seek modification of this Order, at any time, by written motion and for good cause based on changed circumstances or otherwise.

3. The Court shall retain jurisdiction to enforce this Order. In the event that any part of this

2

**SECOND AMENDED JUDGMENT AND FINAL DECREE 06-MD-1738; 05-CV-0453**

Order is violated by the parties named herein or other persons, Plaintiffs may, by motion with notice

to the attorneys for the defendants, apply for sanctions or other relief that may be appropriate.

    4.  Unless the Court grants an extension, the injunction will expire without further action

of the Court ten years from the date of its entry, or if timely appealed, ten years after the final order

of the highest-level appellate court.

Dated: Brooklyn, New York                            Douglas C. Palmer
      December 30, 2013                       Clerk of Court

                                    by:

                                      Michele Gapinski
                                      Chief Deputy