UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re VITAMIN C ANTITRUST LITIGATION | ) ) ) ) | 1:06-MD-01738 (BMC) (JO) |
| THIS DOCUMENT RELATES TO: ANIMAL SCIENCE PRODUCTS, INC., et al. Plaintiffs, v. HEBEI WELCOME PHARMACEUTICAL CO. LTD., et al. Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CV-05-453 |

**MEMORANDUM IN SUPPORT OF DAMAGES CLASS PLAINTIFFS' MOTION TO PARTIALLY RECONSIDER DECEMBER 30, 2013 DECISION AND ORDER**

On behalf of the Damages Class and pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, Plaintiffs respectfully request that the Court reconsider Section III-D of its December 30, 2013 Decision and Order. The Clayton Act entitles the Damages Class to a judgment of three times its damages plus a "reasonable attorney's fee." 15 U.S.C. § 15(a). NCPGC and Hebei must bear the burden of paying a "reasonable attorney's fee" to the Damages Class.

In the December 30th Order, the Court correctly finds that the Aland and CPG/Weisheng settlements should be set-off from the judgment against NCPGC/Hebei as those settlements are paid. But in Section III-D, where the Court further offsets the judgment by monies previously awarded to Class Counsel for fees and costs, the Court engages in double-counting by offsetting

the same monies twice: first reducing the judgment by the amount of the settlements paid, and then reducing the judgment again by the amount of attorneys' fees and costs paid from those settlements. This double-counting hands a windfall to Hebei and NCPGC and denies the Damages Class the full judgment to which it is entitled.

This double-counting may be the result of treating the motion as a request for an award of fees to Class Counsel. To be clear, the motion does not seek any award of fees or costs to Class Counsel. Nor does the motion seek any enhancement of the lodestar incurred in determining what "reasonable attorney's fee" should added to the treble damages judgment. The motion only seeks to increase the Damages Class's judgment by an amount representing a "reasonable attorney fee" as required by the Clayton Act. Class Counsel submitted its lodestar and costs in support of this motion because their hours, rates, and expenses should help the Court determine what constituted a "reasonable attorney's fee" for this case – not because the motion sought to award that amount to Class Counsel. Indeed, there is no money to award to Class Counsel at this time; there is only an unsatisfied judgment.

When the judgment is satisfied, Class Counsel will request a further award of fees and costs from that recovery. Any such future request will necessarily consider the Court's prior fee awards in determining what additional fees and costs are appropriate to award to Class Counsel.

## The Standard for Reconsideration Is Satisfied.

A motion for reconsideration is appropriate when it provides the Court an opportunity to correct a clear error or prevent manifest injustice. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The double set-off in the December 30th Order is a clear error that should be corrected to protect the rights of the members of the Damages Class.

2

### The Statutory "Reasonable Attorney's Fee" Is Added to Plaintiffs' Judgment, Not Awarded to Counsel.

Under Section 4 of the Clayton Act, 15 U.S.C. § 15(a), a successful plaintiff "shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." The Clayton Act "makes clear that the plaintiff, not the attorney, is entitled to recover the attorney's fees and costs." IIA PHILLIP E. AREEDA ET AL., ANTITRUST LAW ¶ 330e (3rd ed. 2007).

This award is "presumably intended to compensate the successful plaintiff for its major litigation cost" and is "entirely independent of what the plaintiff has agreed to pay its lawyer." *Id*. "The purpose of the statutory grant of attorneys' fees is to insulate a treble damage recovery from expenditure for legal fees. The fee authorized by the statute is one allowed to the plaintiff, not to his attorneys." *Vandervelde v. Put & Call Brokers & Dealers Ass'n*, 344 F. Supp. 157, 159-60 (S.D.N.Y. 1972) (internal citations omitted).

### The December 30th Order Double-Counts Funds Awarded as Fees as Offsets to the Judgment

*a. Paid Settlements Must Be Offset from the Judgment.*

There is no question that the treble damages judgment must be reduced by the total amount of the settlements the Damages Class reached with the settling Defendants and that have been paid. The Aland settlement of $9.5 million is now fully paid. To date, $20 million of the Weisheng/CPG settlement has been paid and the remaining $2.5 million is due in March 2014. So as of this date, the judgment and set-off arithmetic looks like this:

- The treble damages amount is $162.3 million.
    - ($54.1 million jury verdict x 3 = $162.3 million)
- The total paid settlements with the Damages Class are $29.5 million.

3

  o ($9.5 million from Aland + $20 million from Weisheng/CPG = $29.5 million)

- The entire $29.5 million of paid settlements should be offset against the $162.3 million, resulting in a treble damages judgment of $132.8 million.

  o ($162.3 million - $29.5 million = $132.8 million)

b. *A "Reasonable Attorney's Fee" and Costs Must Be Added to the Judgment.*

There is also no question that the Damages Class is entitled to have its judgment increased by the amount of a "reasonable attorney's fee" and costs. Accepting all of the Court's December 30th Order except the set-off in Section III.D, a "reasonable attorney's fee" in this case is $13,668,163.35[1] and costs of $1,363,307.68. This amount should be added to the Damages Class's judgment along with the amount of costs expended. The judgment amount should then be $147,831,471.03.

