UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VITAMIN C ANTITRUST LITIGATION<br><br>This Document Relates To All Indirect Purchaser Actions:<br><br>*Audette v. Hebei Welcome Pharmaceutical Co. Ltd., et al.*<br>Case No. 06-988<br><br>*Philion, et al. v. Hebei Welcome Pharmaceutical Co. Ltd., et al.*<br>Case No. 06-987<br><br>*Keane, et al. v. Hebei Welcome Pharmaceutical Co. Ltd., et al.*<br>Case No. 06-149 | MASTER FILE 06-MD-1738 (BMC) (JO) |

## ~~[PROPOSED]~~ ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANTS WEISHENG PHARMACEUTICAL CO., LTD. AND CSPC PHARMACEUTICAL GROUP LIMITED AND APPROVAL OF NOTICE PLAN AND FORM OF NOTICE

THIS CAUSE came before the Court on Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with Defendants Weisheng Pharmaceutical Co., Ltd. ("Weisheng") and CSPC Pharmaceutical Group Limited, formerly known as China Pharmaceutical Group, Ltd. ("CSPC") and Approval of Notice Plan and Form of Notice, dated December 13, 2013. Weisheng and CSPC entered into a settlement agreement with the Indirect Purchaser Plaintiffs on November 13, 2013 ("Settlement Agreement"). The Court, having reviewed the Motion, its accompanying memorandum, the Settlement Agreement, and the file, hereby:

**ORDERS AND ADJUDGES:**

1.     The terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

Preliminary Approval of the Settlement Agreement

2.     The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to the Fairness Hearing described below.  The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness.

Class Certification of the Settlement Class

3.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class for settlement purposes (the "Settlement Class"):

> All persons or entities, (but excluding all governmental entities, Defendants, their co-conspirators, and their respective subsidiaries or affiliates, and any person or entity that timely and validly elects to be excluded from the Settlement Class) residing in a Settling Jurisdiction who indirectly purchased Vitamin C Products for use or consumption and not for resale from within one or more Settling Jurisdictions at any time from December 1, 2001 to June 30, 2006.

"Vitamin C Products" means capsules or tablets containing Vitamin C used for pharmacological purposes.  "Settling Jurisdictions" means California, New York, Arizona, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin.

4.     The Court finds that the certification of the Settlement Class is warranted in light of the Settlement Agreement because (a) the Settlement Class is so numerous that joinder is

impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Plaintiffs and Indirect Purchaser Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

     5.     The Court hereby appoints Saveri & Saveri, Inc., Gustafson Gluek PLLC, and Straus & Boies LLP as Indirect Purchaser Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

     6.     Plaintiffs Richard Keane, Dennis Audette, Linda Philion, Viviane Melo, Laurel Rose, Linda Kohlenberg, Christine Poon, Melissa Harris, Timothy Purdy, Joan Clark, Ronald Kaufman, Jennifer Clark, Mark Kuchta, Kathleen Davis, Heather Rosene, Cory Rosene, Kimberly Bischler, and Bernadette Iorio (collectively, "Indirect Purchaser Plaintiffs") will serve as Class Representatives on behalf of the Settlement Class.

Notice to Potential Class Members

     7.     As soon as practicable after the date of this order, Class Counsel shall cause to be published a Publication Notice, substantially in the form attached to Plaintiffs' Proposed Order as Exhibit 1. The Publication Notice shall be published one time in each of the following publications: *People*, *Sports Illustrated*, and *Time*. As described in Plaintiffs' brief, Class Counsel shall further cause banners to be placed across the estimated 800 websites that comprise the 24/7 Network and on Facebook.

8. Within fourteen days of the date of this order, Class Counsel shall cause the Notice, substantially in the form attached to Plaintiffs' Proposed Order as Exhibit 2, to be published on the following website: www.vitaminCantitrust.com.

9. As described in the notice, any members of the Settlement Class may request exclusion from that class.

10. A member of the Settlement Class wishing to request exclusion shall mail a written form by first-class mail, postmarked by __April 16, 2014__ [at least 30 days before the Fairness Hearing] to the address of the Administrator designated in the Notice. The exclusion request must clearly state: (a) the Settlement Class Member's name, address, and telephone number; (b) all trade names or business names and addresses that the Settlement Class Member has used, as well as any subsidiaries or affiliates that have purchased vitamin C at any time from December 1, 2001 to June 30, 2006 who are also requesting exclusion; (c) the name of the Action ("*In re Vitamin C Antitrust Litigation*"); and (d) a signed statement that the Settlement Class Member requests to be excluded from the Settlement Class. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above. Persons or entities that request exclusion shall not be entitled to share in the benefits of any judgment with respect to the Settlement Class, nor shall they be bound by any judgment, whether favorable or adverse.

### The Fairness Hearing

11. A Fairness Hearing is hereby scheduled to be held on __May 16, 2014__ at __10:00 a.m.__ [at least 120 days after the entry of this order] before the undersigned in Courtroom __8D South__ at 225 Cadman Plaza East, Brooklyn, New York, to consider the fairness, reasonableness and adequacy of Weisheng and CSPC's settlement with the

4

Settlement Class, Class Counsel's request for attorneys' fees, litigation expenses, and the proposal for distribution of the Settlement Class settlement fund.

