UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VITAMIN C ANTITRUST LITIGATION<br><br>This Document Relates To All Indirect Purchaser Actions:<br><br>*Audette v. Hebei Welcome Pharmaceutical Co. Ltd., et al.*<br>Case No. 06-988<br><br>*Philion, et al. v. Hebei Welcome Pharmaceutical Co. Ltd., et al.*<br>Case No. 06-987<br><br>*Keane, et al. v. Hebei Welcome Pharmaceutical Co. Ltd., et al.*<br>Case No. 06-149 | MASTER FILE 06-MD-1738 (BMC) (JO) |

AMENDED

# ~~[PROPOSED]~~ ORDER GRANTING INDIRECT PURCHASER PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT WITH DEFENDANTS WEISHENG PHARMACEUTICAL CO., LTD. AND CSPC PHARMACEUTICAL GROUP LIMITED AND APPROVAL OF NOTICE PLAN AND FORM OF NOTICE

THIS CAUSE came before the Court on Indirect Purchaser Plaintiffs' Motion for Preliminary Approval of Settlement with Defendants Weisheng Pharmaceutical Co., Ltd. ("Weisheng") and CSPC Pharmaceutical Group Limited, formerly known as China Pharmaceutical Group, Ltd. ("CSPC") and Approval of Notice Plan and Form of Notice, dated December 11, 2013. Weisheng and CSPC entered into a settlement agreement with the Indirect Purchaser Plaintiffs on November 13, 2013 ("Settlement Agreement"). The Court, having reviewed the Motion, its accompanying memorandum, the Settlement Agreement, and the file, hereby:

**ORDERS AND ADJUDGES:**

1. The terms used in this Order that are defined in the Settlement Agreement are, unless otherwise defined herein, used in this Order as defined in the Settlement Agreement.

Preliminary Approval of the Settlement Agreement

2. The terms of the Settlement Agreement are hereby preliminarily approved, including the releases contained therein, as being fair, reasonable, and adequate to the Settlement Class, subject to the Fairness Hearing described below. The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness.

Class Certification of the Settlement Class

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and in light of the proposed Settlement, the Court hereby finds that the prerequisites for a class action have been met and certifies the following class for settlement purposes (the "Settlement Class"):

> All persons or entities, (but excluding all governmental entities, Defendants, their co-conspirators, and their respective subsidiaries or affiliates, and any person or entity that timely and validly elects to be excluded from the Settlement Class) residing in a Settling Jurisdiction who indirectly purchased Vitamin C Products for use or consumption and not for resale from within one or more Settling Jurisdictions at any time from December 1, 2001 to June 30, 2006.

"Vitamin C Products" means capsules or tablets containing Vitamin C used for pharmacological purposes. "Settling Jurisdictions" means California, New York, Arizona, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, and Wisconsin.

4. The Court finds that the certification of the Settlement Class is warranted in light of the Settlement Agreement because (a) the Settlement Class is so numerous that joinder is

2

impracticable; (b) Plaintiffs' claims present common issues and are typical of the Settlement Class; (c) Plaintiffs and Indirect Purchaser Class Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class basis superior to other means of resolving this matter.

5. The Court hereby appoints Saveri & Saveri, Inc., Gustafson Gluek PLLC, and Straus & Boies LLP as Indirect Purchaser Class Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

6. Plaintiffs Richard Keane, Dennis Audette, Linda Philion, Viviane Melo, Laurel Rose, Linda Kohlenberg, Christine Poon, Melissa Harris, Timothy Purdy, Joan Clark, Ronald Kaufman, Jennifer Clark, Mark Kuchta, Kathleen Davis, Heather Rosene, Cory Rosene, Kimberly Bischler, and Bernadette Iorio (collectively, "Indirect Purchaser Plaintiffs") will serve as Class Representatives on behalf of the Settlement Class.

Notice to Potential Class Members

7. As soon as practicable after the date of this order, Class Counsel shall cause to be published a Publication Notice, substantially in the form attached to Plaintiffs' Proposed Order as Exhibit 1. The Publication Notice shall be published one time in each of the following publications: *People*, *Sports Illustrated*, and *Time*. As described in Plaintiffs' brief, Class Counsel shall further cause banners to be placed across the estimated 800 websites that comprise the 24/7 Network and on Facebook.

