UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE: VITAMIN C ANTITRUST LITIGATION     **THIRD AMENDED JUDGMENT AND FINAL DECREE**

------------------------------------------------------

This document relates to:     MASTER FILE
06-MD-1738 (BMC) (JO)

ANIMAL SCIENCE PRODUCTS, INC., et al.,

                        Plaintiffs,     05-CV-0453

     v.

HEBEI WELCOME PHARMACEUTICAL CO.
LTD., et al.,
                        Defendants.

------------------------------------------------------X

The jury having rendered its verdict in this case in favor of plaintiff, The Ranis Company, Inc., as representative of the Direct Purchaser Class,[1] in the amount of Fifty Four Million One Hundred Thousand Dollars ($54,100,000.00), and in favor of plaintiff, Animal Science Products, Inc., as representative of the Injunction Class;[2] and the Court, upon motion of plaintiff having directed entry of judgment upon trebling the damage award pursuant to 15 U.S.C. § 15(a), less Nine Million Dollars ($9,000,000) received from former defendants; and the Court having entered its

---

[1] The Direct Purchaser Damages Class consists of all personas or entities, or assignees of such persons or entities, who directly purchased vitamin C for delivery in the United States, other than pursuant to a contract containing an arbitration clause, from any of Defendants or their co-conspirators, other than Northeast Pharmaceutical (Group) Co. Ltd., from December 1, 2001 to June 30, 2006. Excluded from this class are governmental entities, defendants, their co-conspirators, and their respective subsidiaries or affiliates.

[2] The Injunction Class consists of all persons or entities, or assignees of such persons or entities, who purchase vitamin C manufactured by Defendants for delivery in the United States, other than pursuant to a contract with a Defendant containing an arbitration clause, from December 1, 2001 to the present, requiring injunctive relief against Defendants to end Defendants antitrust violations.

1

**THIRD AMENDED JUDGMENT AND FINAL DECREE 06-MD-1738; 05-CV-0453**

Memorandum Decision and Order of November 26, 2013, granting the motion of the Injunctive Class for a permanent injunction and the Court having entered its Decision and Order dated December 30, 2013 awarding plaintiffs attorneys' fees in the amount of $4,903,163.35 and directing the Clerk to enter a Second Amended Judgment and Final Decree adding said amount to plaintiffs' recovery, with interest nunc pro tunc to March 14, 2013; and a further Order of Honorable Brian M. Cogan, United States District Judge, having been filed on February 12, 2014, granting the motion for reconsideration; ordering that Plaintiffs have now belatedly made clear that the fees award they requested was not to be paid to Class Counsel, but to the Direct Purchasers themselves; directing that the full amount of each settlement will already be offset against the total damages owed by Defendants, off-setting the portion of those settlements paid as fees to Class Counsel- money already included in the settlement total- would be double counting; and further, directing the Clerk of Court to enter a Third Amended Judgment and Final Decree in the amount of $147,831,471.03 with interest *nunc pro tunc* to March 14, 2013 it is hereby:

**ORDERED, ADJUDGED AND DECREED**, that The Ranis Company, as class representative, will take of defendants Hebei Welcome Pharmaceutical Co., Ltd. and North China Pharmaceutical Group Corp., jointly and severally, damages in the amount of One Hundred Forty Seven Million Eight Hundred Thirty One Thousand Four Hundred Seventy One Dollars and 03/100 ($147,831,471.03) with post judgment interest thereon pursuant to 28 U.S.C. § 1961 nunc pro tunc to March 14, 2013; and it is further

**ORDERED, ADJUDGED AND DECREED**, as follows:

1. Defendants, their officers, directors, agents, servants, employees, successors, assigns and those persons acting in concert with them who receive actual notice of this injunction, are each

**THIRD AMENDED JUDGMENT AND FINAL DECREE 06-MD-1738; 05-CV-0453**

ENJOINED and RESTRAINED from agreeing, directly or indirectly, to fix the price or limit the supply of vitamin C sold in the United States in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

2. Any party may seek modification of this Order, at any time, by written motion and for good cause based on changed circumstances or otherwise.

3. The Court shall retain jurisdiction to enforce this Order. In the event that any part of this Order is violated by the parties named herein or other persons, Plaintiffs may, by motion with notice to the attorneys for the defendants, apply for sanctions or other relief that may be appropriate.

4. Unless the Court grants an extension, the injunction will expire without further action of the Court ten years from the date of its entry, or if timely appealed, ten years after the final order of the highest-level appellate court.

Dated: Brooklyn, New York  
      February 12, 2014

Douglas C. Palmer  
Clerk of Court

by:  
Michele Gapinski  
Chief Deputy