UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re VITAMIN C ANTITRUST LITIGATION | 1:06-MD-01738 (BMC) (JO) |
| THIS DOCUMENT RELATES TO: ANIMAL SCIENCE PRODUCTS, INC., et al. Plaintiffs, v. HEBEI WELCOME PHARMACEUTICAL CO. LTD., et al. Defendants. | CV-05-453 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO AUTHORIZE DISTRIBUTION OF THE WEISHENG DIRECT PURCHASER SETTLEMENT FUND AND TO PAY COSTS OF CLAIMS ADMINISTRATION**

Plaintiffs respectfully submit this memorandum in support of their motion to authorize distribution of the Direct Purchaser Settlement Fund from their settlement with Weisheng Pharmaceutical Company, Ltd. ("Weisheng") and China Pharmaceutical Group, Ltd. ("CPG").

## I. FACTUAL BACKGROUND

The Court has granted final approval of the settlement with Weisheng and CPG (Minute Entry and Order, Oct. 2, 2013; Final Judgment, ECF No. 796, Oct. 16, 2013). Rust Consulting, Inc. ("Rust"), serving as the Court-approved Claims Administrator, has engaged in a thorough claims administration process, and the Settlement Fund from the Weisheng and CPG settlement, minus the deductions set forth in more detail below, are ready to be distributed to class members. *See* Declaration of Charlene Young Re: Weisheng/CPG Settlement Claims Administration, dated April 4, 2014 ("Young Declaration").

## II. CLAIMS ADMINISTRATION PROCESS

Rust (in conjunction with its partner, Kinsella Media) was charged with various administrative tasks, including: disseminating notices; publishing summary notices; receiving and processing claims and requests for exclusion; responding to class member inquiries; establishing and maintaining a settlement website; and performing such other duties as may be directed by the Court or the parties. Young Decl. at ¶¶ 3-5 and Exhibit A thereto. Rust also conducted the administrative tasks associated with collecting claim forms from claimants, evaluating and auditing those claim forms, and ultimately calculating the appropriate allocated amount for each qualified claimant. Young Decl. at ¶¶ 3-9. Class members who submitted a claim form to participate in the Aland settlement were not required to submit another claim form to participate in the Weisheng/CPG settlement. Rust received a total of 60 claim forms for the

Aland settlement, and an additional 15 new claim forms for the Weisheng/CPG settlement. *Id*. at ¶ 6. The claims review and audit process was thorough and time consuming.

### A. Claim Form Deadline and Documentation

The deadline for filing timely claims against the Weisheng/CPG Direct Purchaser Settlement Fund was August 12, 2013. *Id*. at ¶ 6. Direct purchaser class members who did not submit a claim for the Aland settlement, and for whom Defendants produced sales data, were provided with preprinted claim forms. *Id*. Claimants were permitted to amend their preprinted claim forms if they provided sufficient documentation. *Id.* Each claimant also had to verify the accuracy of the information provided on the claim form under penalty of perjury. *Id*.

### B. Deficiency Review and Audit Process

Rust received a total of 15 new claims, prior to reduction based on ineligibility. *Id*. Rust compiled the information provided in the claim forms in its proprietary database. *Id*. Rust then identified claims that were deficient because they failed to provide a purchase amount. *Id*. at ¶ 7. Rust mailed or otherwise communicated with these claimants and provided them an opportunity to cure such deficiencies. *Id.* at ¶ 8. Rust also requested supporting documentation from claimants who had amended their preprinted claim form. *Id.* at ¶¶ 7-8.

After reviewing the claimants' responses, Rust engaged in discussions with claimants, where necessary. *Id*. For claimants who did not respond to the request for supporting documentation, Rust followed up with reminder phone calls and e-mails providing them with multiple opportunities to provide supporting documentation. *Id*. Of the claimants requiring further contact, three claimants were determined to be ineligible. *Id.* at ¶ 8.

### C. Late-Filed Claims

One claimant filed a claim after the deadline, but not so late as to interfere with the claims administration process. *Id.* at ¶ 9. Therefore, this claim was included and treated as timely for purposes of the settlement distribution, and Class Counsel recommend that it be accepted by the Court, as was done with the Aland settlement. It is appropriate for the Court to approve distribution to claimants who filed these late claims, particularly where, as here, it is equitable to do so. *See Zients v. LaMorte*, 459 F.2d 628, 629-30 (2d Cir. 1972) (accepting late claims when claims made before the distribution of funds); *see also In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 843 (E.D.N.Y. 1995) (citing *Zients*, 459 F.2d at 629-30).

### D. The Settlement Fund

In total, Weisheng has paid $20,000,000 in settlement. On October 2, 2013, the Court awarded Class Counsel $7,875,000 in attorneys' fees and $1,591,358.94 expenses from the Weisheng Settlement Fund, and $500,000 in fees from the NEPG settlement fund. (Minute Order; *see also* Final Judgment, ECF No. 796, Oct. 16, 2013). Under the terms of the settlement agreement with Weisheng and CPG, Class Counsel agreed that fees awarded would be taken in proportion to the escrow payments made by Weisheng and CPG. Thus, of the $7,875,000 in fees awarded by the Court, Plaintiffs have taken $7,300,000 thus far. When Weisheng and CPG make their final payment of $2,500,000 on or before October 15, 2014, Plaintiffs will then take the remaining $575,000 in fees awarded.

