**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE VITAMIN C ANTITRUST LITIGATION | **1:06-MD-1738 (BMC) (JO)** |
| THIS DOCUMENT RELATES TO:<br><br>ANIMAL SCIENCE PRODUCTS, INC., et al.,<br><br>        Plaintiffs<br><br>v.<br><br>HEBEI WELCOME PHARMACEUTICAL CO. LTD., et al.,<br><br>        Defendants. | **CV-05-453** |

**DECLARATION OF CHARLENE YOUNG**
**RE: WEISHENG & CPG SETTLEMENT CLAIMS ADMINISTRATION**

I, Charlene Young, declare and state that:

1)   I submit this declaration to provide the Court and the parties to the above-captioned litigation (the "Action") with information regarding the claims administration of the Weisheng & CPG Settlement including, among other things, the processing of Claim Forms and the calculation and distribution of the Net Settlement Fund (See ¶ 11 below).  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2)   Pursuant to ¶ 4 of the Order on Plaintiffs' Motion for Preliminary Approval of Settlement with Defendant Weisheng, dated March 28, 2013 (ECF No. 683), and pursuant to ¶ 4

to the Order on Plaintiffs' Motion for Preliminary Approval of Settlements with Defendant NEPG, dated March 28, 2013 (ECF No. 682), the Court approved Rust Consulting, Inc. ("Rust") as the Administrator of the Settlements, to administer the notice procedures and to process Claim Forms submitted by Class Members.

3)     I am a Senior Project Administrator for Rust whose services include providing notice to the potential members of the Class, as discussed in an earlier Affidavit filed with this Court dated July 18, 2013 (the "Dissemination Affidavit").  For ease of reference, the affidavit is attached hereto as Exhibit A.

4)   In addition to the administration duties outlined in the Dissemination Affidavit, Rust was specifically retained to review, audit and process potential Class Members' respective Claim Forms ("Claims"), calculate class members' qualifying direct purchases as defined in the Plan of Allocation, and distribute the Net Settlement Fund to Class Members who submitted valid claims.

5)   Throughout the claims process, Rust has received and responded to Class Member inquiries by telephone and mail.  Rust maintains: (a) a toll-free telephone number (866-684-9673), (b) Post Office Box 2717, Faribault, MN 55021-9717 for the receipt of Claim Forms and written communications necessary to the administration of the Settlement, (c) a website dedicated to the Settlement, www.vitamincantitrust.com and (d) an email address, info@vitamincantitrust.com.

## CLAIMS PROCESSING

6)   Class Members who submitted claims in connection with the Aland settlement were not required to submit another claim form to participate in the Weisheng settlement. The postmark deadline for Class Members to file new claims was August 12, 2013. Rust received a total of 15

new claim forms from Direct Purchasers, and completed the process of claims administration on January 27, 2014. All data submitted with those claims relating to purchases of Vitamin C was retained in a database securely maintained by Rust. Claimants who received claim forms preprinted with sales data from Defendants were permitted to amend their claim forms with sufficient documentation. All claimants were required to verify the accuracy of the information on their claim form under penalty of perjury. Rust processed the claims, audited the claims, and determined validity and amount of the Class Member claims.

7) Rust identified the following issues for further resolution and Class Member correspondence following the claims deadline: (1) claims failing to provide purchase amount; (2) claims increasing the amount of purchases listed on the claim forms provided by Rust but lacking documentation and; (3) claims listing invalid defendants.

8) Between October 18, 2013 and November 8, 2013, Rust mailed Request for Information letters to nine (9) Class Members to address these issues. Rust engaged in phone and email discussions with many of these claimants to assist them in correcting any deficiencies. In response to these efforts, three (3) claim forms were deemed ineligible.

## CALCULATION OF QUALIFYING PURCHASES BY CLASS MEMBERS

9) Based on determinations by Rust after their review, audit and processing of claim forms, and after correspondence with Class Members, a total of 48 eligible claims submitted by Class Members will be paid from the Net Settlement Fund following approval by the Court. One (1) late but otherwise eligible claim was received on September 11, 2013. Because this claim was not received so late as to delay distribution, Rust has included it in the list of 48 eligible claims to be paid. A list of these 48 eligible claims (by claim number) is attached hereto as Exhibit B.[1]

## RUST FEES AND EXPENSES

---

[1] The funds owed to Great Earth Chemicals LLC will be held in escrow pending resolution of the dispute between North American World Trade Group, Inc. and QualChem LLC.

10)     Annexed hereto as Exhibit C is Rust's invoice for outstanding administration fees and costs incurred for claim administration work in the amount of $43,712.36. Additionally, Rust Consulting's estimate of the fees and expenses that will be incurred to complete the initial distribution of checks, file the necessary tax returns, and respond to claimant inquiries is $12,587.00.

## DISTRIBUTION OF APPROVED SETTLEMENT PROCEEDS

11)     The total amount available for distribution to eligible claimants is $11,299,784.76. Attached hereto as Exhibit D is a chart showing the calculation of the Net Settlement Fund.

12)     Upon entry by the Court of a Distribution Order, Rust will mail the Class Members their portion of the Net Settlement Fund. The allocation of the Net Settlement Fund is based on the Annual Vitamin C Overage Percentages chart (specifically the column of "Sales using the SARS-adjusted but-for price, Net of Arbitration Clauses"), attached hereto as Exhibit E.  The checks will have a stale date of 90 days to encourage Class Members to promptly cash their distribution checks and to avoid or reduce future expenses relating to unpaid distributions.  For any checks returned as undeliverable, an attempt will be made to find new addresses through a trace processing service Rust subscribes to.  Payments to Class Members that are returned as undeliverable after reasonable efforts to locate the Class Members, or checks not cashed after 90 days from issue, will revert to the Net Settlement Fund.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 4th day of April, 2014 in Palm Beach Gardens, Florida.

CHARLENE YOUNG

4

# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE VITAMIN C ANTITRUST LITIGATION | |
| THIS DOCUMENT RELATES TO:<br><br>ALL CASES | MASTER FILE 06-MD-1738 (DGT) (JO) |

**DECLARATION OF CHARLENE YOUNG**
**RE: DIRECT PURCHASER PLAINTIFFS' NOTICE PLAN**

I, CHARLENE YOUNG, declare and state that:

1.       I am a Senior Project Administrator for Rust Consulting, Inc. ("Rust").  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein, and if called as a witness could and would testify competently to the facts set forth in this Declaration.  I submit this Declaration in order to provide the Court and the parties to the above captioned action with information regarding the administration of the Direct Purchaser Plaintiffs' Notice Plan, including the mailing of the Notice of Class Action Settlement (the "Notice"), Claim Form and Acknowledgement of Filed Claim.

2.       Pursuant to ¶ 4 of the Order dated March 28, 2013 (ECF No. 683) on Motion for Preliminary Approval of Settlements with Defendants Weisheng Pharmaceutical Company, Ltd. ("Weisheng") and China Pharmaceutical Group, Ltd ("CPG") (the "Weisheng Order"), the court approved Rust Consulting, Inc. as Administrator of the Settlements.  Rust was retained by Class Counsel to assist in: (a) establishing a post office box and website for the purpose of communicating with class members; (b) disseminating notice to the class; and (c) accepting and maintaining documents sent from class members.

3.      As described in ¶ 3 of my earlier Affidavit dated August 30, 2012 ("Young Affidavit"), previously filed with the Court, Rust, as Administrator of the Settlements in the related settlement in the Action with Defendant Aland (Jiangsu) Nutraceutical Co., Ltd. ("Aland"), had in its possession the names and addresses of 147 potential Direct Purchaser Class Members for this settlement (the "Rust Mailing Database").  For ease of reference, the Young Affidavit, without exhibits, is annexed hereto as Exhibit 1.

4.      Pursuant to discussion with Counsel, in an effort to provide direct mailed notice to as many potential direct purchaser class members as possible, Rust directly mailed copies of the long-form notice to all claimants who had filed a direct claim for the Aland settlement that were not included in the initial mailing list (6) and any third-party filer who had filed a claim (2), in addition to the 147 potential Direct Purchaser Class Members referenced above, for an aggregate of 155 distinct records for mailing.

5.      Pursuant to ¶ 1 of the Order Approving Direct and Indirect Purchaser Plaintiffs' Notice Plan and Form of Notice April 30, 2013 (the "Preliminary Approval Order") (ECF No. 137), Rust mailed the Notice, together with either the Claim Form or Acknowledgement of Filed Claim Letter as applicable, to potential Class Members referred to in ¶¶ 3 and 4 above, on May 14, 2013.  Copies of the Notice, Claim Form and Acknowledgement of Filed Claim Letter are attached hereto as Exhibits 2, 3 and 4, respectively.

6.      As of July 17, 2013, the USPS has returned 25 Notices as undeliverable without forwarding addresses.  Of these 25 undeliverable Notices, Rust located and updated seven (7) address through a trace processing service to which Rust subscribes.  Rust promptly re-mailed the Notice to the seven (7) potential Direct Purchaser Class Member at the updated address.

7.      Pursuant to ¶ 2 of the Preliminary Approval Order, Rust caused the Summary Notice to be published in the following magazines:  *Beverage Industry* (June 7, 2013 issue)*, Food Processing* (June 7, 2013 issue)*, Pharmaceutical Processing* (July 8, 2013 issue), *Feedstuffs* (June 10, 2013 issue), *Cosmetic World* (June 11, 2013 issue), *People* (June 17, 2013 issue), *Sports Illustrated* (June 17, 2013 issue), and *Time*  (June 17, 2013 issue) as well as on the following third-party websites:  *24/7 Network* and *Facebook.com*.   A copy of the published Summary Notice is attached hereto as Exhibit 5.

8.      Rust maintains a case-dedicated settlement website, www.vitamincantitrust.com, which went 'live' on July 2, 2012.  Pursuant to ¶ 3 of the Preliminary Approval Order, on May 14, 2013, Rust included the Notice on the website. Between May 14, 2013 and July 17, 2013, the website has been visited approximately 69,131 times.  A screen shot of the website homepage is attached hereto as Exhibit 6.

9.      Rust also maintains a toll-free telephone number (866-684-9673) ("hotline") to respond to potential claimants' inquiries.  When calling the hotline, the caller is able to listen to a pre-recorded message and can also be directed to a separate telephone number to speak with a live "telephone representative."  Between May 14, 2013 and July 17, 2013, approximately 629 callers called the hotline.

10.     Rust has acted as a repository for Class Member inquiries and communications. To this extent, Rust established and continues to maintain a case-dedicated Post Office Box (P.O. Box 2717, Faribault, MN 55021-9717) for the receipt of all written communications necessary to the administration of the settlement.