- $132.8 million judgment + $13,668,163.35 million in fees + $1,363,307.68 in costs = **$147,831,471.03**.

At this amount, the judgment represents treble damages and the reasonable attorney's fee and costs required by the Clayton Act, with all the settlement payments made to date fully offset. This is the amount of the judgment that should be entered at this time. When Weisheng/CPG pays the remaining $2.5 million in March 2014, the judgment will need to be amended and reduced to $145,331,471.03 to reflect that payment.

---

[1] Class Counsel arrived at this number by taking the total calculated fees from Plaintiffs' Clayton Act Reply Memorandum ($13,724,641.75) [Dkt. 782] and subtracting the Court's attorneys' fee deductions at p. 8 ($25,993) and p. 9 ($30,485.40) of the December 30th Order.

4

3001219v1/008808

c. *Deducting Fees and Costs Awarded to Class Counsel Is Double-Counting*.

Separately from the motion at issue now, on October 23, 2012 [Dkt. 560] and October 16, 2013 [Dkt. 796] the Court awarded Class Counsel fees and costs from the Aland and Weisheng/CPG settlements totaling $13.227 million: [2]

- From the Aland settlement: $1.2 million in fees and $2.562 million in costs = $3.762 million in awarded fees and costs.

- From the Weisheng/CPG settlement: $7.875 million in fees and $1.59 million in costs = $9.465 million in awarded fees and costs. [3]

- $3.762 million + $9.465 million = $13.227 million in total awarded fees and costs from both the Aland and Weisheng/CPG settlements.

*But crucially, these fees and costs were paid directly from the Aland and Weisheng/CPG settlement funds. Every dollar of the $13.227 million was paid or will be paid to Class Counsel directly out of the $32 million in settlements, reducing the amount of funds available to the members of the Damages Class. Hence, every dollar of the fees and costs awarded to Class Counsel will already have been set-off against the judgment.*

If the $13.227 million in fees and cost awarded to Class Counsel are offset separately against the judgment -- as the Court does in Section III-D of the December 30th Order -- then the $13.227 million has been set-off from the judgment twice. That is double-counting and creates a windfall in that amount to the remaining Defendants.

---

[2] The Court also awarded Class Counsel $500,000 in fees from the Injunctive Class settlement with NEPG. [Dkt. 798] That award is not relevant to the instant inquiry regarding Damages Class attorney's fees.

[3] Note that a portion of these fees and costs will not be paid to Class Counsel until the Weisheng/CPG settlement is fully funded.

5

3001219v1/008808

The Third Circuit encountered this issue and determined that setting off settlement monies from a judgment, and then setting off the portion of those settlements that went to pay class counsel fees, is double-counting. *Baughman v. Wilson Freight Forwarding Co.*, 583 F.2d 1208, 1215 n.2 (3d Cir. 1978) ("We do not believe, however, that Wilson's fee liability should be diminished by setting-off that part of the settlement paid by Cooper-Jarrett and Matlack that went to pay attorneys' fees. Wilson received full credit for that settlement including the part that went for attorneys' fees when the full amount of the settlement was credited against Wilson's damage liability.").

## Conclusion

To ensure that members of the Damages Class receive the full judgment to which they are entitled under the Clayton Act, Plaintiffs respectfully request the Court reconsider section III-D of its Decision and Order dated December 30, 2013, and amend the Damages Class's total judgment to $147,831,471.03. When Weisheng/CPG pays the remaining $2.5 million due to the settlement fund in March 2014, the judgment will need to be amended and reduced to $145,331,471.03.

3001219v1/008808

Dated:  January 13, 2014

Respectfully submitted,

| | |
|---|---|
| /s/ William A. Isaacson<br>William A. Isaacson<br>Tanya Chutkan<br>Jennifer Milici<br>BOIES, SCHILLER & FLEXNER LLP<br>5301 Wisconsin Avenue, NW, Suite 800<br>Washington, DC  20015<br>Tel.:  (202) 237-2727<br>Fax:  (202) 237-6131<br><br>/s/ Alanna Rutherford<br>Alanna Rutherford (AR-0497)<br>BOIES, SCHILLER & FLEXNER LLP<br>575 Lexington Avenue, 7th Floor<br>New York, New York 10022<br>Tel:  (212) 446-2300<br>Fax:  (212) 446-2350 | /s/ Michael D. Hausfeld<br>Michael D. Hausfeld<br>Brian A. Ratner<br>Brent W. Landau<br>Melinda R. Coolidge<br>HAUSFELD LLP<br>1700 K Street N.W., Suite 650<br>Washington, DC  20006<br>Tel.:  (202) 540-7200<br>Fax:  (202) 540-7201<br><br>/s/ Katherine H. Kunz<br>James T. Southwick<br>Shawn L. Raymond<br>Katherine H. Kunz<br>SUSMAN GODFREY L.L.P<br>1000 Louisiana, Suite 5100<br>Houston, TX  77002<br>Tel.:  (713) 651-9366<br>Fax:  (713) 654-6666 |

*Co-Lead Counsel for the Certified Direct Purchaser Damages Class*