12. All papers in support of final approve of the Settlement shall be filed twenty (20) days before the fairness hearing.

13. Any member of the Settlement Class that has not requested exclusion from the Settlement Class may object to the fairness, reasonableness, and adequacy of the Settlement Agreement with Weisheng and CSPC, the request of Indirect Purchaser Class Counsel for attorneys' fees and expenses, and/or the proposal for distribution of the Settlement Class settlement fund.

14. However, any person who wishes to object must, thirty (30) days or more before the Fairness Hearing: (i) file with the Clerk of the Court a signed statement that indicates such person's objection, and its basis, with regard to any Settlement with respect to which that person wishes to object and includes proof of membership in the relevant Class; and (ii) serve copies of such statement, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Class Counsel and Counsel for Weisheng and CSPC, as described in the Notice.

15. Any member of the Settlement Class that has not requested exclusion in the manner set forth above may appear at the Fairness Hearing and be heard as to the fairness, reasonableness, and adequacy of the Indirect Purchaser Settlement Agreement with Weisheng and CSPC, the request of Indirect Purchaser Class Counsel for attorneys' fees and expenses, and/or the proposal for distribution of the Settlement Class settlement fund.

16. However, any person who wishes to be heard is encouraged to, twenty (20) days or more before the Fairness Hearing: (a) file with the Clerk of the Court a signed statement that

5

indicates such person's position, and its basis, with regard to any issue with respect to which that person wishes to be heard, and includes proof of membership in the Settlement Class; and (b) serve copies of such statement, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Indirect Purchaser Class Counsel and Counsel for Weisheng and CSPC, as described in the Notice.

17. The date of the Fairness hearing shall be set forth in the Publication Notice, but shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court and on the Court's website and on www.vitaminCantitrust.com.

## Settlement Administration

18. To effectuate the Settlement Agreement, the Court hereby approves Rust Consulting as the Administrator of the Settlement, to be responsible for: (a) establishing a P.O. Box and website (to be included in the notice to class members) for the purpose of communicating with class members; (b) disseminating notice to the classes; and (c) accepting and maintaining documents sent from the class members, including exclusion requests.

19. The Court approves Indirect Purchaser Class Counsel's designation of Citibank, N.A. as Escrow Agent pursuant to the Escrow Agreement.

## Other Provisions

20. In the event that the Settlement Agreement is terminated in accordance with its provisions, that Settlement Agreement and all proceedings had in connection therewith shall be void, except insofar as expressly provided to the contrary in that Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Weisheng, CSPC, and the members of the class.

21. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any other class proposed in the indirect purchaser consolidated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify the indirect purchaser class in these actions and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

**IT IS SO ORDERED.**

DATED: January 16, 2014 _____

Honorable Brian M. Cogan
United States District Judge

# EXHIBIT 1

# If You Purchased Vitamin C Since December 1, 2001

## A Class Action Lawsuit and Settlement Could Affect You

### What is this case about?

This class action lawsuit claims that Vitamin C manufacturers ("the Defendants") conspired to fix and raise prices of ascorbic acid Vitamin C. The Defendants are Hebei Welcome Pharmaceutical Company, Ltd. ("Hebei"), Weisheng Pharmaceutical Company Ltd. and CSPC Pharmaceutical Group, Ltd., formerly known as China Pharmaceutical Group, Limited, (collectively, "Weisheng"), Aland (Jiangsu) Nutraceutical Co., Ltd. ("Aland"), and Northeast Pharmaceutical Group Co., Ltd. ("NEPG"). A Settlement has been reached with Weisheng on behalf of purchasers of tablets and capsules containing vitamin C.

### Are you included?

You are included in the Settlement Class if you: 1) currently live in and purchased capsules or tablets containing vitamin C in Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, or Wisconsin, 2) between December 1, 2001 and June 30, 2006, 3) for use or consumption and not for resale.

### What is the status of the lawsuit?

Weisheng agreed to settle the claims of the Settlement Class for $2.2 million. See the Detailed Notice for information about how the Settlement proceeds will be distributed. Aland and NEPG previously agreed to Settlements with the Settlement Class. The lawsuit continues against Hebei.

### What are your options?

If you want to stay in the lawsuit or Settlement, you do not need to do anything. You will be bound by the lawsuit and Settlement and give up certain rights to sue separately about the claims in the lawsuit.

If you stay in the Settlement, you may comment on or object to it by **Month 00, 2014**. Details on how to comment or object are at www.vitaminCantitrust.com.

If you do not want to be legally bound by the Settlement Class lawsuit or its Settlement with Weisheng, you must exclude yourself in writing by **Month 00, 2014**. The Plaintiffs are not seeking damages for purchases after June 30, 2006, and any purchaser who incurred damages after this date risks giving up those claims by remaining in the Class.

The Court will hold a hearing on **Month 00, 2014** at **0:00 p.m.** at the U.S. District Court for the Eastern District of New York to consider approval of the Settlement, including a request for attorneys' fees of up to 33% of the Settlement Fund, plus expenses.

The Court has appointed Class Counsel to represent you. You don't have to pay them, or anyone else, to participate. You can hire your own lawyer, at your own expense, to appear or speak for you at the hearing.

---

**For more information: 1-866-000-0000**
**www.vitaminCantitrust.com**