8. Within fourteen days of the date of this order, Class Counsel shall cause the Notice, substantially in the form attached to Plaintiffs' Proposed Order as Exhibit 2, to be published on the following website: www.vitaminCantitrust.com.

9. As described in the notice, any members of the Settlement Class may request exclusion from that class.

10. A member of the Settlement Class wishing to request exclusion shall mail a written form by first-class mail, postmarked by <u>April 16, 2014</u> [at least 30 days before the Fairness Hearing] to the address of the Administrator designated in the Notice. The exclusion request must clearly state: (a) the Settlement Class Member's name, address, and telephone number; (b) all trade names or business names and addresses that the Settlement Class Member has used, as well as any subsidiaries or affiliates that have purchased vitamin C at any time from December 1, 2001 to June 30, 2006 who are also requesting exclusion; (c) the name of the Action ("*In re Vitamin C Antitrust Litigation*"); and (d) a signed statement that the Settlement Class Member requests to be excluded from the Settlement Class. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above. Persons or entities that request exclusion shall not be entitled to share in the benefits of any judgment with respect to the Settlement Class, nor shall they be bound by any judgment, whether favorable or adverse.

The Fairness Hearing

11. A Fairness Hearing is hereby scheduled to be held on <u>May 16, 2014</u> at <u>10:00 a.m.</u> [at least 120 days after the entry of this order] before the undersigned in Courtroom <u>8D South</u> at 225 Cadman Plaza East, Brooklyn, New York, to consider the fairness, reasonableness and adequacy of Weisheng and CSPC's settlement with the

4

Settlement Class, Class Counsel's request for attorneys' fees, litigation expenses, and the proposal for distribution of the Settlement Class settlement fund.

12. All papers in support of final approve of the Settlement shall be filed twenty (20) days before the fairness hearing.

13. Any member of the Settlement Class that has not requested exclusion from the Settlement Class may object to the fairness, reasonableness, and adequacy of the Settlement Agreement with Weisheng and CSPC, the request of Indirect Purchaser Class Counsel for attorneys' fees and expenses, and/or the proposal for distribution of the Settlement Class settlement fund.

14. However, any person who wishes to object must, thirty (30) days or more before the Fairness Hearing: (i) file with the Clerk of the Court a signed statement that indicates such person's objection, and its basis, with regard to any Settlement with respect to which that person wishes to object and includes proof of membership in the relevant Class; and (ii) serve copies of such statement, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Class Counsel and Counsel for Weisheng and CSPC, as described in the Notice.

15. Any member of the Settlement Class that has not requested exclusion in the manner set forth above may appear at the Fairness Hearing and be heard as to the fairness, reasonableness, and adequacy of the Indirect Purchaser Settlement Agreement with Weisheng and CSPC, the request of Indirect Purchaser Class Counsel for attorneys' fees and expenses, and/or the proposal for distribution of the Settlement Class settlement fund.

16. However, any person who wishes to be heard is encouraged to, twenty (20) days or more before the Fairness Hearing: (a) file with the Clerk of the Court a signed statement that

indicates such person's position, and its basis, with regard to any issue with respect to which that person wishes to be heard, and includes proof of membership in the Settlement Class; and (b) serve copies of such statement, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon Indirect Purchaser Class Counsel and Counsel for Weisheng and CSPC, as described in the Notice.

17. The date of the Fairness hearing shall be set forth in the Publication Notice, but shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted at the Court and on the Court's website and on www.vitaminCantitrust.com.

### Settlement Administration

18. To effectuate the Settlement Agreement, the Court hereby approves Rust Consulting as the Administrator of the Settlement, to be responsible for: (a) establishing a P.O. Box and website (to be included in the notice to class members) for the purpose of communicating with class members; (b) disseminating notice to the classes; and (c) accepting and maintaining documents sent from the class members, including exclusion requests.

19. The Court approves Indirect Purchaser Class Counsel's designation of Citibank, N.A. as Escrow Agent pursuant to the Escrow Agreement.

### Other Provisions

20. In the event that the Settlement Agreement is terminated in accordance with its provisions, that Settlement Agreement and all proceedings had in connection therewith shall be void, except insofar as expressly provided to the contrary in that Settlement Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Weisheng, CSPC, and the members of the class.