On October 2, 2013, the Court approved Plaintiffs' motion to pay invoices from Rust ($14,992.45) and Kinsella Media ($38,579.55) from the Direct Purchaser Settlement Fund, for unpaid notice costs. Since that time, Rust has invoiced the Direct Purchaser Settlement Fund an additional $43,712.36 for claims administration work, and expects that another $12,587 in fees

and expenses will be incurred to complete the distribution process, file necessary tax returns, and respond to claimant inquiries. Young Decl. at ¶ 10.

Following these adjustments and including interest earned, the total settlement funds available for distribution are $11,299,784.76 (the "Net Settlement Fund"). *Id.* at ¶ 11.

### III. PROPOSED DISTRIBUTION

The Net Settlement Fund will be allocated in accordance with the Plan of Allocation approved by the Court. (ECF No. 560). Under the Plan of Allocation, the Net Settlement Fund shall be distributed to Direct Purchaser Class members that submit valid claim forms, after deducting fees and expenses approved by the Court. Class members' direct purchases for each year are multiplied by the percentage overcharge for that year, as calculated by Plaintiffs' expert economist, Dr. Bernheim, to determine each class members' total claimed damages.[1]

Rust has completed the processing of claims in connection with the Weisheng/CPG settlement. The Net Settlement Fund is now available for distribution to class members who have submitted valid claims.[2] The distribution will be made pursuant to the chart attached as

---

[1] Dr. Bernheim calculated damages by year for sales without arbitration clauses using the SARS-adjusted but-for price, as evidenced in Figure 78 of his Expert Report, dated November 14, 2008. He revised his calculations in his Rebuttal Expert Report, dated August 31, 2012 (Figure 53), in response to amended sales numbers from Weisheng. After Mr. Innes identified additional contracts with arbitration clauses in his Export Report, dated August 30, 2012, Dr. Bernheim updated his calculations, as shown in the chart attached to the Young Declaration as Exhibit E. Rust weighted claimants' purchases by year, as shown in the third column ("Sales using the SARS-adjusted but-for price, Net of Arbitration Clauses"). Dr. Bernheim testified at trial regarding his approach to calculating damages, and the jury found that Plaintiffs had proven the damages estimated by Dr. Bernheim.

[2] The amount owed to Great Earth Chemical, LLC from this distribution will be held in escrow pending resolution of the dispute between North American World Trade Group and QualChem LLC, which your Honor has referred to Magistrate Judge Orenstein.

4

Exhibit B to the Young Declaration.[3] Exhibit B identifies each eligible claimant (by number rather than by name, for confidentiality) and provides the claimant's recognized loss amount (total purchases weighted by year as required under the Plan of Allocation) and recommended award amount under the Plan of Allocation.

Purchases made by eligible claimants account for over 90% of the vitamin C purchased from Chinese vitamin C manufacturers within the class definition. Twenty claimants will receive over $100,000 from the Weisheng settlement fund (with six payments greater than $500,000); another seventeen claimants will receive over $10,000. *Id.*, Exhibit B. This high claims rate by percentage of purchases, combined with the substantial payments to many class members, is an excellent result for the Direct Purchaser Damages Class.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court authorize: (1) payment of $43,712.36 to Rust in claims administration costs, (2) withholding $12,587 for Rust's anticipated future fees and expenses related to the distribution process, and (3) distribution of the Weisheng/CPG Net Settlement Fund to Direct Purchaser Class members who have submitted valid claims as set forth above and in the Young Declaration.

---

[3] In 2008, when Plaintiffs voluntarily dismissed Legend Ingredients Group, Inc. ("Legend") from the case, Legend assigned its share of any recovery to its customers. In order to effect that assignment, Class Counsel submitted a claim on Legend's behalf, and intends to distribute the proceeds of Legend's claim to Legend's customers, pro rata, based on sales data provided by Legend in discovery. For ease of reference, Legend's claim (as submitted by Class Counsel), is shown as Claimant #14 on Exhibit B to the Young Declaration.

Dated: April 7, 2014                                       Respectfully submitted,

/s/ Michael D. Hausfeld_____          /s/ William A. Isaacson_____
Michael D. Hausfeld                                        William A. Isaacson
Brian A. Ratner                                            Tanya Chutkan
Brent W. Landau                                            Jennifer Milici
Melinda R. Coolidge                                        BOIES, SCHILLER & FLEXNER LLP
HAUSFELD LLP                                               5301 Wisconsin Avenue, NW, Suite 800
1700 K Street, NW Suite 650                                Washington, DC 20015
Washington, DC 20006                                       Tel.: (202) 237-2727
Tel: (202) 540-7200                                        Fax: (202) 237-6131
Fax: (202) 540-7201

/s/ James T. Southwick_____
James T. Southwick                                         Alanna Rutherford (AR-0497)
Shawn L. Raymond                                           BOIES, SCHILLER & FLEXNER LLP
Katherine Kunz                                             575 Lexington Avenue, 7th Floor
SUSMAN GODFREY L.L.P.                                      New York, New York 10022
1000 Louisiana, Suite 5100                                 Tel: (212) 446-2300
Houston, TX 77002                                          Fax: (212) 446-2350
Tel.: (713) 651-9366
Fax: (713) 654-6666

*Co-Lead Counsel for the Certified Direct Purchaser Damages Class and Injunction Class*

6