11.     Pursuant to ¶ 8 a. of the Preliminary Approval Order, objections are required to be received by August 9, 2013.  As of July 17, 2013, Rust has not received any Objections.

12.     Rust respectfully requests payment of the notice costs incurred through June 30, 2013 in the administration of the Direct Purchaser Plaintiffs' Notice Plan, including, among other things, the mailing of the Notice, totaling $14,992.45.   Annexed hereto as Exhibits 7 and 8 are Rust's invoices for notice fees and costs incurred through June 30, 2013.

13.     In addition, Rust, on behalf of Kinsella Media, LLC, respectfully requests payment of the remaining unpaid notice costs incurred for the publication of the Summary Notice, pursuant to the Preliminary Approval Order, totaling $38,579.55.  Annexed hereto as Exhibit 9 is Kinsella Media's invoice for the paid media components, including print and online media.

14.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 18th day of July, 2013 in Palm Beach Gardens, Florida.

CHARLENE YOUNG

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

IN RE VITAMIN C ANTITRUST
LITIGATION                                    MASTER FILE **06-MD-1738 (BMC) (JO)**

THIS Document Relates TO:
ALL CASES

## AFFIDAVIT OF CHARLENE YOUNG
## RE: DISSEMINATION OF NOTICE OF CLASS SETTLEMENT

STATE OF FLORIDA              )
                             ) SS:
COUNTY OF PALM BEACH )

CHARLENE YOUNG, being duly sworn, deposes, and states as follows:

1.   I am a Senior Project Administrator for Rust Consulting, Inc. ("Rust").  I am over 21 years

of age and am not a party to this action.  I have personal knowledge of the facts set forth herein,

and if called as a witness could and would testify competently to the facts set forth in this

Affidavit.  I submit this Affidavit in order to provide the Court and the parties to the above

captioned action with information regarding the mailing of the Aland Settlement Direct

Purchaser Notice and Claim Form (the "Notice Packet").

2.   Pursuant to ¶ 9 of the Order on Direct and Indirect Purchaser Plaintiffs' Motion for

Preliminary Approval of Settlements with Defendant Aland (Jiangsu) Nutraceutical Co., Ltd.

("Aland"), dated June 13, 2012 (the "Order") (ECF No. 485), the court approved Rust

Consulting, Inc. as Administrator of the Settlements.  Rust was retained by Class Counsel to

assist in: (a) establishing a post office box and website for the purpose of communicating with

class members; (b) disseminating notice to the class; and (c) accepting and maintaining documents sent from class members, including exclusion requests.

3.    On April 27, 2012, Rust received from Counsel for Plaintiffs, electronic data detailing names along with addresses for 145 potential claimants.  Between June 8, 2012 and June 20, 2012, Rust received from Counsel for Plaintiffs, electronic data detailing names, addresses, and purchase data for 33 additional claimants as well as addresses and purchase data for some of the names previously provided on April 27, 2012.  Rust uploaded the 178 records into a segregated database and scrubbed the data to remove duplicate records and marry the records where applicable.  After cleaning these records, Rust submitted the names and addresses to the United States Postal Service ("USPS") National Change of Address Service ("NCOA") for standardization and postal discounts. This process resulted in names and addresses for 147 distinct Class Members.

4.    Pursuant to ¶ 9 of the Order and ¶¶ 3 and 7 of the Memorandum Decision and Order dated June 14, 2012 (the "Memo Order") (ECF No. 488), Rust mailed the Notice Packet to potential Class Members on June 29, 2012 referred to in ¶ 3 above. A copy of the Notice Packet is attached hereto as Exhibit 1.

5.    As of August 29, 2012, the USPS has returned 32 Notice Packets as undeliverable without forwarding addresses.  Of these 32 undeliverable Notice Packets, Rust located and updated three (3) addresses through a trace processing service to which Rust subscribes.  Rust promptly re-mailed the Notice Packets to those three (3) potential Class Members at these updated addresses.

6.    In addition to the Notice Packets mailed, Rust has also mailed the Aland Settlement Notice (the "Notice") without a Claim Form to potential Indirect Purchaser Damages Class Members

when requests were received from these potential Class Members.  To date Rust has mailed 16 Notices.  As of August 29, 2012, the USPS has not returned any Notices as undeliverable.

7.    Pursuant to ¶ 4 of the Memo Order, Rust caused the Summary Notice to be published in the following magazines:  *Beverage Industry* (August 9, 2012 issue, page 58)*, Food Processing* (August 8, 2012 issue, page 187)*, Pharmaceutical Processing* (August 10, 2012 issue, page 48), *Feedstuffs* (July 13, 2012 issue, page 17), *Cosmetic World* (July 30, 2012 issue, page 187), *People* (July 27, 2012 issue, page 46), *Sports Illustrated* (August 1, 2012 issue, page 74), and *Time*  (July 27, 2012 issue, page 58) as well as on the following third-party websites:  *24/7 Network* – 27,786,582 impressions and *Facebook.com* – 142,847,456 impressions.  A copy of the published Summary Notice is attached hereto as Exhibit 2.

8.    Pursuant to ¶5 of the Memo Order, Rust established a case-dedicated settlement website, www.vitamincantitrust.com, which went 'live' on July 2, 2012.  The website includes links to documents such as the Notice, Claim Form, Stipulation, and other Court documents.  As of August 29, 2012, the website has been visited approximately 88,942 times.  A screen shot of the website homepage is attached hereto as Exhibit 3.

9.    Rust also established a toll-free telephone number (866-684-9673) ("hotline") to respond to potential claimants' inquiries. When calling the hotline, the caller is able to listen to a pre-recorded message, a transcript of which is attached hereto as Exhibit 4, along with answers to many frequently asked questions. A caller is also directed to a separate telephone number to be connected to the Call Center to speak with a live "telephone representative" who can answer additional questions.  Between June 1, 2012 and August 29, 2012, approximately 456 callers called the hotline of which zero (0) requested to speak with a live telephone operator.

10. Rust has acted as a repository for Class Member inquiries and communications. To this extent, Rust established a case-dedicated Post Office Box (P.O. Box 2717, Faribault, MN 55021-9717) for the receipt of all written communications necessary to the administration of the settlement.

11. Pursuant to the Memo Order, objections are required to be received on or before September 27, 2012. As of August 29, 2012, Rust has not received any Objections.

12. Pursuant to the Memo Order, Requests for Exclusion are required to be postmarked on or before September 7, 2012. As of August 30, 2012 at 3:30 p.m. EST, Rust has not received any Requests for Exclusion from potential Class Members.

13. On May 31, 2012, Rust served a notice of the proposed settlement, pursuant to Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the United States Attorney General and attorneys general in all states and territories. A copy of an exemplar notice is attached as Exhibit 5 and the list of the federal and state officials to whom Rust sent the notice is attached as Exhibit 6.

I declare and state under penalty of perjury of the laws of the United States that the foregoing is true and correct to the best of my knowledge.

_____
Charlene Young

Sworn to before me this 30th day of August, 2012

_____
Notary Public



LEEANN WILLIFORD-MELTZER
MY COMMISSION # EE 020023
EXPIRES: December 23, 2014
Bonded Thru Notary Public Underwriters

# EXHIBIT 2

United States District Court for the Eastern District of New York

# If you purchased Vitamin C since 2001
# You Could Be Affected by a Class Action Lawsuit and Settlements

*A court authorized this notice. This is not a solicitation from a lawyer.*

- There is a class action lawsuit about whether Chinese vitamin C (ascorbic acid) manufacturers ("Defendants") conspired to fix and raise prices. The lawsuit includes three Classes:

  - **Direct Purchaser Damages Class**, seeking money for companies that bought vitamin C directly from the Defendants or other Chinese manufacturers;

  - **Indirect Purchaser Damages Class**, seeking money for people who bought capsules or tablets containing vitamin C in certain states; and

  - **Injunction Class**, seeking a Court order that the Defendants not engage in any price-fixing activities in the future.

- Since the first notice, the Court has approved the Aland settlement. Settlements have now been reached with Weisheng Pharmaceutical Company Ltd. ("Weisheng") and China Pharmaceutical Group Corp. Ltd. ("CPG") for $22.5 million, and with Northeast Pharmaceutical Group Co., Ltd. ("NEPG") for $1 million (see Questions 12 and 13 below).

- The lawsuit continues against the Non-Settling Defendants. This notice summarizes your rights and options with regard to the Settlements and an upcoming trial with the Non-Settling Defendants.

| Your Legal Rights and Options: | | |
|---|---|---|
| **You May:** | | **Due Date:** |
| **Submit a Claim** | See Question 14. | Postmarked by August 12, 2013 |
| **Go to a Hearing** | See Questions 30 & 31. | August 29, 2013 |
| **Object** | See Question 22. | Received by August 9, 2013 |
| **Do Nothing** | See Question 20. | No action required. |
| **Exclude Yourself** | See Questions 16-19. | Postmarked by July 12, 2013 |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION............................................................................................................Page 3

    1.  Why did I get this notice package?

    2.  What is this lawsuit about?

    3.  What is a class action?

    4.  Who are the Defendants?

    5.  What happened at the trial?

    6.  Why is this lawsuit a class action?

    7.  Why are there Settlements?

WHO IS INCLUDED IN THE CLASSES?...................................................................................Page 4

    8.  How do I know if I am part of the Classes?

    9.  I'm still not sure if I am included.

WHO IS AFFECTED BY THE SETTLEMENTS?............................................................................Page 5

    10. Who is included in the NEPG Settlements?

    11. Who is included in the Weisheng and CPG Settlements?

THE SETTLEMENTS BENEFITS................................................................................................Page 5

    12. What do the NEPG Settlements provide?

    13. What do the Weisheng and CPG Settlements provide?

    14. How are the funds going to be distributed?

    15. How much will my payment be?

EXCLUDING YOURSELF..........................................................................................................Page 6

    16. What does it mean to exclude myself from the Indirect Purchaser Damages Class?

    17. Can I exclude myself from the Injunction Class?

    18. Can I exclude myself from the Direct Purchaser Damages Class?

    19. How do I ask the Court to exclude me from the Indirect Purchaser Damages Class?

YOUR OTHER RIGHTS AND OPTIONS......................................................................................Page 7

    20. What happens if I do nothing at all?

    21. What rights do I give up if I stay in the Indirect Purchaser Damages Class?

    22. How do I object to or comment on the Settlements?

    23. What's the difference between excluding myself and objecting to the Settlements?

THE TRIAL FOR DIRECT PURCHASERS...................................................................................Page 9

    24. When will the Direct Purchaser Damages Class get the money awarded by the jury?

THE LAWYERS REPRESENTING YOU.......................................................................................Page 9

    25. Do I have a lawyer in this case?

    26. Should I get my own lawyer?

    27. How will the lawyers be paid?

    28. Will the Class Representatives be paid?

THE COURT'S FAIRNESS HEARING FOR THE SETTLEMENTS..................................................Page 9

    29. When and where will the Court decide whether to approve the Settlements?

    30. Do I have to come to the hearing?

    31. May I speak at the hearing?

GETTING MORE INFORMATION..............................................................................................Page 10

    32. Are more details available?

BASIC INFORMATION

## 1. Why did I get this notice package?

You or your company may have purchased vitamin C since December 1, 2001. This class action lawsuit and Settlements relate to those purchases. This notice explains that:

- There are proposed Settlements with some of the vitamin C manufacturers as to all three Classes. You have a right to know about the lawsuit and have legal rights and options that you may exercise before the Court decides whether to approve the Settlements.