Case 1:06-cv-01098-BMC-JO Document 541 Filed 01/27/14 Page 6 of 19 PageID #: 5717

21. The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of the rights of any defendant to contest certification of any other class proposed in the indirect purchaser consolidated actions. The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify the indirect purchaser class in these actions and no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class.

**IT IS SO ORDERED.**

DATED: January 27, 2014

Digitally signed by
Brian M. Cogan
_____
Honorable Brian M. Cogan
United States District Judge

# EXHIBIT 1

Legal Notice

# If You Purchased Vitamin C Since December 1, 2001

## A Class Action Lawsuit and Settlement Could Affect You

**What is this case about?**

This class action lawsuit claims that Vitamin C manufacturers ("the Defendants") conspired to fix and raise prices of ascorbic acid Vitamin C. The Defendants are Hebei Welcome Pharmaceutical Company, Ltd. ("Hebei"), Weisheng Pharmaceutical Company Ltd. and CSPC Pharmaceutical Group, Ltd., formerly known as China Pharmaceutical Group, Limited, (collectively, "Weisheng"), Aland (Jiangsu) Nutraceutical Co., Ltd. ("Aland"), and Northeast Pharmaceutical Group Co., Ltd. ("NEPG"). A Settlement has been reached with Weisheng on behalf of purchasers of tablets and capsules containing vitamin C.

**Are you included?**

You are included in the Settlement Class if you: 1) currently live in and purchased capsules or tablets containing vitamin C in Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, or Wisconsin, 2) between December 1, 2001 and June 30, 2006, 3) for use or consumption and not for resale.

**What is the status of the lawsuit?**

Weisheng agreed to settle the claims of the Settlement Class for $2.2 million. See the Detailed Notice for information about how the Settlement proceeds will be distributed. Aland and NEPG previously agreed to Settlements with the Settlement Class. The lawsuit continues against Hebei.

**What are your options?**

If you want to stay in the lawsuit or Settlement, you do not need to do anything. You will be bound by the lawsuit and Settlement and give up certain rights to sue separately about the claims in the lawsuit.

If you stay in the Settlement, you may comment on or object to it by **Month 00, 2014**. Details on how to comment or object are at www.vitaminCantitrust.com.

If you do not want to be legally bound by the Settlement Class lawsuit or its Settlement with Weisheng, you must exclude yourself in writing by **Month 00, 2014**. The Plaintiffs are not seeking damages for purchases after June 30, 2006, and any purchaser who incurred damages after this date risks giving up those claims by remaining in the Class.

The Court will hold a hearing on **Month 00, 2014** at **0:00 p.m.** at the U.S. District Court for the Eastern District of New York to consider approval of the Settlement, including a request for attorneys' fees of up to 33% of the Settlement Fund, plus expenses.

The Court has appointed Class Counsel to represent you. You don't have to pay them, or anyone else, to participate. You can hire your own lawyer, at your own expense, to appear or speak for you at the hearing.

_____

**For more information:   1-866-000-0000**
**www.vitaminCantitrust.com**

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

# If You Purchased Vitamin C Since 2001
## You Could Be Affected by a Class Action Lawsuit and Settlement

*A court authorized this notice. This is not a solicitation from a lawyer.*

- There is a class action lawsuit about whether Chinese vitamin C (ascorbic acid) manufacturers ("Defendants") conspired to fix and raise prices. The lawsuit seeks money for people who bought capsules or tablets containing vitamin C in certain states.

- The Court has previously approved Settlements with Defendants Aland and NEPG. A Settlement has now been reached with Weisheng Pharmaceutical Co., Ltd. and CSPC Pharmaceutical Group Limited., formerly known as China Pharmaceutical Group, Ltd., (collectively, "Weisheng") for $2.2 million.

- The lawsuit continues against Hebei Welcome Pharmaceutical Co. Ltd. This notice summarizes your rights and options with regard to the Settlement with Weisheng.

| YOUR LEGAL RIGHTS AND OPTIONS: | | |
|---|---|---|
| **YOU MAY:** | | **DUE DATE:** |
| **GO TO A HEARING** | See Question 21. | Postmarked by **Month 00, 2014**. |
| **OBJECT** | See Question 14. | Postmarked by **Month 00, 2014**. |
| **DO NOTHING** | See Question 12. | No action required. |
| **EXCLUDE YOURSELF** | See Question 10. | Postmarked by **Month 00, 2014**. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**……………………………………………………….........................**Page 3**
1. Why did I get this notice?
2. What is this lawsuit about?
3. What is a class action?
4. Who are the Defendants?
5. Why is there Settlement?