Judge Brian Cogan of the United States District Court for the Eastern District of New York is overseeing this class action. The lawsuit is known as *In re Vitamin C Antitrust Litigation*, No. 1:06-MD-01738.

## 2. What is this lawsuit about?

This lawsuit claims the vitamin C manufacturers conspired to fix, raise, maintain, or stabilize prices of vitamin C, limited the supply of vitamin C, and overcharged customers who purchased vitamin C. You can read the Plaintiffs' Class Action Complaints at www.vitaminCantitrust.com. The vitamin C manufacturers deny they did anything wrong or illegal. They present several defenses, including that they were compelled to agree on prices by the government of the People's Republic of China. The Chinese government has advised the Court that the Companies were required by that Government to engage in the challenged conduct as part of its sovereign regulation of the Chinese economy. The Court has already determined, in a Memorandum Decision and Order dated September 6, 2011, that the defendants were not required to fix prices by the Chinese government.

## 3. What is a class action?

In a class action, one or more individuals or companies called class representatives (in this case The Ranis Company, Animal Science Products, Inc., and others) sue on behalf of others who have similar claims. All these individuals or companies are a "class" or "class members."

The people who sued—and all the class members like them—are called the plaintiffs. The companies they sued are called the defendants. One court will resolve the issues for everyone who remains in the classes.

## 4. Who are the Defendants?

The Defendants in all three Classes are Hebei Welcome Pharmaceutical Company, Ltd., Weisheng Pharmaceutical Company Ltd., and Aland (Jiangsu) Nutraceutical Co., Ltd. (formerly Jiangsu Jiangshan Pharmaceutical Co., Ltd.) and certain of their affiliated companies: Shijiazhuang Pharmaceutical (USA) Inc., and China Pharmaceutical Group, Ltd.

North China Pharmaceutical Group Corp. is a Defendant for the Direct Purchaser Damages Class and the Injunction Class, but is not a Defendant for the Indirect Purchaser Damages Class.

Northeast Pharmaceutical Group Co., Ltd. is a Defendant for the Injunction Class and the Indirect Purchaser Damages Class, but is not a Defendant for the Direct Purchaser Damages Class.

Weisheng, CPG, and NEPG ("Settling Defendants") have recently agreed to Settlements with some or all of the Classes. (Aland (Jiangsu) Nutraceutical Co., Ltd. ("Aland") previously agreed to Settlements with all three Classes.)

The Settling Defendants deny they did anything wrong and presented a number of defenses to Plaintiffs' claims but have settled to avoid the cost and risk of a trial.

## 5. What happened at the trial?

The Direct Purchaser Damages Class recently brought their claims before a jury during a three-week trial. Before the trial, NEPG reached a settlement with the Injunction Class and the Indirect Purchaser Damages Class. Before the trial concluded, Weisheng and CPG reached settlements with the Direct Purchaser Damages Class and the Injunction Class.

At the conclusion of the trial, the jury found that the Direct Purchaser Damages Class proved that the Non-Settling Defendants (Hebei Welcome and North China Pharmaceutical Group Corp.) knowingly entered into an agreement or conspiracy with the purpose or predictable effect of fixing the price or limiting supply of vitamin C. The jury also found that the Non-Settling Defendants did not prove that they were actually compelled by the Government of China to enter

into agreements fixing the price or limiting the supply of vitamin C and faced the prospect of penalties or sanctions for not complying with the directives or commands of the Chinese government in this regard. The jury returned a verdict against the Non-Settling Defendants in favor of the Direct Purchaser Damages Class for $54.1 million, and the Court entered a judgment of $162.3 million. More information on when this money may be distributed is in Question 24.

## 6. Why is this lawsuit a class action?

The Court decided that the Direct Purchaser Damages Class and the Injunction Class could be certified for trial because they meet the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

The Court has also certified the Indirect Purchaser Damages Class for the NEPG Settlement (and the prior Aland Settlement) only. The Court has not yet certified an Indirect Purchaser Damages Class outside of the settlement context.

More information is in the Court's Order Certifying the Class (for the Direct Purchaser Damages and Injunction Classes), which is available at www.vitaminCantitrust.com.

| CLASS | STATUS | WHAT IT MEANS |
|---|---|---|
| Direct Purchaser Damages | Certified | Jury verdict in favor of plaintiffs; pending post-verdict motions to overturn the jury verdict filed by Non-Settling Defendants. |
|  |  | Fairness hearing set to decide whether the Weisheng/CPG Settlement can be approved. |
| Indirect Purchaser Damages | Certified as a Class only in the NEPG (and prior Aland) Settlements. The Class as a whole is not certified. | Lawsuit continues against all defendants except Aland (previously settled) and NEPG. |
|  |  | Fairness hearing set to decide whether the NEPG Settlement can be approved. |
| Injunction | Certified | Plaintiffs have filed a motion to obtain an injunction against Non-Settling Defendants. |
|  |  | Fairness hearing set to decide whether the NEPG and Weisheng/CPG Settlement can be approved. |

## 7. Why are there Settlements?

Some of the Defendants have agreed to Settlements with some of the Classes. Settling Defendants have denied all liability in this lawsuit and have presented various defenses to the Plaintiffs' claims.

The Settling Defendants and the plaintiffs agreed to the Settlements to lessen the cost and risk of a trial, and to ensure that money is recovered for the Class Members. The Class Representatives and Class Counsel think the Settlements are best for all Class Members. The case continues against the Non-Settling Defendants until all appeals are resolved.

### WHO IS INCLUDED IN THE CLASSES?

## 8. How do I know if I am part of the Classes?

There are three Classes. It is possible to be a member of more than one Class.

You are included in the *Direct Purchaser Damages Class* if you or another company that assigned you its claims:

- Purchased vitamin C.
- For delivery in the U.S.
- Directly from a Defendant (except Northeast Pharmaceutical) or another Chinese manufacturer of vitamin C.
- Between December 1, 2001 and June 30, 2006.
- Without a contract, or with a contract that did not include an arbitration clause.

You are included in the ***Indirect Purchaser Damages Class*** if you:

- Purchased capsules or tablets containing vitamin C.

- For use or consumption and not for resale.

- Between December 1, 2001 and June 30, 2006.

- And you currently live in *and* your purchase was made in one of the following 20 states or the District of Columbia: Arizona, California, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, or Wisconsin.

You are included in the ***Injunction Class*** if you or another company that assigned you its claims:

- Purchased vitamin C manufactured by a Defendant, or products from any company containing vitamin C manufactured by the Defendants.

- Directly from a Defendant or from any other company.

- For delivery in the U.S.

- Between December 1, 2001 and now.

- Without a contract, or with a contract that did not include an arbitration clause.

The Defendants, their parent companies, subsidiaries, affiliates, co-conspirators, and government entities are excluded from all Classes. The Plaintiffs are not seeking damages for purchases after June 30, 2006, and any purchaser who incurred damages after this date risks giving up those claims by remaining in the Class.

### 9. I'm still not sure if I am included.

If you are still not sure whether you are a Class Member, you can ask for free help. See Question 32 below. You are not required to pay anyone to assist you in making a claim.

### WHO IS AFFECTED BY THE SETTLEMENTS?

### 10. Who is included in the NEPG Settlements?

You are included in the NEPG Settlements if you are a member of the Injunction Class or the Indirect Purchaser Damages Class.

### 11. Who is included in the Weisheng and CPG Settlements?

You are included in the Weisheng and CPG Settlements if you are a member of the Direct Purchaser Damages Class or the Injunction Class.

### THE SETTLEMENTS BENEFITS

### 12. What do the NEPG Settlements provide?

Under the Settlements, NEPG will:

- Promise the Injunction Class that it will comply with any injunction the Court may enter against any other Defendant,

- Pay $500,000 towards the cost of attorneys' fees and costs incurred on behalf of pursuing the claims of the Injunction Class, and

- Pay an additional $500,000 to the Indirect Purchaser Damages Class.

### 13. What do the Weisheng and CPG Settlements provide?

Under the Settlement, Weisheng and CPG will pay $22.5 million to the Direct Purchaser Damages Class ($20 million now, and $2.5 million within one year after the Court approves the Settlement).

Weisheng and CPG will also promise the Injunction Class that it will comply with any injunction the Court may enter against any other Defendant.

Weisheng and CPG have not agreed to settle with the Indirect Purchaser Damages Class.

**14. How are the funds going to be distributed?**

If you are a member of the Direct Purchaser Damages Class and have not excluded yourself, you are eligible to get a payment. If you already submitted a claim form for the Aland Settlement, you do not need to resubmit another claim form. If you have not yet submitted a claim form, you **must** submit a claim form by **August 12, 2013** to be eligible.

If you received this notice by mail, you have also received a claim form. If you are reviewing this notice online or received a copy by some other means, you may download a claim form online at www.vitaminCantitrust.com or by calling the Settlement Administrator toll-free at 1-866-684-9673. You may also request a claim form by writing to the Settlement Administrator at the address below.

Completed claim forms **must be postmarked no later than August 12, 2013** and returned to the Settlement Administrator at the following address:

Vitamin C Settlements
Rust Consulting, Inc.
PO Box 2717
Faribault, MN 55021-9717

If you do not mail a properly addressed claim form, postmarked no later than **August 12, 2013**, your claim may be rejected and you may not be able to get any payment.

Please keep all of your records of your purchases from Defendants because you may need them to complete the claim form and may be asked later to provide them to the Settlement Administrator. Please do not attach documentation to your claim form.

Because there are millions of Members of the Indirect Purchaser Damages Class, a direct cash distribution to Indirect Purchaser Damages Class Members is not practical. Instead, settlement funds will be distributed on behalf of the Indirect Purchaser Damages Class to charitable, not-for-profit, or governmental organizations approved by the Court. Class Counsel will recommend that the funds be distributed to Vitamin Angels, the State Center, and the American Antitrust Institute. Additional information can be found on the website at www.vitaminCantitrust.com. Members of the Indirect Purchaser Damages Class should **not** submit a claim form.