**WHO IS INCLUDED IN THE CLASS?**……………………….............…….……..**Page 4**
6. How do I know if I am part of the Class?
7. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS**…………………………….…………………….**Page 4**
8. What does the Settlement provide?
9. How are the funds going to be distributed?

**EXCLUDING YOURSELF**………………………………………….……………….**Page 5**
10. What does it mean to exclude myself from the Class?
11. How do I ask the Court to exclude me from the Class?

**YOUR OTHER RIGHTS AND OPTIONS**……………………….…………......**Page 6**
12. What happens if I do nothing at all?
13. What rights do I give up if I stay in the Class?
14. How do I object to or comment on the Settlement?
15. What's the difference between excluding myself and objecting to the Settlement?

**THE LAWYERS REPRESENTING YOU**……………………………………….……**Page 7**
16. Do I have a lawyer in this case?
17. Should I get my own lawyer?
18. How will the lawyers be paid?
19. Will the Class Representatives be paid?

**THE COURT'S FAIRNESS HEARING FOR THE SETTLEMENT**……………….……....**Page 8**
20. When and where will the Court decide whether to approve the Settlement?
21. Do I have to come to the hearing?
22. May I speak at the hearing?

**GETTING MORE INFORMATION**…………………………………………….…..**Page 9**
23. Are more details available?

## BASIC INFORMATION

### 1. Why did I get this notice?

You may have purchased tablets or capsules containing vitamin C since December 1, 2001. This class action lawsuit and Settlement relates to those purchases. This notice explains that there is a proposed Settlement with a vitamin C manufacturer. You have a right to know about the lawsuit and have legal rights and options that you may exercise before the Court decides whether to approve the Settlement.

Judge Brian Cogan of the United States District Court for the Eastern District of New York is overseeing this class action. The lawsuit is known as *In re Vitamin C Antitrust Litigation*, No. 1:06-MD-01738.

### 2. What is this lawsuit about?

This lawsuit claims the vitamin C manufacturers conspired to fix, raise, maintain, or stabilize prices of vitamin C, limited the supply of vitamin C, and overcharged customers who purchased vitamin C. You can read the Plaintiffs' Class Action Complaints at www.vitaminCantitrust.com. The vitamin C manufacturers deny they did anything wrong or illegal. They present several defenses, including that they were compelled to agree on prices by the government of the People's Republic of China. The Chinese government has advised the Court that the Companies were required by that Government to engage in the challenged conduct as part of its sovereign regulation of the Chinese economy. The Court has already determined, in a Memorandum Decision and Order dated September 6, 2011, that the defendants were not required to fix prices by the Chinese government.

Companies who bought vitamin C directly from the Defendants recently brought their claims before a jury during a three-week trial. At the conclusion of the trial, the jury found that the Non-Settling Defendants (Hebei Welcome Pharmaceutical Company, Ltd. and North China Pharmaceutical Group Corp.) knowingly entered into an agreement or conspiracy to fix the price or limiting supply of vitamin C.

### 3. What is a class action?

In a class action, one or more individuals or companies called "class representatives" sue on behalf of themselves and other people who have similar claims. All these individuals or companies are a "class" or "class members."

The people who sued—and all the class members like them—are called the plaintiffs. The companies they sued are called the defendants. One court will resolve the issues for all class members in a class action, except for those who exclude themselves from the class.

### 4. Who are the Defendants?

The Defendants are Hebei Welcome Pharmaceutical Company, Ltd., Weisheng Pharmaceutical Company Ltd., Northeast Pharmaceutical Group Co., Ltd. ("NEPG"), and Aland (Jiangsu)

Nutraceutical Co., Ltd. (formerly Jiangsu Jiangshan Pharmaceutical Co., Ltd.) and certain of their affiliated companies: Shijiazhuang Pharmaceutical (USA) Inc., and China Pharmaceutical Group, Ltd.

Weisheng has recently agreed to a Settlement. Aland and NEPG have previously agreed to Settlements.

Weisheng denies it did anything wrong and presented a number of defenses to Plaintiffs' claims but has settled to avoid the cost and risk of a trial.