**15. How much will my payment be?**

If you are a member of the Direct Purchaser Damages Class, your share of the Weisheng and CPG Settlement, or any future settlement, will depend on:

a)   The number of valid claim forms received,

b)   The amount of your purchases of vitamin C between January 1, 2002 and June 30, 2006, and

c)   The years in which those purchases were made.

The Direct Purchaser Damages Class Settlement Fund will be divided among direct purchasers that submit valid claims, after deducting fees and expenses approved by the Court. Your direct purchases for each year will be multiplied by the percentage overcharge found by Plaintiffs' expert economist for that year, to determine your total claimed damages. The fund will then be divided in proportion to direct purchasers' total claimed damages.

If you wish to object to this division of money, called the Plan of Allocation, you must file your objection by **August 9, 2013** as described in Question 22 below.

**EXCLUDING YOURSELF**

If you are a member of the Indirect Purchaser Damages Class and you want to keep the right to sue or continue to sue NEPG on your own for damages, you must take steps to get out of the Indirect Purchaser Damages Class. This is called excluding yourself – or sometimes called "opting out."

Your options for excluding yourself are:

| CLASS | YOUR OPTION | WHAT IT MEANS |
|---|---|---|
| Indirect Purchaser Damages | You can exclude yourself from the NEPG Settlement. | You can sue NEPG separately. |
| Injunction | You cannot exclude yourself. | You cannot sue NEPG separately for an injunction. Any injunction the Court issues benefit all Class Members. |
| Direct Purchaser Damages | You cannot exclude yourself. | You can no longer exclude yourself from the Class because the deadline has passed.<br><br>These options are described in more detail below. |

### 16. What does it mean to exclude myself from the Indirect Purchaser Damages Class?

It is important to know what rights you give up and keep if you exclude yourself.

If you are included in the Class Definition for the Indirect Purchaser Damages Class (see Question 8) and you want to sue NEPG separately about the related claims in this lawsuit, you must exclude yourself from the Class. If you exclude yourself, you can sue NEPG separately.

If you exclude yourself from a Class, you will not be legally bound by the Court's judgments concerning that Class.

If you start your own lawsuit against NEPG after you exclude yourself, you'll have to hire and pay your own lawyer for that lawsuit, and you'll have to prove your claims. If you do exclude yourself so you can start or continue your own lawsuit against NEPG, you should talk to your own lawyer soon, because your claims may be subject to legal time limits.

### 17. Can I exclude myself from the Injunction Class?

No, you cannot exclude yourself from the Injunction Class.

### 18. Can I exclude myself from the Direct Purchaser Damages Class?

No, the deadline to exclude yourself from the Direct Purchaser Damages Class has passed.

### 19. How do I ask the Court to exclude me from the Indirect Purchaser Damages Class?

To ask to be excluded from the Indirect Purchaser Damages Class, you must send an "Exclusion Request" in the form of a letter sent by mail, stating the following:

- That you want to be excluded from *In re Vitamin C Antitrust Litigation*;
- That you want to be excluded from the Indirect Purchaser Damages Class;
- All trade names or business names that you have used; and
- Your name, address, telephone number, and your signature.

You must mail your Exclusion Request postmarked by **July 12, 2013**, to: Vitamin C Settlements, Rust Consulting, Inc., PO Box 2717, Faribault, MN 55021-9717.

### YOUR OTHER RIGHTS AND OPTIONS

### 20. What happens if I do nothing at all?

If you do nothing now, you will stay in any Class you are a member of.

## 21. What rights do I give up if I stay in the Indirect Purchaser Damages Class?

When you stay in the Class—whether you file a claim or do nothing—your rights are still affected. If you stay in the *Indirect Purchaser Damages Class*, you will not be able to sue, or continue to sue, NEPG—as part of any other lawsuit—for damages related to price-fixing of vitamin C purchased indirectly from the Defendants.

If you want to keep the right to sue for damages after June 30, 2006, you must exclude yourself. The Indirect Purchaser Settlement Agreement with NEPG, available at www.vitaminCantitrust.com, describes the exact legal claims against NEPG that you give up if you stay in the Class.

## 22. How do I object to or comment on the Settlements?

If you have comments about, or disagree with, any aspect of the NEPG or Weisheng/CPG Settlements, including the maximum attorneys' fees that may be requested, or use of Settlement funds to pay administration and litigation costs and expenses, you may express your views to the Court by writing to the address below. The written objection needs to include the following:

- Your name, address, telephone number, and your signature;
- The case name and number (*In re Vitamin C Antitrust Litigation* No. 1:06-MD-01738);
- A brief explanation of your reasons for objecting; and
- Proof of your membership in a Class, such as invoices showing that you satisfy one of the definitions in Question 8.

The objection must be filed with the Court at the following address, **received by August 9, 2013**:

Clerk of Court
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

You must also mail a copy of the objection to the following attorneys:

| William A. Isaacson<br>Boies, Schiller & Flexner LLP<br>5301 Wisconsin Avenue, NW<br>Suite 800<br>Washington, DC 20015 | Daniel E. Gustafson<br>Gustafson Gluek, PLLC<br>Canadian Pacific Plaza<br>120 South Sixth Street, Suite 2600<br>Minneapolis, MN  55402 |
|---|---|
| *Class Counsel for the Direct Purchaser Damages Class and the Injunction Class* | *Class Counsel for the Indirect Purchaser Damages Class* |

| Athena Hou<br>Zelle Hofmann Voelbel & Mason LLP<br>44 Montgomery Street<br>Suite 3400<br>San Francisco, CA 94104 | Scott Martin<br>Greenberg Traurig LLP<br>MetLife Building<br>200 Park Avenue<br>New York, NY 10166 |
|---|---|
| *Counsel for Weisheng Pharmaceutical Co., Ltd. and China Pharmaceutical Group, Ltd.* | *Counsel for Northeast Pharmaceutical Group Company, Ltd. (NEPG)* |

## 23. What's the difference between excluding myself and objecting to the Settlements?

If you exclude yourself from a Class you are telling the Court that you don't want to be part of Settlements with that Class and, therefore, you will not receive any benefits from them. Objecting simply means telling the Court that you don't like something about the Settlements. You can only object to a Settlement if you remain in that Class. If you exclude yourself, you have no basis to object to the Settlements because the case no longer affects you.

### THE TRIAL FOR DIRECT PURCHASERS

The Court held a trial in the case brought by the Direct Purchaser Damages Class. See Question 5 for more information.

---

**24. When will the Direct Purchaser Damages Class get the money awarded by the jury?**

---

If the lawsuit against Hebei Welcome and North China Pharmaceutical Group Corp. isn't resolved by settlement, then Class Counsel will continue to litigate on behalf of the Direct Purchaser Damages Class through any appeals brought by the Non-Settling Defendants. There is no guarantee that the Plaintiffs will win, or that they will get any additional money or benefits for the Direct Purchaser Damages Class.

### THE LAWYERS REPRESENTING YOU

---

**25. Do I have a lawyer in this case?**

---

The Court decided that the law firms of Boies, Schiller & Flexner LLP, Hausfeld LLP, and Susman Godfrey LLP are qualified to represent all members of the Direct Purchaser Damages Class and Injunction Class.

The Court decided that the law firms of Saveri & Saveri, Inc., Straus & Boies, LLP and Gustafson Gluek, PLLC are qualified to represent all members of the Indirect Purchaser Damages Class.

Together these law firms are called "Class Counsel." They are experienced in handling similar cases. More information about these law firms, their practices, and their lawyers' experience is available at www.bsfllp.com, www.hausfeldllp.com, www.susmangodfrey.com, www.straus-boies.com, and www.gustafsongluek.com.

---

**26. Should I get my own lawyer?**

---

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you will have to pay that lawyer. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

---

**27. How will the lawyers be paid?**

---

Class Counsel will ask the Court for up to 35% of the $22.5 million Direct Purchaser Damages Class Settlement Fund and up to 33% of the $500,000 Indirect Purchaser Damages Class Settlement Fund for attorneys' fees, plus expenses. In addition, Class Counsel will ask the Court to approve the $500,000 that NEPG agreed to pay towards the fees and expenses of the Injunction Class. You won't have to pay these fees and expenses personally. If the Court grants Class Counsel's request, the fees and expenses would be deducted from the appropriate Settlement Fund.

If Class Counsel later gets more money or benefits for the Class, they may ask the Court for additional fees and expenses, which would be either deducted from any money obtained or paid separately by the Defendants.

---

**28. Will the Class Representatives be paid?**

---

The Class Representatives will not be paid incentive awards from these Settlements.

### THE COURT'S FAIRNESS HEARING FOR THE SETTLEMENTS

The Court will hold a hearing to decide whether to approve the Settlements, the Plan of Allocation, and the request for attorneys' fees and expenses. You may attend and you may ask the Court's permission to speak (see Question 31 for instructions), but you don't have to participate in the hearing in order to attend.

---

**29. When and where will the Court decide whether to approve the Settlements?**

---

The Court will hold a Fairness Hearing at **2:30 p.m.** on **August 29, 2013**, in Courtroom 8D South at the U.S. Courthouse, 225 Cadman Plaza East, Brooklyn, NY 11201. At this hearing the Court will consider whether the Proposed Settlements are fair, reasonable, and adequate, whether to approve the Plan of Allocation, and whether to award attorneys' fees and expenses. If there are objections, the Court will consider them. Judge Cogan will listen to Class Members who have asked to speak at the hearing (see Question 31). After the hearing, the Court will decide whether to approve the Settlements, the Plan of Allocation, and the request for attorneys' fees and expenses.

The Court may change the time and date of the Fairness Hearing. Notice of any change will be posted at the courthouse or on the Court's website and on www.vitaminCantitrust.com.

### 30. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Cogan may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as the Court received your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 31. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. If you wish to do so, you are encouraged to send a letter stating the following:

- "Notice of Intention to Appear in *In re Vitamin C Antitrust Litigation*";

- The position you will take and your reasons;

- Your name, address, telephone number, and your signature; and

- Proof of your membership in a Class, such as invoices showing that you satisfy one of the definitions in Question 8.

Your Notice of Intention to Appear must be filed with the Court at the following address, **received by August 9, 2013**:

Clerk of Court
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

You must also mail a copy of the notice to the attorneys listed in Question 22.