**5. Why is there a Settlement?**

Weisheng and the Plaintiffs agreed to the Settlement to lessen the cost and risk of a trial and ensure that money is recovered for the Class Members. The Class Representatives and Class Counsel think the Settlement is best for all Class Members. The case continues against the Non-Settling Defendant until all appeals are resolved.

## WHO IS INCLUDED IN THE CLASS?

**6. How do I know if I am part of the Class?**

You are included if you:

- Purchased capsules or tablets containing vitamin C;
- For use or consumption and not for resale;
- Between December 1, 2001, and June 30, 2006; and
- Currently live in and your purchase was made in one of the following 20 states or the District of Columbia: Arizona, California, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, or Wisconsin.

The Defendants, their parent companies, subsidiaries, affiliates, co-conspirators, and government entities are excluded from all Classes. The Plaintiffs are not seeking damages for purchases after June 30, 2006, and any purchaser who incurred damages after this date risks giving up those claims by remaining in the Class.

**7. I'm still not sure if I am included.**

If you are still not sure whether you are a Class Member, you can ask for free help. See Question 23 below. You are not required to pay anyone to assist you in making a claim.

## THE SETTLEMENT BENEFITS

**8. What does the Settlement provide?**

Under the Settlement, Weisheng will pay $2.2 million to the Class.

### 9. How are the funds going to be distributed?

Because there are millions of Class Members, a direct cash distribution to Class Members is not practical. Instead, the Settlement Fund will be distributed on behalf of the Class to charitable, not-for-profit, or governmental organizations approved by the Court. Class Counsel will recommend that the Fund be distributed one-third each to Vitamin Angels, the State Center, and the American Antitrust Institute. Additional information can be found on the website at www.vitaminCantitrust.com.

If you wish to object to this division of money, called the Plan of Allocation, you must file your objection by **Month 00, 2014** as described in Question 14 below.

## EXCLUDING YOURSELF

If you are a Class Member and you want to keep the right to sue or continue to sue Weisheng on your own for damages, you must take steps to get out of the Class. This is called excluding yourself – or sometimes called "opting out."

### 10. What does it mean to exclude myself from the Class?

It is important to know what rights you give up and keep if you exclude yourself.

If you are included in the Class Definition (see Question 6) and you want to sue Weisheng separately about the related claims in this lawsuit, you must exclude yourself from the Class. If you exclude yourself, you can sue Weisheng separately.

If you exclude yourself from a Class, you will not be legally bound by the Court's judgments concerning that Class.

If you start your own lawsuit against Weisheng after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against Weisheng, you should talk to your own lawyer soon, because your claims may be subject to legal time limits.

### 11. How do I ask the Court to exclude me from the Class?

To ask to be excluded from the Class, you must send an "Exclusion Request" in the form of a letter sent by mail, stating the following:

- That you want to be excluded from *In re Vitamin C Antitrust Litigation*;

- That you want to be excluded from the Settlement Class;

- All trade names or business names that you have used; and

- Your name, address, telephone number, and signature.

You must mail your Exclusion Request postmarked by **Month 00, 2014**, to: Vitamin C Settlement, Rust Consulting, Inc., PO Box 2717, Faribault, MN 55021-9717.

## YOUR OTHER RIGHTS AND OPTIONS

**12. What happens if I do nothing at all?**

If you do nothing now, you will stay in the Class.

**13. What rights do I give up if I stay in the Class?**

When you stay in the Class—whether you file a claim or do nothing—your rights are still affected. If you stay in the Class, you will not be able to sue or continue to sue Weisheng—as part of any other lawsuit—for damages related to price-fixing of vitamin C purchased indirectly from the Defendants.

If you want to keep the right to sue for damages after June 30, 2006, you must exclude yourself. The Settlement Agreement with Weisheng, available at www.vitaminCantitrust.com, describes the exact legal claims against Weisheng that you give up if you stay in the Class.

**14. How do I object to or comment on the Settlement?**

If you have comments about or disagree with any aspect of the Weisheng Settlement, including the maximum attorneys' fees that may be requested or use of Settlement Fund to pay administration and litigation costs and expenses, you may express your views to the Court by writing to the address below. The written objection needs to include the following:

- Your name, address, telephone number, and signature;

- The case name and number (*In re Vitamin C Antitrust Litigation* No. 1:06-MD-01738);

- A brief explanation of your reasons for objecting; and

- Proof of your membership in the Class, such as invoices showing that you satisfy the definition in Question 6.