GETTING MORE INFORMATION

### 32. Are more details available?

Yes. Visit the website, www.vitaminCantitrust.com, where you will find the Jury Verdict Form, the Court's Order Certifying the Class, the Class Action Complaints that the Plaintiffs submitted, the Defendants' Answers to the Complaints, and other relevant documents. You may also call 1-866-684-9673 or write to: Vitamin C Settlements, Rust Consulting Inc., PO Box 2717, Faribault, MN 55021-9717.

# EXHIBIT 3

### *In Re Vitamin C Antitrust Litigation*

## WEISHENG/CPG SETTLEMENT – DIRECT PURCHASER CLAIM FORM

### General Information

Eligibility

You are eligible to receive a payment from this Settlement if you:

- <u>Directly</u> purchased vitamin C from a Defendant or another Chinese manufacturer of vitamin C, other than Northeast Pharmaceutical (Group) Co. Ltd.,

- From January 1, 2002 to June 30, 2006,

- Without a contract, or under a contract without an arbitration clause.

Indirect purchasers are not included in this Settlement. A separate settlement has been reached with indirect purchasers. This Claim Form is only for direct purchasers.

You are not eligible if you: (1) excluded yourself or (2) are a governmental entity, one of the Defendants, their co-conspirators, or their respective subsidiaries or affiliates.

Documentation

*Do not attach documentation to this claim form.* You should save all relevant documents, such as invoices, that support your claim as you may be required to provide them later.

Questions

If you have any questions about your claim:

(1)   Write to the Settlement Administrator listed below.

(2)   Visit the settlement website at www.VitaminCAntitrust.com.

(3)   Email: info@VitaminCAntitrust.com.

(4)   Call: (866) 684-9673.

### Submit Your Claim

Claim Forms must be submitted and mailed **postmarked no later than August 12, 2013** to:

Vitamin C Antitrust Litigation
P.O. Box 2717
Faribault, MN  55021-9717

Claim Forms not submitted by **August 12, 2013** may be rejected or may delay payment**.**

**Must Be Postmarked No Later Than August 12, 2013**

FOR OFFICIAL USE ONLY

01

Page 1 of 2

VITAMIN C ANTITRUST LITIGATION
C/O RUST CONSULTING, INC.
P.O. BOX 2717
FARIBAULT, MN 55021-9717

* B A R C O D E * - <<SEQ>>

<<NAME1>>
<<NAME2>>
<<ADDRESS1>>
<<ADDRESS2>>
<<CITY>> <<STATE>> <<ZIP>>
<<COUNTRY>>

☐ Please check the box if the name or address is different from information on the left and complete below:

_____

_____

_____

_____

## Section A: Claimant Information

The Settlement Administrator will use this information for all communications relevant to this Claim (including the check, if eligible for payment). If this information changes, you MUST notify the Settlement Administrator in writing at the address above.

Daytime Telephone Number:

Evening Telephone Number:

Email Address:

(Email address not required.  If you provide an email address you authorize the Settlement Administrator to use it in providing you with information about your claim.)

Name(s) to appear on the check (if different from above):

## Section B: Certification Under Penalty of Perjury

You must sign the Claim Form under penalty of perjury. I hereby certify that:

1.  The information provided in the Schedule of Qualifying Purchases on the reverse side is true and correct to the best of my knowledge.

2.  I have documentation to support my claim and agree to provide additional information to Class Counsel or the Settlement Administrator to support my claim if necessary.

3.  I have not assigned or transferred (or purported to assign or transfer) or submitted any other claim for the same purchases of vitamin C and have not authorized any other person or entity to do so, and know of no other person or entity having done so on my behalf.

By signing below, you are submitting to the jurisdiction of the United States District Court for the Eastern District of New York.

Signature: _____ Date: ____ ____ / ____ ____ / ____ ____ ____ ____

Type/print name: _____ Title: (e.g., President): *(Must have authority to sign Claim Form)* _____

Claimant name (if different): _____

Phone Number: ( ____ ____ ____ ) ____ ____ ____ - ____ ____ ____ ____  Is Claimant a U.S. Person/Entity?  ☐ Yes  ☐ No

Taxpayer ID/Social Security No. (or foreign equivalent): _____





## Section C: Schedule of Qualifying Purchases

The Settlement Administrator has pre-filled the Schedule of Qualifying Purchases below with the amounts of your eligible direct vitamin C purchases using data provided by Hebei and Weisheng.

Because Aland (Jiangsu) and other Chinese manufacturers of vitamin C did not provide similar data, there is a blank column for you to list your purchases from Aland and other Chinese manufacturers of vitamin C.

You should carefully review the Schedule of Qualifying Purchases and make any necessary corrections. If you purchased from Aland, you should add the information about your Aland purchases. You may provide estimates if necessary.

Please check the appropriate box:

☐   I have reviewed the Schedule of Qualifying Purchases and have no corrections or additions. I understand that purchases from Aland (Jiangsu) and other Chinese manufacturers of vitamin C are not included.

☐   I have added information about my purchases from Aland and other Chinese manufacturers of vitamin C but have no other corrections.

☐   I have made corrections to the Schedule of Qualifying Purchases.

(1)   Please type or neatly print all information.

(2)   Round total purchase amount to nearest dollar or whole unit of the currency you are using.

(3)   When writing total purchase amount, use the following format: 5,432 = Five thousand four hundred thirty-two.

(4)   If your purchases are in multiple currencies, use **separate pages** for each currency. You may copy these pages as needed.

Instructions: The schedule has been pre-printed with information from Hebei and Weisheng. If you disagree with any of the pre-printed amounts, please cross out and write corrections above the pre-printed amounts. You should also fill in the last column with any additional information.

| ☐ U.S. Dollars<br>☐ Other Currency<br>*(please specify)*:<br>_____<br>*(List only one currency per page)* | Total Amount of Vitamin C Directly Purchased Per Year Without a Contract, or Under a Contract Without an Arbitration Clause | | |
|---|---|---|---|
| | Hebei Welcome Pharmaceutical Company, Ltd. | Weisheng Pharmaceutical Company Ltd. | Aland (Jiangsu) Nutraceutical Co., Ltd. (formerly Jiangsu Jiangshan Pharmaceutical Co. Ltd.) or other Chinese manufacturers (other than Northeast Pharmaceutical (Group) Co. Ltd.) |
| January 1, 2002 – December 31, 2002 | <<HebeiYear2002>> | <<WeishengYear2002>> | _____.XX<br>(Numerical)<br><br>_____<br>(Written Out) |
| January 1, 2003 – December 31, 2003 | <<HebeiYear2003>> | <<WeishengYear2003>> | _____.XX<br>(Numerical)<br><br>_____<br>(Written Out) |
| January 1, 2004 – December 31, 2004 | <<HebeiYear2004>> | <<WeishengYear2004>> | _____.XX<br>(Numerical)<br><br>_____<br>(Written Out) |
| January 1, 2005 – December 31, 2005 | <<HebeiYear2005>> | <<WeishengYear2005>> | _____.XX<br>(Numerical)<br><br>_____<br>(Written Out) |
| January 1, 2006 – June 30, 2006 | <<HebeiYear2006>> | <<WeishengYear2006>> | _____.XX<br>(Numerical)<br><br>_____<br>(Written Out) |

# EXHIBIT 4

**Vitamin C Settlements**
**c/o Rust Consulting, Inc.**
**P.O. Box 2717**
**Faribault, MN  55021-9717**

May 14, 2013

**ACKNOWLEDGEMENT OF FILED CLAIM**

Dear Claimant:

We have received and processed the Proof of Claim that you filed in the Vitamin C Settlement.  This letter is to advise you that since you have already filed a claim, you do not need to file a subsequent one; therefore, another claim form is not enclosed.

However, if you would like to revise your previously filed claim, you can download a claim form from the website at: www.vitamincantitrust.com. Any revisions to your claim must be mailed and postmarked by **August 12, 2013**.

If you have any questions, please call our toll free number at 1-866-684-9673.

Sincerely yours,

Settlement Administrator

# EXHIBIT 5

# If you purchased Vitamin C
# since December 1, 2001

## A Class Action Lawsuit and Settlements Could Affect You

### What is this case about?

Plaintiffs have brought a class action lawsuit claiming that vitamin C manufacturers conspired to fix and raise prices. A jury has awarded a verdict in favor of Plaintiffs and against certain Defendants. This judgment is not yet final, and does not apply to all class members. Some Defendants agreed to settle to avoid the cost and risk of a trial.

The Defendants are Hebei Welcome Pharmaceutical Company, Ltd., Weisheng Pharmaceutical Company Ltd. ("Weisheng"), Aland (Jiangsu) Nutraceutical Co., Ltd. ("Aland"), Northeast Pharmaceutical Group Co., Ltd. ("NEPG") and certain of their affiliated companies. NEPG is a Defendant for only the Injunction Class and the Indirect Purchaser Damages Class described below.

### Are you included?

The case seeks to recover money (damages) for Class Members and an order from the Court (an injunction) that the Defendants not engage in any price-fixing activities.

You are included in the Direct Purchaser Damages Class if you: 1) purchased vitamin C, 2) for delivery in the U.S., 3) directly from a Defendant (except NEPG) or another Chinese manufacturer of vitamin C, 4) between December 1, 2001 and June 30, 2006, 5) without a contract, or with a contract that did not include an arbitration clause.

You are included in the Indirect Purchaser Damages Class if you: 1) currently live in and purchased capsules or tablets containing vitamin C in Arizona, California, District of Columbia, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, or Wisconsin, 2) between December 1, 2001 and June 30, 2006, 3) for use or consumption and not for resale.

You are included in the Injunction Class if you: 1) purchased vitamin C manufactured by a Defendant, or products from any company containing vitamin C manufactured by a Defendant, 2) directly from a Defendant or from any other company, 3) for delivery in the U.S., 4) from December 1, 2001 to now, 5) without a contract, or under a contract without an arbitration clause.

### What is the status of the lawsuit?

Weisheng Pharmaceutical Company Ltd., China Pharmaceutical Group, Ltd. ("CPG"), and NEPG ("Settling Defendants") have recently agreed to Settlements with some or all of the Classes. (Aland previously agreed to Settlements with all three Classes.)

Weisheng and CPG agreed to settle the claims of the Direct Purchaser Damages Class for $22.5 million. NEPG will pay a total of $1 million to settle the claims of the Injunction Class and the Indirect Purchaser Damages Class. In settling the claims of the Injunction Class, all three Settling Defendants promised to comply with any injunction the Court may enter against any other Defendant. See the Detailed Notice for information about how the Settlement proceeds will be distributed.

A jury has awarded the Direct Purchaser Damages Class $54.1 million against the Non-Settling Defendants; the Court entered a judgment of $162.3 million for the Class. This money will not be distributed until all appeals are resolved.