The objection must be filed with the Court at the following address, postmarked by **Month 00, 2014**:

Clerk of Court
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

You must also mail a copy of the objection to the following attorneys:

| Daniel E. Gustafson | Athena Hou |
| Gustafson Gluek, PLLC | Zelle Hofmann Voelbel & Mason LLP |
| Canadian Pacific Plaza | 44 Montgomery Street |

| | |
|---|---|
| 120 South Sixth Street, Suite 2600<br>Minneapolis, MN 55402<br>*Class Counsel for the Settlement Class* | Suite 3400<br>San Francisco, CA 94104<br>*Counsel for Weisheng Pharmaceutical Co., Ltd. and CSPC Pharmaceutical Group Limited.* |

### 15. What's the difference between excluding myself and objecting to the Settlement?

If you exclude yourself from the Class, you are telling the Court that you don't want to be part of the Settlement, and therefore, you will not receive any benefits from it. Objecting simply means telling the Court that you don't like something about the Settlement. You can only object to the Settlement if you remain in the Class. If you exclude yourself, you have no basis to object to the Settlement because the case no longer affects you.

## THE LAWYERS REPRESENTING YOU

### 16. Do I have a lawyer in this case?

The Court decided that the law firms of Saveri & Saveri, Inc., Straus & Boies, LLP and Gustafson Gluek PLLC are qualified to represent all members of the Class.

Together these law firms are called "Class Counsel." They are experienced in handling similar cases. More information about these law firms, their practices, and their lawyers' experience is available at www.straus-boies.com and www.gustafsongluek.com.

### 17. Should I get my own lawyer?

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

### 18. How will the lawyers be paid?

Class Counsel will ask the Court for up to 33% of the $2.2 million of the Settlement Fund for attorneys' fees, plus expenses. You won't have to pay these fees and expenses personally. If the Court grants Class Counsel's request, the fees and expenses would be deducted from the Settlement Fund.

If Class Counsel later gets more money or benefits for the Class, they may ask the Court for additional fees and expenses, which would be either deducted from any money obtained or paid separately by the Defendants.

### 19. Will the Class Representatives be paid?

Class Counsel may ask the Court to allow incentive awards of up to $500 for each of the Class

Representatives.

## THE COURT'S FAIRNESS HEARING FOR THE SETTLEMENT

The Court will hold a hearing to decide whether to approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses. You may attend, and you may ask the Court's permission to speak (see Question 22 for instructions), but you don't have to participate in the hearing in order to attend.

**20. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at **0:00 p.m.** on **Month 00, 2014**, in Courtroom 8D South at the U.S. Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201. At this hearing, the Court will consider whether the Proposed Settlement is fair, reasonable, and adequate; whether to approve the Plan of Allocation; and whether to award attorneys' fees and expenses. If there are objections, the Court will consider them. Judge Cogan will listen to Class Members who have asked to speak at the hearing (see Question 22). After the hearing, the Court will decide whether to approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and expenses.

The Court may change the time and date of the Fairness Hearing. Notice of any change will be posted at the courthouse or on the Court's website and on www.vitaminCantitrust.com.

**21. Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Cogan may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as the Court received your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

**22. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. If you wish to do so, you are encouraged to send a letter stating the following:

- "Notice of Intention to Appear in *In re Vitamin C Antitrust Litigation*";
- The position you will take and your reasons;
- Your name, address, telephone number, and signature; and
- Proof of your membership in the Class, such as invoices showing that you satisfy the definition in Question 6.

Your Notice of Intention to Appear must be filed with the Court at the following address, **postmarked by Month 00, 2014**:

Clerk of Court
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

You must also mail a copy of the notice to the attorneys listed in Question 14.

## GETTING MORE INFORMATION

**23. Are more details available?**

Yes. Visit the website, www.vitaminCantitrust.com, where you will find the Class Action Complaints that the Plaintiffs submitted, the Defendants' Answers to the Complaints, and other relevant documents. You may also call 1-866-000-0000 or write to: Vitamin C Settlement, Rust Consulting Inc., PO Box 2717, Faribault, MN 55021-9717.