### What are your options?

If you want to stay in the lawsuit or Settlements, you do not need to do anything. You will be bound by the lawsuit and Settlements and give up certain rights to bring separate lawsuits about the claims in the lawsuit.

If you stay in the Settlements, you may object to one or more of them by **August 9, 2013**.

Members of the Direct Purchaser Damages Class may submit a claim for a cash payment.

If you do not want to be legally bound by the Indirect Purchaser Damages Class lawsuit or its Settlement with NEPG, you must exclude yourself in writing by **July 12, 2013**. You will not receive any money. You cannot exclude yourself from the Injunction Class or the Direct Purchaser Damages Class. The lawsuit and Settlements do not cover damages incurred after June 30, 2006. If you are an indirect purchaser and you want to keep the right to sue for damages after June 30, 2006, you must exclude yourself.

The Court has appointed Class Counsel to represent you. You don't have to pay them, or anyone else, to participate. You can hire your own lawyer, at your own expense, to appear or speak for you at the hearing.

The Court will hold a hearing on **August 29, 2013 at 2:30 p.m.** at the U.S. District Court for the Eastern District of New York to consider approval of the Settlements, including a request for attorneys' fees of up to 35% of the Settlement funds, plus expenses.

---

### For more information: 1-866-684-9673
### www.vitaminCantitrust.com

# EXHIBIT 6

*Vitamin C Antitrust Litigation*

Class Action Lawsuit



A full detailed Notice of the Aland Settlement can be obtained by clicking **here**.

A full detailed Notice of the NEPG, Weisheng and CPG Settlements can be obtained by clicking **here**.

# Vitamin C Antitrust Litigation Overview

This class action lawsuit claims that vitamin C manufacturers conspired to fix, raise, maintain, or stabilize prices of vitamin C and overcharged customers who purchased vitamin C. Vitamin C manufacturers deny they did anything wrong or illegal.

Judge Brian Cogan of the United States District Court for the Eastern District of New York is overseeing this class action. The lawsuit is known as the *In re Vitamin C Antitrust Litigation,* No. 1:06-MD-01738.

Northeast Pharmaceutical Group Company, Ltd. ("NEPG") is a Defendant in the Injunction Class and the Indirect Purchaser Damages Class, but is not a Defendant in the Direct Purchaser Damages Class.

Aland (Jiangsu) Nutraceutical Co., Ltd. ("Aland") has agreed to Settlements with all three Classes. The Court held a Fairness Hearing and approved the Aland Settlements on October 17, 2012.

NEPG has settled with the Indirect Purchaser Class and Injunction Class. Weisheng and CPG have settled with the Direct Purchaser Class and Injunction Class.

A Fairness Hearing is scheduled on August 29, 2013 at 2:30 p.m.in Courtroom 8D South at Cadman Plaza East, Brooklyn New York.

A trial was held and the jury returned a verdict against the Non-Settling Defendants in favor of the Direct Purchaser Damages Class for $54.1 million, and the Court entered a judgment of $162.3 million.

---

There are three Settlement Classes. You may be a member of one, two, or all three Classes. The Classes are defined below.

1. **Direct Purchaser Class**

   If you made a **DIRECT purchase of**

   - Vitamin C,
   - For delivery in the U.S.
   - Directly from a Defendant or another Chinese manufacturer of vitamin C (except Northeast Pharmaceutical)
   - Between December 1, 2001 and June 30, 2006
   - Without a contract, or with a contract that did not include an arbitration clause.

2. **Indirect Purchaser Class**

   If you made an **INDIRECT purchase of**

   - Capsules or tablets containing Vitamin C
   - For use or consumption and not for resale
   - Between December 1, 2001 and June 30, 2006
   - And you currently live in <u>and</u> your purchase was made in one of the following 20 states or the District of Columbia: Arizona, California, Florida, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Vermont, West Virginia, or Wisconsin.

3. **Injunction Class**

- Purchased vitamin C manufactured by a Defendant, or products from any company containing vitamin C manufactured by the Defendants
- Directly from a Defendant or from any other company
- For delivery in the U.S.
- Between December 1, 2001 and now
- Without a contract, or with a contract that did not include an arbitration clause.

The Chinese government advised the Court that they required the Defendants to engage in the conduct in question as part of its regulation of the Chinese economy. The Court has already determined, in a Memorandum Decision and Order dated September 6, 2011, that the Defendants were not required to fix prices by the Chinese government.

---

**DISCLAIMER**

This site is not operated by the Court, Class Counsel, Defendant's Counsel, or Defendant. This class action website is supervised by the Court and is administered by Rust Consulting, Inc.

# EXHIBIT 7



# Invoice

625 MARQUETTE AVENUE, SUITE 880
MINNEAPOLIS, MN 55402
**P** 612.359.2000   I   **F** 612.359.2050
WWW.RUSTCONSULTING.COM
FEDERAL ID #: 41-1813634

| | |
|---|---|
| DATE: | 06/28/13 |
| INVOICE #: | 138374 |
| MATTER #: | 3890 |

**TO:**  Melinda R. Coolidge
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
mcoolidge@hausfeldllp.com

| PROJECT |
|---|
| *In re Vitamin C Direct CPG and Weisheng* |
| *For Claims Administration Services from Inception through May 31, 2013* |

| | | |
|---|---|---:|
| Pre-Matter Planning | $ | 2,653.90 |
| Project Database | | 4,699.00 |
| Project Management & Reporting | | 778.40 |
| Initial Notice | | 3,779.97 |
| Website - Dynamic | | 568.00 |
| Website Modification | | 1,141.02 |
| Document Receipting | | 97.32 |
| Scanning | | 36.18 |
| Return Mail Processing | | 7.56 |
| Bank Account Management | | 141.00 |
| Tax Reporting | | 13.20 |
| Expenses: Other Charges and Out-of-Pocket Costs | | 718.52 |
| Total Invoice | $ | 14,634.07 |

**PAYMENT TERMS: NET DUE UPON RECEIPT**

**WIRE INFORMATION**
ACCOUNT #: 8093434387
ABA/ROUTING # WIRE or ACH: 111014325
BANK: BANK OF TEXAS, DALLAS, TX 75225
BANK CONTACT: MAYRA LANDEROS  214.987.8817
REFERENCE: INVOICE NUMBER

**RUST**
**PAYMENT MAILING ADDRESS:**
P O BOX 142589
DRAWER #9051
Irving, TX  75014-2589

# EXHIBIT 8



# Invoice

625 MARQUETTE AVENUE, SUITE 880
MINNEAPOLIS, MN 55402
**P** 612.359.2000   I   **F** 612.359.2050
WWW.RUSTCONSULTING.COM
FEDERAL ID #: 41-1813634

| | |
|---|---|
| DATE: | 07/18/13 |
| INVOICE #: | 138416 |
| MATTER #: | 3890 |

**TO:** Melinda R. Coolidge
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
mcoolidge@hausfeldllp.com

| PROJECT |
|---|
| *In re Vitamin C Direct CPG and Weisheng* |
| *June 2013 Claims Administration Services* |

| | | |
|---|---|---:|
| Project Management & Reporting | $ | 139.50 |
| Document Receipting | | 72.36 |
| Scanning | | 28.08 |
| Return Mail Processing | | 14.04 |
| Mailroom & Data Capture Management | | 32.94 |
| Bank Account Management | | 70.50 |
| Expenses: Other Charges and Out-of-Pocket Costs | | 0.96 |
| Total Invoice | $ | 358.38 |
| Outstanding Invoice (s) | $ | 14,634.07 |
| Total Due | $ | 14,992.45 |

**PAYMENT TERMS: NET DUE UPON RECEIPT**

**WIRE INFORMATION**
ACCOUNT #: 8093434387
ABA/ROUTING # WIRE or ACH: 111014325
BANK: BANK OF TEXAS, DALLAS, TX 75225
BANK CONTACT: MAYRA LANDEROS  214.987.8817
REFERENCE: INVOICE NUMBER

**RUST**
**PAYMENT MAILING ADDRESS:**
P O BOX 142589
DRAWER #9051
Irving, TX  75014-2589

# EXHIBIT 9

**INVOICE # 4609**



*In re Vitamin C Antitrust Litigation*

| | |
|---|---|
| **Job:** | 2599 |
| **Invoice Date:** | 4/30/2013 |
| **Terms:** | On Receipt |

**Bill to:**

Melinda Coolidge

Hausfeld LLP

1700 K Street NW, Suite 650

Washington, DC 20006

## Paid Media Components

| Print Media | Insertions |
|---|---|
| **Magazine(s)** | |
| *Beverage Industry* | 1 |
| *Cosmetic World* | 1 |
| *Feedstuffs* | 1 |
| *Food Processing* | 1 |
| *People* | 1 |
| *Pharmaceutical Processing* | 1 |
| *Sports Illustrated* | 1 |
| *Time* | 1 |

| Online Media | Estimated Impressions |
|---|---|
| **Web** | |
| *24/7 Network* | 27,777,777 |
| *Facebook.com* | 100,608,000 |
| **Paid Media Components Total:** | **$383,695.53** |

## Other Program Components

| | |
|---|---|
| Production and Distribution: Print Ad | $1,050.00 |
| Production and Distribution: Banner Ad | $1,050.00 |
| **Other Program Components Total:** | **$2,100.00** |

| | |
|---|---|
| **Total Program Cost** | **$385,795.53** |
| **Direct Purchaser Class Settlement:  Amount Due (10%)** | **$38,579.55** |

## Payment Instructions

**Wire Payment to:**

ABA/Routing #(Wire or ACH):  111014325

Account#:  8093434332

Account Name:  Kinsella Media, LLC

Reference #:  4609

Bank:  Bank of Texas

Bank Contact:  Mayra Landeros - 214.987.8817

Federal Tax ID: 52-2301194

**Or Mail Payment to:**

Kinsella Media, LLC

Attn:  Accounts Receivable

2120 L Street NW, Suite 860

Washington, DC 20037

# Exhibit B

# Eligible Claims

PROJECT: VIT C Dir     - Database: VITCN

Report Criteria: None

DISTRIBUTION NO: 1

| CLM NO | CLAIMANT NAME | RECOGNIZED LOSS AMOUNT | FRACTION OF FUND | AWARD AMOUNT |
|---|---|---|---|---|
| 45 | | 6,048,294.87 | 0.126003970213 | $1,423,817.74 |
| 10 | | 5,529,193.28 | 0.115189540247 | $1,301,617.01 |
| 12 | | 5,156,335.40 | 0.107421801700 | $1,213,843.24 |
| 29 | | 4,500,264.39 | 0.093753891359 | $1,059,398.79 |
| 5 | | 4,030,814.88 | 0.083973861888 | $948,886.56 |
| 9 | | 3,270,953.00 | 0.068143679043 | $770,008.91 |
| 16 | | 1,923,652.10 | 0.040075394325 | $452,843.33 |
| 42 | | 1,886,025.10 | 0.039291512009 | $443,985.63 |
| 14 | | 1,831,950.00 | 0.038164966853 | $431,255.91 |
| 15 | | 1,486,462.28 | 0.030967430140 | $349,925.30 |
| 4 | | 1,484,453.00 | 0.030925570862 | $349,452.29 |
| 18 | | 1,140,348.50 | 0.023756850735 | $268,447.30 |
| 47 | | 1,085,852.36 | 0.022621534063 | $255,618.47 |
| 36 | | 1,037,696.39 | 0.021618301989 | $244,282.16 |
| 50 | | 971,957.02 | 0.020248755398 | $228,806.58 |
| 35 | | 923,069.36 | 0.019230280044 | $217,298.03 |
| 32 | | 817,776.32 | 0.017036712872 | $192,511.19 |
| 24 | | 800,505.57 | 0.016676911785 | $188,445.51 |
| 33 | | 453,139.20 | 0.009440237205 | $106,672.65 |
| 8 | | 444,214.60 | 0.009254311245 | $104,571.73 |
| 25 | | 422,287.16 | 0.008797497456 | $99,409.83 |
| 21 | | 394,920.55 | 0.008227369579 | $92,967.51 |
| 19 | | 308,816.40 | 0.006433564055 | $72,697.89 |
| 28 | | 246,977.13 | 0.005145268146 | $58,140.42 |
| 43 | | 230,423.55 | 0.004800407843 | $54,243.58 |
| 17 | | 204,203.35 | 0.004254163096 | $48,071.13 |
| 27 | | 180,574.20 | 0.003761897627 | $42,508.63 |
| 39 | | 153,932.44 | 0.003206870532 | $36,236.95 |
| 41 | | 141,780.00 | 0.002953699064 | $33,376.16 |
| 1 | | 136,578.00 | 0.002845325933 | $32,151.57 |
| 11 | | 123,015.39 | 0.002562776430 | $28,958.82 |
| 3 | | 119,466.86 | 0.002488849997 | $28,123.47 |
| 30 | | 82,847.00 | 0.001725949403 | $19,502.86 |
| 13 | | 79,577.63 | 0.001657838703 | $18,733.22 |
| 46 | | 79,453.06 | 0.001655243539 | $18,703.90 |
| 7 | | 63,404.20 | 0.001320898055 | $14,925.86 |
| 34 | | 47,096.10 | 0.000981151830 | $11,086.80 |
| 38 | | 30,216.08 | 0.000629490811 | $7,113.11 |
| 20 | | 25,250.40 | 0.000526040929 | $5,944.15 |
| 22 | | 22,315.01 | 0.000464888025 | $5,253.13 |
| 31 | | 20,831.40 | 0.000433980016 | $4,903.88 |
| 37 | | 19,677.90 | 0.000409949181 | $4,632.34 |
| 40 | | 15,780.60 | 0.000328756831 | $3,714.88 |
| 6 | | 10,675.32 | 0.000222398665 | $2,513.06 |
| 26 | | 6,026.40 | 0.000125547835 | $1,418.66 |
| 2 | | 5,628.80 | 0.000117264644 | $1,325.07 |
| 49 | | 4,014.00 | 0.000083623558 | $944.93 |

PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE - The information contained on this report is confidential information that is intended to remain confidential. It is intended for the use of Rust Consulting, Inc.

# Eligible Claims

PROJECT: VIT C Dir    - Database: VITCN

Report Criteria: None

DISTRIBUTION NO: 1

| CLM NO | CLAIMANT NAME | RECOGNIZED LOSS AMOUNT | FRACTION OF FUND | AWARD AMOUNT |
|--------|---------------|------------------------|------------------|--------------|
| 23 | | 2,101.20 | 0.000043774245 | $494.64 |

| TOTAL CLAIMS: | 48 | $48,000,827.75 | 1.000000000000 | $11,299,784.78 |
|---------------|----|-----|-----|-----|

PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE - The information contained on this report is confidential information that is intended to remain confidential. It is intended for the use of Rust Consulting, Inc.

# Exhibit C



# Invoice

625 MARQUETTE AVENUE, SUITE 880
MINNEAPOLIS, MN 55402
**P** 612.359.2000  |  **F** 612.359.2050
WWW.RUSTCONSULTING.COM
FEDERAL ID #: 41-1813634

| | |
|---|---|
| DATE: | 06/28/13 |
| INVOICE #: | 138374 |
| MATTER #: | 3890 |

**TO:** Melinda R. Coolidge
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
mcoolidge@hausfeldllp.com

| PROJECT |
|---|
| *In re Vitamin C Direct CPG and Weisheng* |
| *For Claims Administration Services from Inception through May 31, 2013* |

| | |
|---|---:|
| Pre-Matter Planning | $  2,653.90 |
| Project Database | 4,699.00 |
| Project Management & Reporting | 778.40 |
| Initial Notice | 3,779.97 |
| Website - Dynamic | 568.00 |
| Website Modification | 1,141.02 |
| Document Receipting | 97.32 |
| Scanning | 36.18 |
| Return Mail Processing | 7.56 |
| Bank Account Management | 141.00 |
| Tax Reporting | 13.20 |
| Expenses: Other Charges and Out-of-Pocket Costs | 718.52 |
| Total Invoice | $  14,634.07 |

**PAYMENT TERMS: NET DUE UPON RECEIPT**

**WIRE INFORMATION**
ACCOUNT #: 8093434387
ABA/ROUTING # WIRE or ACH: 111014325
BANK: BANK OF TEXAS, DALLAS, TX 75225
BANK CONTACT: MAYRA LANDEROS  214.987.8817
REFERENCE: INVOICE NUMBER

**RUST**
**PAYMENT MAILING ADDRESS:**
P O BOX 142589
DRAWER #9051
Irving, TX  75014-2589



# Invoice

625 MARQUETTE AVENUE, SUITE 880
MINNEAPOLIS, MN 55402
**P** 612.359.2000   **I**   **F** 612.359.2050
WWW.RUSTCONSULTING.COM
FEDERAL ID #: 41-1813634

| | |
|---|---|
| DATE: | 07/18/13 |
| INVOICE #: | 138416 |
| MATTER #: | 3890 |

**TO:** Melinda R. Coolidge
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
mcoolidge@hausfeldllp.com

| PROJECT |
|---|
| *In re Vitamin C Direct CPG and Weisheng* |
| *June 2013 Claims Administration Services* |

| | | |
|---|---|---|
| Project Management & Reporting | $ | 139.50 |
| Document Receipting | | 72.36 |
| Scanning | | 28.08 |
| Return Mail Processing | | 14.04 |
| Mailroom & Data Capture Management | | 32.94 |
| Bank Account Management | | 70.50 |
| Expenses: Other Charges and Out-of-Pocket Costs | | 0.96 |
| Total Invoice | $ | 358.38 |
| Outstanding Invoice (s) | $ | 14,634.07 |
| Total Due | $ | 14,992.45 |

**PAYMENT TERMS: NET DUE UPON RECEIPT**

**WIRE INFORMATION**
ACCOUNT #: 8093434387
ABA/ROUTING # WIRE or ACH: 111014325
BANK: BANK OF TEXAS, DALLAS, TX 75225
BANK CONTACT: MAYRA LANDEROS  214.987.8817
REFERENCE: INVOICE NUMBER

**RUST**
**PAYMENT MAILING ADDRESS:**
P O BOX 142589
DRAWER #9051
Irving, TX  75014-2589



# Invoice

625 MARQUETTE AVENUE, SUITE 880
MINNEAPOLIS, MN 55402
**P** 612.359.2000  I  **F** 612.359.2050
WWW.RUSTCONSULTING.COM
FEDERAL ID #: 41-1813634

| | |
|---|---|
| DATE: | 08/30/13 |
| INVOICE #: | 138563 |
| MATTER #: | 3890 |

**TO:** Melinda R. Coolidge
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
mcoolidge@hausfeldllp.com

| PROJECT |
|---|
| *In re Vitamin C Direct CPG* |
| *July 2013 Claims Administration Services* |

| | | |
|---|---|---|
| Project Management & Reporting | $ | 3,306.36 |
| Initial Notice | | 58.08 |
| Follow Up Notice | | 238.50 |
| Correspondence/Admin Mail | | 146.28 |
| Expenses: Other Charges and Out-of-Pocket Costs | | 1,963.12 |
| Total Invoice | $ | 5,712.34 |
| Outstanding Invoice (s) | $ | 7,772.35 |
| Total Due | $ | 13,484.69 |

**PAYMENT TERMS: NET DUE UPON RECEIPT**

**WIRE INFORMATION**
ACCOUNT #: 8093434387
ABA/ROUTING # WIRE or ACH: 111014325
BANK: BANK OF TEXAS, DALLAS, TX 75225
BANK CONTACT: MAYRA LANDEROS  214.987.8817
REFERENCE: INVOICE NUMBER

**RUST**
**PAYMENT MAILING ADDRESS:**
P O BOX 142589
DRAWER #9051
Irving, TX  75014-2589



# Invoice

625 MARQUETTE AVENUE, SUITE 880
MINNEAPOLIS, MN 55402
**P** 612.359.2000   I   **F** 612.359.2050
WWW.RUSTCONSULTING.COM
FEDERAL ID #: 41-1813634

| DATE: | 09/30/13 |
| INVOICE #: | 138658 |
| MATTER #: | 3890 |

**TO:** Melinda R. Coolidge
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
mcoolidge@hausfeldllp.com

| PROJECT |
|---|
| *In re Vitamin C Direct CPG* |
| *August 2013 Claims Administration Services* |

| | | |
|---|---|---|
| Project Management & Reporting | $ | 1,207.41 |
| Website Modification | | 1,233.38 |
| Data Capture | | 1,405.80 |
| Expenses: Other Charges and Out-of-Pocket Costs | | 1,195.78 |
| Total Invoice | $ | 5,042.37 |
| Outstanding Invoice (s) | $ | 13,484.69 |
| Total Due | $ | 18,527.06 |

**PAYMENT TERMS: NET DUE UPON RECEIPT**

**WIRE INFORMATION**
ACCOUNT #: 8093434387
ABA/ROUTING # WIRE or ACH: 111014325
BANK: BANK OF TEXAS, DALLAS, TX 75225
BANK CONTACT: MAYRA LANDEROS  214.987.8817
REFERENCE: INVOICE NUMBER

**RUST**
**PAYMENT MAILING ADDRESS:**
P O BOX 142589
DRAWER #9051
Irving, TX  75014-2589



# Invoice

625 MARQUETTE AVENUE, SUITE 880
MINNEAPOLIS, MN 55402
**P** 612.359.2000  I  **F** 612.359.2050
WWW.RUSTCONSULTING.COM
FEDERAL ID #: 41-1813634

DATE: 10/31/13
INVOICE #: 138750
MATTER #: 3890

**TO:** Melinda R. Coolidge
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
mcoolidge@hausfeldllp.com

| PROJECT |
|---|
| *In re Vitamin C Direct CPG* |
| *September 2013 Claims Administration Services* |

| | |
|---|---:|
| Project Management & Reporting | $  2,147.48 |
| Technical Consulting | 351.50 |
| Website Modification | 340.30 |
| Document Receipting | 13.50 |
| Scanning | 6.48 |
| Correspondence/Admin Mail | 250.72 |
| Data Capture | 938.30 |
| Claims Validation & Audits | 107.92 |
| Deficiency Claim Processing | 86.62 |
| Mailroom & Data Capture Management | 9.18 |
| Expenses: Other Charges and Out-of-Pocket Costs | 1,551.04 |
| Total Invoice | $  5,803.04 |
| Outstanding Invoice (s) | $  18,527.06 |
| Total Due | $  24,330.10 |

**PAYMENT TERMS: NET DUE UPON RECEIPT**

**WIRE INFORMATION**
ACCOUNT #: 8093434387
ABA/ROUTING # WIRE or ACH: 111014325
BANK: BANK OF TEXAS, DALLAS, TX 75225
BANK CONTACT: MAYRA LANDEROS  214.987.8817
REFERENCE: INVOICE NUMBER

**RUST**
**PAYMENT MAILING ADDRESS:**
P O BOX 142589
DRAWER #9051
Irving, TX  75014-2589



# Invoice

625 MARQUETTE AVENUE, SUITE 880
MINNEAPOLIS, MN 55402
**P** 612.359.2000   I   **F** 612.359.2050
WWW.RUSTCONSULTING.COM
FEDERAL ID #: 41-1813634

| | |
|---|---|
| DATE: | 11/25/13 |
| INVOICE #: | 138803 |
| MATTER #: | 3890 |

**TO:**   Melinda R. Coolidge
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
mcoolidge@hausfeldllp.com

| PROJECT |
|---|
| *In re Vitamin C Direct CPG* |
| *October 2013 Claims Administration Services* |

| | | |
|---|---|---:|
| Project Management & Reporting | $ | 1,658.81 |
| Technical Consulting | | 397.20 |
| Document Receipting | | 10.26 |
| Scanning | | 11.88 |
| Correspondence/Admin Mail | | 683.02 |
| Data Capture | | 1,049.20 |
| Claims Validation & Audits | | 670.28 |
| Deficiency Notification | | 666.07 |
| Mailroom & Data Capture Management | | 14.04 |
| Payment Calculations | | 65.60 |
| Bank Account Management | | 70.75 |
| Tax Reporting | | 70.50 |
| Expenses: Other Charges and Out-of-Pocket Costs | | 1,148.19 |
| Total Invoice | $ | 6,515.80 |
| Outstanding Invoice(s) | $ | 24,330.10 |
| Total Due | $ | 30,845.90 |

**PAYMENT TERMS: NET DUE UPON RECEIPT**

**WIRE INFORMATION**
ACCOUNT #: 8093434387
ABA/ROUTING # WIRE or ACH: 111014325
BANK: BANK OF TEXAS, DALLAS, TX 75225
BANK CONTACT: MAYRA LANDEROS  214.987.8817
REFERENCE: INVOICE NUMBER

**RUST**
**PAYMENT MAILING ADDRESS:**
P O BOX 142589
DRAWER #9051
Irving, TX  75014-2589



# Invoice

625 MARQUETTE AVENUE, SUITE 880
MINNEAPOLIS, MN 55402
**P** 612.359.2000  |  **F** 612.359.2050
WWW.RUSTCONSULTING.COM
FEDERAL ID #: 41-1813634

| | |
|---|---|
| DATE: | 12/30/13 |
| INVOICE #: | 138883 |
| MATTER #: | 3890 |

**TO:**  Melinda R. Coolidge
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
mcoolidge@hausfeldllp.com

| PROJECT |
|---|
| *In re Vitamin C Direct CPG* |
| *November 2013 Claims Administration Services* |

| | | |
|---|---|---:|
| Project Management & Reporting | $ | 2,603.67 |
| Technical Consulting | | 92.50 |
| Follow Up Notice | | 82.12 |
| Document Receipting | | 14.04 |
| Correspondence/Admin Mail | | 28.20 |
| Claims Validation & Audits | | 2,148.46 |
| Deficiency Notification | | 347.16 |
| Expenses: Other Charges and Out-of-Pocket Costs | | 1,094.49 |
| Total Invoice | $ | 6,410.64 |
| Outstanding Invoice(s) | $ | 15,853.45 |
| Total Due | $ | 22,264.09 |

**PAYMENT TERMS: NET DUE UPON RECEIPT**

**WIRE INFORMATION**
ACCOUNT #: 8093434387
ABA/ROUTING # WIRE or ACH: 111014325
BANK: BANK OF TEXAS, DALLAS, TX 75225
BANK CONTACT: MAYRA LANDEROS  214.987.8817
REFERENCE: INVOICE NUMBER

**RUST**
**PAYMENT MAILING ADDRESS:**
P O BOX 142589
DRAWER #9051
Irving, TX  75014-2589



# Invoice

625 MARQUETTE AVENUE, SUITE 880
MINNEAPOLIS, MN 55402
**P** 612.359.2000   I   **F** 612.359.2050
WWW.RUSTCONSULTING.COM
FEDERAL ID #: 41-1813634

| | |
|---|---|
| DATE: | 01/30/14 |
| INVOICE #: | 138984 |
| MATTER #: | 3890 |

**TO:**  Melinda R. Coolidge
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
mcoolidge@hausfeldllp.com

| PROJECT |
|---|
| *In re Vitamin C Direct CPG* |
| *December 2013 Claims Administration Services* |

| | | |
|---|---|---:|
| Project Management & Reporting | $ | 2,224.94 |
| Follow Up Notice | | 14.10 |
| Document Receipting | | 25.38 |
| Scanning | | 34.02 |
| Claims Validation & Audits | | 4,330.60 |
| Mailroom & Data Capture Management | | 22.14 |
| Bank Account Management | | 141.00 |
| Expenses: Other Charges and Out-of-Pocket Costs | | 1,051.29 |
| Total Invoice | $ | 7,843.47 |
| Outstanding Invoice(s) | $ | 22,264.09 |
| Total Due | $ | 30,107.56 |

**PAYMENT TERMS: NET DUE UPON RECEIPT**

**WIRE INFORMATION**
ACCOUNT #: 8093434387
ABA/ROUTING # WIRE or ACH: 111014325
BANK: BANK OF TEXAS, DALLAS, TX 75225
BANK CONTACT: MAYRA LANDEROS  214.987.8817
REFERENCE: INVOICE NUMBER

**RUST**
**PAYMENT MAILING ADDRESS:**
P O BOX 142589
DRAWER #9051
Irving, TX  75014-2589



# Invoice

625 MARQUETTE AVENUE, SUITE 880
MINNEAPOLIS, MN 55402
**P** 612.359.2000 **I F** 612.359.2050
WWW.RUSTCONSULTING.COM
FEDERAL ID #: 41-1813634

DATE:  02/28/14
INVOICE #:  14-8043
MATTER #:  3890

**TO:**  Melinda R. Coolidge
Hausfeld LLP
1700 K Street, NW
Suite 650
Washington, DC 20006
mcoolidge@hausfeldllp.com

| PROJECT |
| --- |
| *In re Vitamin C Direct CPG* |
| *January 2014 Claims Administration Services* |

| | |
| --- | --- |
| Project Management & Reporting | $   2,792.61 |
| Follow Up Notice | 127.67 |
| Claims Validation & Audits | 1,702.50 |
| Fund Distribution | 85.26 |
| Payment Calculations | 255.00 |
| Bank Account Management | 73.50 |
| Tax Reporting | 189.50 |
| Expenses: Other Charges and Out-of-Pocket Costs | 1,158.66 |
| Total Invoice | $   6,384.70 |
| Outstanding Invoice(s) | $   30,107.56 |
| Total Due | $   36,492.26 |

**PAYMENT TERMS: NET DUE UPON RECEIPT**

**WIRE INFORMATION**
ACCOUNT #: 8093434387
ABA/ROUTING # WIRE or ACH: 111014325
BANK: BANK OF TEXAS, DALLAS, TX 75225
BANK CONTACT: MAYRA LANDEROS  214.987.8817
REFERENCE: INVOICE NUMBER

**RUST**
**PAYMENT MAILING ADDRESS:**
P O BOX 142589
DRAWER #9051
Irving, TX  75014-2589

# Exhibit D

Vitamin C - Weisheng

▲    **Escrow Account**

| Settlement Fund (including interest) | $11,356,083.86 |
|---|---|

▲    **Deductions**

| Incentive Awards | Paid |
|---|---|

| Attorneys' Fees | Paid |
|---|---|
| Attorneys' Expenses | Paid |

| Rust's Outstanding Fees and Expenses | $43,712.10 |
|---|---|
| Rust's Estimate to Complete | $12,587.00 |
| Total | $56,299.10 |

| Escrow Fees | 0 |
|---|---|

| Taxes on the fund | None |
|---|---|

▲    **Net Distributable Amount**              **$11,299,784.76**

# Exhibit E

## Annual Vitamin C Overcharge Percentages (Dec. 2001 to June 2006)

| Year | Sales using the SARS-adjusted but-for price | | Sales using the $3.35 price floor | |
|---|---|---|---|---|
| | All Sales | Net of Arbitration Clauses | All Sales | Net of Arbitration Clauses |
| Dec-01 | 0.0% | 0.0% | 0.0% | 0.0% |
| 2002 | 21.1% | 20.6% | 5.4% | 5.1% |
| 2003 | 49.8% | 50.1% | 40.6% | 40.7% |
| 2004 | 43.6% | 43.5% | 31.9% | 32.0% |
| 2005 | 22.1% | 22.3% | 12.8% | 13.2% |
| To Jun-2006 | 6.2% | 6.2% | 0.2% | 0.2% |
| **Total** | **33.2%** | **32.8%** | **22.9%** | **22.5%** |

Privileged and Confidential                    Bates White, LLC                    May 22, 2013